## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CITIZENS FOR RESPONSIBILITY AND**
**ETHICS IN WASHINGTON**,
1331 F Street, NW, Suite 900
Washington, D.C. 20004,

        Plaintiff,

        v.

**U.S. CENTERS FOR DISEASE**
**CONTROL AND PREVENTION**,
1600 Clifton Rd.,
Atlanta, GA 30329,

**SUSAN MONAREZ**, in her official capacity
as Acting Director of the U.S. Centers for
Disease Control and Prevention,
1600 Clifton Rd.,
Atlanta, GA 30329,

**U.S. DEPARTMENT OF HEALTH AND**
**HUMAN SERVICES**,
200 Independence Avenue, SW
Washington, D.C. 20201,

**ROBERT F. KENNEDY JR.,** in his official
capacity as Secretary of the U.S. Department
of Health and Human Services,
200 Independence Avenue, SW
Washington, D.C. 20201,

        Defendants.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      On April 1, 2025, the entire Freedom of Information Act ("FOIA") office of the

U.S. Centers for Disease Control and Prevention ("CDC") was abruptly eliminated. All CDC

FOIA staff were cut, and the agency's FOIA work came to a grinding halt. Plaintiff Citizens for

Responsibility and Ethics in Washington ("CREW") immediately submitted five FOIA requests

to CDC seeking, on an expedited basis, records regarding the agency's staff reductions and other matters of significant public interest. In response, CREW received messages confirming that CDC's FOIA staff had been placed on administrative leave and could not respond to CREW's requests. As a result of the closure of CDC's FOIA office, the pending and future FOIA requests of CREW and all other requesters will go unanswered absent judicial intervention.

2.     Defendants' actions are unlawful. As a judge in this District recently explained, "FOIA's demand for expedition—and, indeed, more generally, FOIA's requirement that agencies release all non-exempt, responsive records—would be rendered meaningless if an agency could avoid these statutory obligations through the simple expedient of dismissing its FOIA staff." *Ctr. to Advance Sec. in Am. v. U.S. Agency for Int'l Dev.*, No. 24-cv-03505-RDM, 2025 WL 763735, at *2 (D.D.C. Mar. 11, 2025) (expressing skepticism "that an agency can avoid its obligations under FOIA—including the obligation to process a request in an efficient and prompt manner—by simply implementing a reduction-in-force that 'either [] terminate[s] or place[s] on administrative leave'" its FOIA staff). Yet that is precisely what Defendants have sought to do by abruptly closing CDC's FOIA office.

3.     Transparency from our nation's public health agencies is especially critical now, given ongoing outbreaks across the country of measles and other highly contagious diseases, as well as serious questions about the administration's preparedness to handle public health crises. Defendants' closure of CDC's FOIA office threatens to leave the American public in the dark on those vital questions of national importance.

4.     Accordingly, CREW brings this action for declaratory and injunctive relief under FOIA, 5 U.S.C. § 552, *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, to compel expedited processing of CREW's FOIA requests, to enjoin Defendants' policy or

practice of FOIA non-compliance, and to hold unlawful and set aside Defendants' closure of

CDC's FOIA office as contrary to law and arbitrary and capricious agency action.

## JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 because this action arises under FOIA, 5 U.S.C. § 552, *et seq.*, and the APA, 5 U.S.C.

§ 701, *et seq.* This Court may grant declaratory relief, injunctive relief, and other appropriate

relief pursuant to 28 U.S.C. §§ 2201-02 and 5 U.S.C. §§ 705-06.

6.    Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

CREW is located in Washington, D.C., at least one of the Defendants also resides in Washington

D.C., and a substantial part of the events or omissions giving rise to the claim occurred in

Washington, D.C.

## PARTIES

7.    Plaintiff CREW is a non-partisan, non-profit government watchdog organization

committed to protecting the rights of citizens to be informed about the activities of government

officials and agencies and to ensuring ethics, transparency, and integrity in government. To

advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of

its research, CREW routinely uses government records made available to it under FOIA, the

Federal Advisory Committee Act, and other federal laws, and widely disseminates those records

to the public. CREW has previously submitted several FOIA requests to CDC on a range of

issues, has five pending requests with the agency on pressing matters of national importance, and

will submit more requests in the future.

8.      Defendant CDC is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5

U.S.C. § 701(b)(1). CDC has possession, custody, and control of records responsive to CREW's

FOIA requests and is responsible for fulfilling Plaintiff's FOIA requests.

9.      Defendant Susan Monarez is the Acting Director of CDC and is sued in her

official capacity only.

10.      Defendant U.S. Department of Health and Human Services ("HHS") is an agency

within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 701(b)(1).

11.      Defendant Robert F. Kennedy Jr. is the Secretary of HHS and is sued in his

official capacity only.

## LEGAL FRAMEWORK

### *The Freedom of Information Act*

12.      FOIA, 5 U.S.C. § 552, requires federal agencies to release requested records to

the public unless one or more specific statutory exemptions apply.

13.      An agency must respond to a party making a FOIA request within 20 working

days, notifying that party of at least the agency's determination of which requested records it will

release, which it will withhold and why, and the requester's right to appeal the determination to

the agency head. *Id.* § 552(a)(6)(A)(i).

14.      An agency must respond to a party filing an appeal within 20 working days,

notifying that party of the provisions for judicial review of that determination. *Id.*

§ 552(a)(6)(A)(ii).

15.      An agency's failure to make a determination on a FOIA request or appeal within

20 working days is subject to judicial review without exhausting administrative remedies. *Id.*

§ 552(a)(6)(C)(i). In "unusual circumstances," an agency may extend the time to respond to a

request by no more than 10 working days, provided that the agency gives the requester written notice setting forth the unusual circumstances and the date on which the agency expects to make a determination. *Id.* § 552(a)(6)(B)(i)-(iii).

16.    FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as in "other cases determined by the agency." *Id.* § 552(a)(6)(E)(i)(I)-(II). FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v)(II).

17.    HHS regulations require expedited treatment in cases where the agency determines, among other things, that "[t]here is an urgent need to inform the public about an actual or alleged Federal Government activity." 45 C.F.R. § 5.27(b)(2).[1]

18.    Agencies are required to make a determination on a request for expedited processing within 10 calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I); *see also* 45 C.F.R. § 5.27(c). Once expedited processing is granted, agencies must process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); *see also* 45 C.F.R. § 5.27(c).

19.    Judicial review of the denial of an expedited processing request does not require exhaustion of administrative remedies. 5 U.S.C. § 552(a)(6)(E)(iii); *CREW v. DOJ*, 436 F. Supp. 3d 354, 358-59 (D.D.C. 2020).

20.    FOIA requires agencies to "establish a system to assign an individualized tracking number for each request received that will take longer than ten days to process and provide to each person making a request the tracking number assigned to the request." 5 U.S.C.

---

[1] "CDC is bound to the same regulation[s] as HHS." *Wright v. HHS*, No. CV 22-1378 (RC), 2022 WL 18024624, at *3 n.4 (D.D.C. Dec. 30, 2022) (discussing 5 C.F.R. Part 45).

§ 552(a)(7)(A). HHS regulations require Defendants to "acknowledge all FOIA requests in writing within 10 working days after receipt by the appropriate office," including informing the requester of the "request tracking number." 45 C.F.R. § 5.24(a).

21.     FOIA further requires agencies "establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number." 5 U.S.C. § 552(a)(7)(B).

22.     HHS regulations provide that HHS "FOIA operations are decentralized, and each FOIA Requester Service Center has a designated official" known as a "Freedom of Information Act (FOIA) Officer" who has various authorities, including "the authority to release or withhold records; to assess, waive, or reduce fees in response to FOIA requests; and to determine whether to grant expedited processing[, . . .] to task agency organizational components to search for records in response to a FOIA request, and to provide records located in their offices." 45 C.F.R. § 5.3. "[O]nly FOIA Officers have the authority to release or withhold records or to waive fees in response to a FOIA request." *Id.*

23.     The regulations create "several FOIA Requester Service Centers (FOIA offices) that process FOIA requests" and direct requesters to send FOIA requests "to the appropriate FOIA Requester Service Center that you believe would have the records you seek." *Id.* § 5.23. The regulations provide a website with an "up-to-date listing" of the agency's FOIA Requester Service Center, maintained at http://www.hhs.gov/foia/contacts/index.html. *Id.* As of filing, the listing included the CDC FOIA Office's contact information.

24.     The regulations also provide for "Operating Division and Staff Division Freedom of Information Act (FOIA) Officers" who "serve as the principal resource and authority for

FOIA operations and implementation within their respective Operating Divisions or Staff Divisions," including CDC. *Id.*

25.     If a FOIA request is denied, agency regulations direct requesters to "send your appeal to the review official at the address provided in your denial letter. If you are unsure who is the appropriate review official, please contact the FOIA Requester Service Center that processed your request to obtain that information." *Id.* § 5.62(b)(1).

26.     A plaintiff "may challenge an agency's 'policy or practice' where it 'will impair the party's lawful access to information in the future.'" *CREW v. DOJ*, 846 F.3d 1235, 1242 (D.C. Cir. 2017) (emphasis omitted). "[F]ailures to adhere to FOIA's pre-litigation requirements, including response deadlines and records management provisions needed to enable 'prompt' determinations," can constitute the bases of a policy and practice claim. *Judicial Watch, Inc. v. DHS*, 895 F.3d 770, 779 (D.C. Cir. 2018); *see id.* at 780-82.

27.     A plaintiff may seek equitable relief to "direct[ ] a habitually noncompliant agency to comply" with the requirements of FOIA. *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 227 (D.D.C. 2011). The D.C. Circuit "d[oes] not require egregious agency action to state a policy or practice claim," as long as a plaintiff can demonstrate "some *other* failure to abide by the terms of the FOIA" beyond a mere "refusal to supply information." *Judicial Watch*, 895 F.3d at 781-82 (quotation marks omitted and emphasis added).

***The Administrative Procedure Act***

28.     The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

29.     The term "agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

30.     A court reviewing a claim under 5 U.S.C. § 702 "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. The reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside agency action, findings, and conclusions found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* §§ 706(1), (2)(A). "[T]he 'law' that generates a mandatory duty need not be a statute—it can also be an 'agency regulation[ ] that ha[s] the force of law[.]'" *Ctr. for Biological Diversity v. Zinke*, 260 F. Supp. 3d 11, 21 (D.D.C. 2017) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)).

## FACTUAL ALLEGATIONS

31.     On February 11, 2025, President-elect Donald Trump issued an executive order entitled *Implementing the President's "Department of Government Efficiency" Workforce Optimization Initiative* ("RIF Order") requiring that agency heads "promptly" prepare to "initiate large-scale reductions in force (RIFs)."[2]

32.     On February 18, 2025, HHS Secretary Robert F. Kennedy Jr., indicated that FOIA would no longer be needed within HHS, stating in a speech, "We will make our data and our policy process so transparent that people won't even have to file a FOIA request."[3]

---

[2] Exec. Order No. 14210, 90 Fed. Reg. 9669 (Feb. 11, 2025).
[3] Berkeley Lovelace Jr., et al., *Widespread job cuts begin at health agencies*, NBC News (Apr. 1, 2025), https://www.nbcnews.com/health/health-news/widespread-job-cuts-begin-health-agencies-rcna198859.

33.    On March 27, 2025, HHS announced that, in accordance with the DOGE RIF

Order, it planned to downsize its workforce by 20,000 employees, from 82,000 to 62,000

full-time employees.[4]

34.    On April 1, 2025, the Trump Administration carried out mass firings throughout

HHS, beginning the process of cutting around 10,000 jobs within the agency.[5]

35.    Also on April 1, 2025, the CDC closed its entire FOIA office (alternatively

referred to in HHS regulations as its "FOIA Requester Service Center") as part of the

Administration's mass firings at HHS.[6]

36.    On April 2, 2025, an HHS official confirmed the closure of CDC's FOIA office

and that any plan for CDC and HHS to comply with FOIA has not been "finalized."[7]

37.    Meanwhile, 2025 has reportedly been the CDC FOIA office's "second busiest

year since Covid."[8]

38.    In addition, the United States currently faces an "ongoing measles outbreak."[9]

Between January 1 and March 20, 2025, "17 States have reported a total of 378 cases of measles,

---

[4] Press Release, HHS, *HHS Announces Transformation to Make America Healthy Again* (Mar. 27, 2025), https://www.hhs.gov/about/news/hhs-restructuring-doge.html.

[5] Lovelace Jr., et al., *supra* note 3.

[6] Alexander Tin, *RFK Jr. purges CDC and FDA's public records teams, despite "transparency" promises*, CBS News (Apr. 1, 2025), https://www.cbsnews.com/news/rfk-jr-purges-cdc-fda-records-transparency-teams/; Rachel Cohrs Zhang, *RFK Jr. Pushes Out Top Officials in Health Agency Overhaul*, Bloomberg News (Apr. 1, 2025), https://www.bloomberg.com/news/articles/2025-04-01/us-health-agency-mass-firings-begin-as-kennedy-orders-10-000-cut?embedded-checkout=true.

[7] Zachary Stieber, *Entire CDC FOIA Office Fired as Health Agency Moves to Centralize Structure*, Epoch Times (updated Apr. 4, 2025), https://www.theepochtimes.com/health/entire-cdc-foia-office-fired-as-health-agency-moves-to-centralize-structure-5835502?utm_source=twitter&utm_medium=Social&utm_campaign=ettwitter&welcomeuser=1.

[8] Zhang, *supra* note 6.

[9] *Measles - United States of America*, World Health Organization (Mar. 27, 2025) https://www.who.int/emergencies/disease-outbreak-news/item/2025-DON561.

including two deaths - the first deaths related to measles in the United States in a decade."[10] As of last week, there have been at least 483 confirmed cases.[11]

39.    CDC has reportedly suppressed information about a measles forecast and the need for vaccination.[12] As the measles outbreak has spread, the CDC reportedly directed staff not to release a report from its Center for Forecasting and Outbreak Analytics that found the risk of catching measles is high in areas with low vaccination rates.[13]

40.    A CDC spokesperson reportedly explained that the CDC did not release the assessment "because it does not say anything that the public doesn't already know,"[14] while a CDC staff member reportedly said the cancellation was "not normal at all," and that they have "never seen a rollout plan that was canceled . . . that far along in the process."[15]

41.    Former CDC Director of Communications, Kevin Griffis, expressed concern that "[e]liminating FOIA personnel imperils FOIA as an accountability tool, encouraging mischief or worse," especially at a time in which the CDC has drastically cut its communications staff and as the agency has not held a press briefing on several ongoing infectious disease outbreaks—measles, Ebola, or avian flu—since January 20, 2025.[16]

---

[10] *Id.*; *see also* Tom Bartlett, *His Daughter Was America's First Measles Death in a Decade*, The Atlantic (Mar. 11, 2025), https://www.theatlantic.com/health/archive/2025/03/texas-measles-outbreak-death-family/681985/.

[11] Patricia Callahan, *The CDC Buried a Measles Forecast That Stressed the Need for Vaccinations*, ProPublica (Mar. 31, 2025), https://www.propublica.org/article/measles-vaccine-rfk-cdc-report.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] Kevin Griffis, *Decimation of HHS comms, FOIA offices will leave Americans in the dark about urgent health matters*, Stat News (Apr. 2, 2025), https://www.statnews.com/2025/04/02/hhs-cuts-cdc-communications-foia-offices-gutted/.

**CREW's April 1, 2025 Expedited FOIA Requests to CDC**

42.   On April 1, 2025, CREW submitted five expedited FOIA requests to CDC.

43.   The first expedited request sought:

   a.  "All records from January 20, 2025 to the date this request is processed that mention, reference, or relate to the CDC's decision not to release an assessment by the Center for Forecasting and Outbreak Analytics that addressed the risk of catching measles in relation to the vaccination rates of nearby areas."

   Ex. A.

44.   The second expedited request sought:

   a.  "All communications sent or received by CDC Public Liaison Bruno Viana, CDC/ATSDR FOIA Officer Roger Andoh, or any other employees in the CDC/ATSDR FOIA Office that mention, reference, or relate to the decision to place the CDC FOIA office on administrative leave on April 1, 2025.

   b.  All communications sent or received by any CDC employee outside the CDC/ATSDR FOIA Office that mention, reference, or relate to the decision to place the CDC FOIA office on administrative leave on April 1, 2025.

   c.  All memoranda, directives, or other final records relating to the decision to place the CDC FOIA office on administrative leave on April 1, 2025."

   Ex. B.

45.   The third expedited request sought:

   a.  "All communications that mention, reference, or relate to the deliberation of or decision to place the CDC FOIA office on administrative leave on April 1, 2025, received by CDC staff and sent by any individual with an email address associated with DOGE, U.S. DOGE Service, or the Office of Personnel Management ("OPM").

   b.  All memoranda, directives, and other final records relating to the deliberation of or decision to place the CDC FOIA office on administrative leave on April 1, 2025 received by CDC staff and sent by any individual with an email address associated with DOGE, U.S. DOGE Service, or the Office of Personnel Management ("OPM")."

   Ex. C.

46.    The fourth expedited request sought, from January 20, 2025 to the date the

request is processed:

> a. "All guidance, communications, memoranda, directives, or policies describing CDC's plans to respond to, process, and otherwise manage open FOIA requests and future FOIA requests.
> b. All guidance, communications, memoranda, directives, or policies describing CDC's plans to otherwise comply with its statutory responsibilities under FOIA."

Ex. D.

47.    The fifth expedited request sought, from January 20, 2025 to the date the request

is processed:

> a. "All guidance, communications, memoranda, directives, policies, or other final directives relating to CDC's plan to take down its FOIA portal website at https://foia.cdc.gov/.
> b. All guidance, communications, memoranda, directives, policies, or other final directives relating to CDC's plan to provide an automated email response to requesters' FOIA emails."

Ex. E.

48.    CREW submitted each expedited request via email to FOIARequests@cdc.gov as

directed by CDC's website, which states: "A FOIA request must be e-mailed to CDC at:

FOIARequests@cdc.gov."[17]

49.    CREW's expedited requests each sought a fee waiver. Exs. A-E.

50.    CREW's requests for expedited processing cite the "urgency to inform the public

concerning actual or alleged Federal Government activity," arguing in part:

> a. "Given that America has seen its first measles death in a decade, and the reporting that the CDC has suppressed information about measles forecast and the need for vaccination, this is a critical time for the CDC to be transparent about its operations, and for the public to be assured that the CDC will continue to operate in the best interest of American public health;" and

---

[17] *Freedom of Information Act (FOIA)*, https://www.cdc.gov/foia/about/index.html (last visited Apr. 4, 2025).

      b.   "If the CDC did decide to shut down its FOIA office, the public needs to know why and what could be done to remedy that unlawful action to maintain the CDC's transparency amidst the ongoing public health crisis."

*See, e.g.*, Exs. A, B (citations omitted).

51.     In response to the submission of its expedited FOIA requests, CREW received automated emails from FOIARequests@cdc.gov stating "Hello, the FOIA office has been placed on admin leave and is unable to respond to any emails." Exs. F, G.

52.     Other individuals reportedly received the same automated message.[18]

53.     On April 2, CREW further received an email from FOIARequests@cdc.gov stating "I cannot tell if our automated reply is functional, so I am responding while I am still able to access CDC systems. The entire CDC FOIA Office has been placed on administrative leave prior to a mandated June 2 separation date." Ex. H.

54.     On April 2 and April 3, CREW contacted HHS headquarters' FOIA office via email addresses HHS.ACFO@hhs.gov and FOIARequest@hhs.gov seeking clarification on whether HHS is processing CREW's expedited FOIA requests. Ex. I. As of this filing, CREW has not received a response to any of these emails.

### CREW'S CLAIMS FOR RELIEF

### COUNT I
### Violation of FOIA – Wrongful Denial of Expedited Processing Request
### (5 U.S.C. § 552)

55.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

56.     In its April 1, 2025 FOIA requests, Plaintiff properly asked for records within the possession, custody, and control of Defendants.

---

[18] *See, e.g.*, Alex Morey (@1AMorey), X (Apr. 1, 2025, 3:31 PM), https://x.com/1AMorey/status/1907153963436081449.

57.    Plaintiff further requested expedited processing of its FOIA requests. Plaintiff properly sought expedition from Defendants because of the urgency to inform the public about an actual or alleged federal government activity and because Plaintiff is primarily engaged in disseminating information.

58.    Defendants wrongfully denied Plaintiff's requests for expedited processing and improperly failed to process Plaintiff's requests on an expedited basis.

59.    By denying CREW's requests for expedition and failing to timely release all requested records in full to Plaintiff, Defendants are in violation of FOIA.

**COUNT II**
**Violation of FOIA – Policy or Practice of Violating FOIA**
**(5 U.S.C. § 552)**

60.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

61.    A plaintiff "may challenge an agency's 'policy or practice'" of violating FOIA "where it 'will impair the party's lawful access to information in the future.'" *CREW*, 846 F.3d at 1242.

62.    By closing or placing on administrative leave CDC's FOIA office, Defendants have adopted and are engaged in a policy or practice of violating FOIA in the following respects:

   a.   failing to make available for public inspection all up-to-date CDC reading room records required under 5 U.S.C. § 552(a)(2);

   b.   failing to "make reasonable efforts to search for" CDC records as required under 5 U.S.C. § 552(a)(3);

   c.   failing to make a determination on FOIA requests to the CDC within the time periods required under 5 U.S.C. § 552(a)(6);

14

    d.   failing to "establish a system to assign an individualized tracking number for each request received" and "a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number," for requests to CDC as required under 5 U.S.C. § 552(a)(7);

    e.   failing to prepare and make available all up-to-date reference material or "a guide for requesting records" from the CDC as required under 5 U.S.C. § 552(g); and

    f.   failing to "designate a Chief FOIA Officer who shall be a senior official of such agency," as required under 5 U.S.C. § 552(j)(1).

63.    Defendants' unlawful and intentional actions have resulted and will continue to result in the untimely access to documents to which CREW and the public are entitled.

64.    Defendants' unlawful and intentional actions have harmed and will continue to harm CREW by requiring it to incur the costs and delay associated with litigating its entitlement to the documents.

**COUNT III**
**Violation of the APA – Agency Action Not in Accordance with Law**
**(5 U.S.C. § 706)**

65.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

66.    Under the APA, a court shall "hold unlawful and set aside agency action" that is "not in accordance with law," 5 U.S.C. § 706(2)(A), or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," *id.* § 706(2)(C).

67.    By closing or placing on administrative leave CDC's FOIA office, Defendants have acted contrary to law in the following respects:

15

a.  failing to make available for public inspection all up-to-date CDC reading room records required under 5 U.S.C. § 552(a)(2);

b.  failing to "make reasonable efforts to search for" CDC records as required under 5 U.S.C. § 552(a)(3);

c.  failing to make a determination on FOIA requests to the CDC within the time periods required under 5 U.S.C. § 552(a)(6);

d.  failing to "establish a system to assign an individualized tracking number for each request received" and "a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number," for requests to CDC as required under 5 U.S.C. § 552(a)(7);

e.  failing to prepare and make available all up-to-date reference material or "a guide for requesting records" from the CDC as required under 5 U.S.C. § 552(g);

f.  failing to "designate a Chief FOIA Officer who shall be a senior official of such agency," as required under 5 U.S.C. § 552(j)(1);

g.  removing CDC's Operating Division FOIA Officer in contravention of HHS regulations, 45 C.F.R. § 5.3, which expressly provides for officers who "serve as the principal resource and authority for FOIA operations and implementation within their respective Operating Divisions or Staff Divisions," including CDC; and

h.  removing one of its "FOIA Requester Service Centers (FOIA offices) that process FOIA requests" in contravention of HHS regulations, 45 C.F.R. §

5.23, which directs FOIA submissions "to the appropriate FOIA Requester

Service Center that you believe would have the records you seek." As of

filing, the "up-to-date listing" of "appropriate FOIA Requester Service

Center[s]" referenced in 45 C.F.R. § 5.23 still lists the CDC FOIA Office's

contact information.[19]

68.     Defendants' decision to close or place on administrative leave CDC's FOIA office

was final agency action.

69.     As a result of Defendants' actions, Plaintiff has suffered and continues to suffer

injury.

70.     To the extent that the Court finds that FOIA does not authorize relief for any of

the foregoing legal violations, Plaintiff appropriately seeks such relief under the APA.

**COUNT IV**
**Violation of the APA – Arbitrary and Capricious Agency Action**
**(5 U.S.C. § 706)**

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

72.     Under the APA, a court shall "hold unlawful and set aside agency action" that is

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.

§ 706(2)(A).

73.     Defendants' decision to close or place on administrative leave CDC's FOIA office

was arbitrary and capricious for at least the following reasons:

a.   Defendants failed to articulate a reasoned explanation for its action;

b.   Defendants failed to consider the effects of abruptly closing or placing on

administrative leave CDC's entire FOIA office;

---

[19] *FOIA Contacts & Requester Service Centers and Privacy Act Contacts*, U.S. Department of
Health and Human Services, https://www.hhs.gov/foia/contacts/index.html (last visited Apr. 4,
2025).

> c. Defendants failed to consider the reliance interests of FOIA requesters that depend on the continued operation of CDC's FOIA office required by law, especially during a time of public health crisis;
>
> d. Defendants failed to consider reasonable alternatives, such as a more gradual change to the structure of CDC's FOIA office.

74. Defendants' decision to close or place on administrative leave CDC's FOIA office was final agency action.

75. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer injury.

76. To the extent that the Court finds that FOIA does not authorize relief for any of the foregoing legal violations, Plaintiff appropriately seeks such relief under the APA.

## REQUESTED RELIEF

WHEREFORE, CREW respectfully requests that this Court:

(1) Declare that CREW is entitled to expedited processing and disclosure of the non-exempt records it has requested under FOIA;

(2) Enter a preliminary injunction directing Defendants to expeditiously and fully process CREW's FOIA requests and disclose all non-exempt documents to CREW;

(3) Declare that by closing or placing on administrative leave CDC's FOIA office, Defendants have adopted and are engaged in policies or practices in violation of FOIA;

(4) Declare that by closing or placing on administrative leave CDC's FOIA office, Defendants took final agency action not in accordance with law, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(5)    Declare that by closing or placing on administrative leave CDC's FOIA office,

Defendant took final agency action that is arbitrary and capricious;

(6)    Preliminarily and permanently enjoin Defendants from continuing to engage in

the foregoing unlawful actions in violation of FOIA, including enforcing any directive that

renders CDC's FOIA office non-operational;

(7)    Direct Defendants to promptly comply with the requirements of FOIA, including

by assigning sufficient personnel and resources to timely process CREW's FOIA requests;

(8)    Provide for expeditious proceedings in this action;

(9)    Retain jurisdiction of this action to ensure no agency records are wrongfully

withheld and ensure compliance with this Court's orders;

(10)    Award CREW its costs and reasonable attorneys' fees in this action; and

(11)    Grant such other relief as the Court may deem just and proper.


Date: April 4, 2025                                Respectfully Submitted,

                                                   */s/ Kayvan Farchadi*

                                                   Kayvan Farchadi (D.C. Bar No. 1672753)
                                                   Yoseph T. Desta* (D.C. Bar No. 90002042)
                                                   Alex Goldstein (D.C. Bar No. 90005086)
                                                   Chun Hin Tsoi (D.C. Bar No. 90017713)
                                                   Kalyn Mizelle McDaniel** (D.C. Bar No.
                                                   90027120)
                                                   Nikhel S. Sus (D.C. Bar No. 1017937)
                                                   CITIZENS FOR RESPONSIBILITY AND
                                                   ETHICS IN WASHINGTON
                                                   P.O. Box 14596
                                                   Washington, D.C. 20044
                                                   Telephone: (202) 408-5565
                                                   Fax: (202) 588-5020
                                                   kfarchadi@citizensforethics.org
                                                   ydesta@citizensforethics.org
                                                   agoldstein@citizensforethics.org
                                                   jtsoi@citizensforethics.org

kmizellemcdaniel@citizensforethics.org
nsus@citizensforethics.org

*Counsel for Plaintiff*

*Pro hac vice* application forthcoming
**Admission Pending