IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION, et al.,<br><br>Defendants. | Civil Action No. 25-01020 (TJK) |

**DECLARATION OF KEVIN GRIFFIS**

I, Kevin Griffis, declare as follows:

1. I served as the Director of the Centers for Disease Control and Prevention's ("CDC") Office of Communications from June 2022 until March 2025. The statements made in this declaration are based on my personal knowledge.

2. As the Director of CDC's Office of Communications, I was the principal public affairs leader and communication liaison for CDC. I was the primary official responsible for the delivery and communication of CDC's health information to the public, and coordinated agency-wide communication efforts with external partners and within CDC.

3. From 2014 to 2017, I served as the Assistant Secretary for Public Affairs and Chief FOIA Officer of the U.S. Department of Health and Human Services ("HHS"). The HHS FOIA enterprise consists of 12 FOIA Offices, including the CDC's FOIA Office. Each HHS FOIA Office separately receives, processes, and responds to FOIA requests directed to those offices.

4. OS's FOIA Office processes initial FOIA requests for records in the custody of the Office of the Secretary and FOIA appeals on behalf of most HHS components, including CDC. OS's FOIA processing systems are separate from, and do not interact with, CDC's FOIA

systems.

5. When I left my post in March 2025, OS's FOIA office had a significant backlog of FOIA requests.

6. Before leaving my post, I observed that the public communications from CDC had slowed significantly over the past several months. Since January 20, 2025, for example, CDC has not held a press briefing on numerous infectious disease outbreaks, including measles, Ebola, and avian flu. The agency had communicated sparingly via social media, and the volume of posts to its website had also decreased significantly.

7. When I left my post in March 2025, CDC's FOIA office consisted of approximately 23 staff members.

8. FOIA requests received by CDC covered a broad array of topics relating to public health and safety. Many FOIA requests sought records relating to the CDC's findings concerning outbreaks of infectious diseases, viruses, vaccine safety, foodborne illnesses associated with consumer goods, and exposure to toxic substances.

9. In 2025, the CDC received a high volume of media requests concerning the administration's reduction in force plans for CDC, CDC communications with the Department of Government Efficiency, and information on current infectious disease outbreaks, including the measles outbreak.

10. Since the beginning of February, I observed a heightened public interest in measles outbreaks across the country related to the outbreak centered in Texas. It spurred dozens of media inquiries – both about on-the-ground facts specific to the outbreak (case numbers, case characteristics, etc.) and about CDC and HHS operations related to the outbreak.

11. During my tenures at CDC and HHS, CDC's FOIA Office regularly coordinated and engaged with other offices across HHS and with HHS leadership regarding FOIA requests,

2

appeals, and litigation. In my experience, the CDC's FOIA office was highly compliant with HHS-mandated communications and clearance procedures concerning FOIA requests, including by sending OS FOIA weekly reports.

12. When I left my post in March 2025, CDC's FOIA Office staff's litigation responsibilities included processing records, determining material to release or withhold pursuant to FOIA exemptions, preparing declarations, and assisting Department of Justice attorneys with court filings.

13. In my experience, having well-trained FOIA staff is essential for CDC and HHS to comply with FOIA's statutory mandates. Personnel at each HHS FOIA Office have specialized training, expertise, and institutional knowledge about their specific component's records systems and how to properly and timely direct requests to appropriate custodians of records. They also understand the equities that other HHS components and other federal agencies may have in requested information and are trained in the processes for clearing potentially sensitive information for release to the public.

14. Given the highly technical and scientific work conducted by HHS and CDC, FOIA personnel's specialized training and experience is especially critical to promptly identify what offices and officials are likely to have records responsive to particular FOIA requests.

15. I understand that on April 1, 2025, more than 2,000 CDC employees received a Reduction in Force (RIF) notice via email stating they were immediately placed on administrative leave pending their separation from HHS effective June 2, 2025.

16. I understand that a large number of these employees had job responsibilities that involved communicating information to the public, including media relations, digital communications, social media and FOIA staff. I further understand that all employees in CDC's FOIA Office received the RIF notice and that the office is no longer operational.

17. Prior to leaving my position at CDC in March 2025, I was not made aware of any plans to transition CDC's FOIA functions to any other HHS component.

18. To the best of my knowledge, CDC personnel did not receive advance notice of any plan to close CDC's FOIA Office.

19. Based on my experience, I anticipate that the sudden closure of CDC's FOIA Office will drastically increase the processing times of current and future FOIA requests for CDC records. This is due to insufficient resources, staffing, training, and institutional knowledge among remaining HHS personnel, as well as the substantial backlog of FOIA requests across HHS components, including OS.

20. If the functions of CDC's FOIA Office are transitioned to OS's FOIA Office or any other HHS component, the agency would need to swiftly develop and implement new information technology systems, processes, and protocols to ensure that FOIA requests for CDC records are processed promptly and in compliance with FOIA and HHS regulations. I expect any such transition would be highly resource intensive and will likely result in CDC and HHS failing to meet their statutorily-mandated FOIA obligations.

21. The elimination of CDC's FOIA office will significantly reduce agency accountability by shielding the nation's top health officials from public scrutiny, particularly during the early months of a new administration where new officials are taking over these roles.

22. CDC's and HHS's reduced capacity to meet their statutory obligations under FOIA will expose the agency to increased risks of litigation, adverse judgments, and attorneys' fees awards, which will expend agency, court, and taxpayer resources.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 15, 2024

Kevin Griffis

5