IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION**, *et al.*, <br><br> Defendants. | Civil Action No. 25-01020 (TJK) |

**DECLARATION OF PERSON DOE**

I, Person Doe, declare as follows:

1. I am an employee of the Centers for Disease Control and Prevention ("CDC"). The statements made in this declaration are based on my personal knowledge

2. I submit this declaration in response to the Court's May 13, 2025 interest in updated factual information concerning Freedom of Information Act ("FOIA") compliance at CDC and the Department of Health and Human Services ("HHS").

3. I am submitting this declaration pseudonymously because I fear retaliation. If the Court requires my name or job position, I would be willing to provide it ex parte and under seal.

4. During my tenure at CDC, I have been required to search for records in response to CDC FOIA requests, including requests that were subsequently appealed to the Office of the Secretary FOIA office ("OS FOIA"). I have witnessed interactions between the OS FOIA and CDC FOIA offices concerning CDC FOIA appeals and am familiar with the OS FOIA process for handling these appeals before the April 1 reductions-in-force that eliminated the CDC FOIA office.

5. I have observed that OS FOIA, despite being the final adjudicator for CDC FOIA

1

appeals, does not perform its appellate function based on its own understanding of CDC's specific scientific and technical functions, structure and components, or record-keeping systems.

6. Instead, I have observed that OS FOIA relied on the CDC FOIA office for this expertise, and that OS FOIA handled appeals by delegating them to the CDC FOIA office and asking the office to analyze and reconsider its initial decisions and provide memoranda supporting the result of its reconsiderations to OS FOIA. Such memoranda included information needed to adjudicate the appeal, including names and contact information for likely custodians of relevant records. These memoranda were informed by CDC's component-level and subject matter expertise.

7. On information and belief, OS FOIA relied on such memoranda from the CDC FOIA office to perform its appellate function.

8. Moreover, OS FOIA's appellate function simply involved review of the CDC FOIA office's reports and the administrative record of the office's handling of the FOIA request, *i.e.*, the work the CDC FOIA office had independently done to process the request. OS FOIA appellate decisions often involved recapping in detail this prior work carried out by the CDC FOIA office, before concluding with a short decision affirming or reversing the CDC FOIA office decision or closing the appeal. A true and correct copy of a recent OS FOIA appeal decision is attached as Exhibit A.

9. To the best of my knowledge, without input from CDC's FOIA office, OS FOIA staff does not have sufficient expertise or information to adjudicate CDC FOIA appeals.

10. To the best of my knowledge, there are currently no FOIA officers within HHS tasked with or trained on responding to FOIA requests to CDC.

11. To the best of my knowledge, when OS FOIA or other HHS components received FOIA requests that sought CDC-related records, those components routed those requests to the CDC FOIA office. That is because the CDC FOIA office was best positioned in terms of

2

subject-matter expertise and technical access to locate CDC-specific records on disease outbreaks and other important CDC-related public health issues.

12. Further, on information and belief, FOIA requests are currently not being routed to offices within CDC to collect responsive records.

13. For example, historically a large volume of FOIA requests submitted to CDC sought records in the custody of CDC's Division of Healthcare Quality Promotion (DHQP) within the National Center for Emerging and Zoonotic Infectious Diseases. Until April 1, CDC's FOIA office routed these requests to DHQP to collect responsive records.

14. On information and belief, since April 1, no FOIA requests have been routed to DHQP to collect responsive records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2025     */s/ Person Doe*
                              Person Doe

# Exhibit A



| | | |
|---|---|---|
| **DEPARTMENT OF HEALTH & HUMAN SERVICES** | | Office of the Secretary |
| | | Assistant Secretary for Public Affairs |
| | | Washington, D.C. 20201 |

September 30, 2024

      Appeal No.:      2023-00190-A-PHS
      Original Case No:      CDC #23-00600-FOIA

Aaron Siri, Esq.
Informed Consent Action Network
c/o Siri & Glimstad LLP
200 Park Ave
17th Floor
New York, NY 10166
Via email: foia@sirillp.com

Dear Mr. Siri,

This responds to your June 8, 2023, Freedom of Information Act (FOIA) appeal from the above captioned FOIA response. On January 25, 2023, you submitted a FOIA request on behalf of the Informed Consent Action Network (ICAN) to the Centers for Disease Control and Prevention and the Agency for Toxic Substances and Disease Registry (CDC/ATSDR) seeking the following records:

> All records, including but not limited to PowerPoint presentations, slides, video or audio recordings, or emails, concerning the presentation given by Elisabeth Wilhelm at the Trusted Media Summit on October 1, 2020, and/or October 2, 2020.

On January 26, 2023, the CDC/ATSDR FOIA Office requested additional information in order to process the request. After communications from Mr. Colin Farnsworth on March 15, 2023, and March 16, 2023, the request was effectively updated to include a search of the following custodians within the prescribed updated time frame:

> Elisabeth Wilhelm, Sarah Mbaeyi, Anna Acosta, Janine Cory, Richard Quartarone, Cynthia Jorgensen, Kathleen LaPorte, Aryn Backus, Brooke Aspinwall, Lauren Ann Witbart, Diane J. Brodalski, Jay Dempsey, Carol Y. Crawford, Allison Michelle Fisher, Rosemary Bretthauer-Mueller, and Katherina Grusich.

> Between May 1, 2020, to March 1, 2021.

On June 8, 2023, the CDC/ATSDR FOIA Office issued a final response letter, stating that the search for records responsive to the request failed to reveal any documents pertaining to the request.

On June 8, 2023, you filed an administrative appeal regarding the agency's adequacy of the search, stating in relevant part:

Siri 2023-00190-A-PHS

"Wilhelm is listed as a Keynote speaker on the agenda for the APAC Trusted Media Summit 2020. The Agency's name is listed directly after Ms. Wilhelm's name on the agenda, indicating that Ms. Wilhelm's presentation was given in her official capacity as an employee of the Agency. It is likely any presentation given by an Agency employee acting in her official capacity would first need to be approved by the Agency. Therefore, at minimum, the Agency would possess a copy of the presentation and the email correspondence regarding Ms. Wilhelm's request for the subsequent approval of the presentation.

Furthermore, the agenda for the Summit contains a Vimeo link to a video recording of Ms. Wilhelm's presentation. Despite recordings being publicly available for the other presentations at the Summit, the video of Ms. Wilhelm's presentation is listed as private on Vimeo. The presence of this recording confirms that a video of her presentation does in fact exist and that Ms. Wilhelm has access to same. Therefore, it is unclear why this recording was not provided in response to the FOIA Request."

## DISCUSSION

### *Adequacy of the Search*

When a requester challenges the adequacy of an agency's search for records responsive to a FOIA request, the agency must show that it has conducted a search "reasonably calculated to uncover all relevant documents."[1] The standard of reasonableness that is applied "to agency search procedures does not require absolute exhaustion of the files;"[2] instead, an agency only needs to show that it made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."[3] An agency's inability to locate every single responsive record, however, does not undermine an otherwise reasonable search.[4] This is because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."[5] Finally, the Freedom of Information Act "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created or retained.[6]

---

[1] *See Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).
[2] *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1384-85 (8th Cir. 1985); *see also Physicians for Human Rights v. United States DOD*, 778 F. Supp. 2d 28, 32 (D.D.C. 2011).
[3] *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).
[4] *See e.g.*, *Meerpol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986); *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).
[5] *Jennings v. U.S. Dep't of Justice*, 230 Fed. Appx. 1, 1 (D.C. Cir. 2007) (quoting *Iturralde*, 315 F.3d at 315); *Delorme v. Exec. Office for United States Attys.*, No. 12-0535, 2012 LEXIS 163961, at *3-4 (D.D.C. Nov. 16, 2012).
[6] *See Schoenman v. FBI*, No. 04-2202, 2009 WL 763065, at *17-18 (D.D.C. Mar. 19, 2009) (rejecting plaintiff's request for search slips, created by agency after date-of-search cut-off date, holding that FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created or retained" (quoting *Schoenman v. FBI*, 573 F. Supp. 2d 119, 140 (D.D.C. 2008)).

Upon receipt, the CDC/ATSDR FOIA Office sent the request for documents to the program office most likely to retain the records, which was the Center for Global Health (CGH)[7]. The CGH informed the CDC/ATSDR FOIA Office that a search was conducted by the Global Immunization Division (GID), which is where Elizabeth Wilhelm worked at the time of the presentation. The files and shared drives were searched, but the program office was unable to locate responsive records. Given that at the time of the request Ms. Wilhelm was no longer with the agency, her records had been disposed of in accordance with the CDC's Digital Service Office policy. The policy states that an employee's email inbox is only available for 90 days after the account has expired. Once the 90 days have passed the data is no longer accessible, therefore no records can be recovered.

The CDC/ATSDR FOIA Office also requested the CDC's information technology (IT) team to run an enterprise search of all Outlook inboxes of the listed custodians but were also unable to locate responsive records because the email inbox becomes inaccessible after 90 days of expiration.

**DECISION**

I have reviewed the administrative record and concluded that the CDC/ATSDR FOIA Office made a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested. Therefore, I am denying your appeal challenging the adequacy of the CDC/ATSDR FOIA Office's search for records responsive to your request.

**CONCLUSION**

This letter constitutes the final decision of the Department in this matter. If you wish, you may seek judicial review in the district court of the United States in the district in which you reside, have your principal place of business, in which the agency records are located, or in the District of Columbia.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS via email at ogis@nara.gov.

Sincerely,

William H. Holzerland -S
Digitally signed by William H. Holzerland -S
Date: 2024.09.30 17:34:16 -04'00'

William H. Holzerland
Deputy Agency Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs (ASPA)
Department of Health and Human Services (HHS)

---

[7] Renamed the Global Health Center (GHC).

Copy to:
CDC/ATSDR FOIA Officer

Siri 2023-00190-A-PHS                                                                                          Page 4