UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 25-1020 (TJK) |

### DEFENDANTS' MOTION TO STAY, OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT AND MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure ("Rule") 6, U.S. Centers For Disease Control and Prevention ("CDC"), Susan Monarez, in her official capacity as Acting Director of the CDC, U.S. Department of Health And Human Services ("HHS"), and Robert F. Kennedy, Jr. in his official capacity as Secretary of HHS ("Defendants"), by and through undersigned counsel, respectfully move to stay proceedings in this case, including their obligation to respond to Plaintiff's First Amended Complaint and Plaintiff's motion for summary judgment and to file a cross-motion for summary judgment until further order from this Court. As elaborated in the attached Memorandum of Points and Authorities, a stay is appropriate here as Defendants are currently processing Plaintiff's five Freedom of Information Act ("FOIA") requests at issue in this case. Defendants intend to make a first interim response by September 15, 2025.

To apprise the Court on the progress of this case during the requested stay, Defendants propose the Court permit the parties to file a joint status report informing the Court of the status of Defendants' processing of Plaintiff's FOIA requests within two (2) weeks of the Court's order

and further joint status reports every ninety (90) days after until Defendants complete processing Plaintiff's FOIA requests.

In the interests of judicial economy and to avoid piecemeal litigation, Defendants respectfully propose to comprehensively brief summary judgment on all issues at the end of processing and productions of Plaintiff's five FOIA requests, including those issues raised in Plaintiff's pending motion for summary judgment as well as those that may (and often do) arise during FOIA litigation—including the adequacy of a search and the propriety of Defendants' redactions and withholdings under applicable FOIA exemptions.

In the alternative, Defendants respectfully seek to modify the briefing schedule by moving all deadlines by thirty-one days. The immediately affected deadline is August 15, 2025, when Defendants' response to Plaintiff's Amended Complaint and motion for summary judgment are due.

In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum of law and the Third Declaration of William H. Holzerland (attached as Exhibit 1).

Pursuant to Local Civil Rule 7(m), the undersigned conferred with counsel for Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW"), and Plaintiff opposes this relief.[1]

---

[1] Although the Court has not issued its usual Standing Order in this case, the undersigned recognize the Court's Standing Order requires motions for extension of time are to be filed at least four business days prior to expiration of a deadline. Filing this Motion two days before the scheduled deadline, the undersigned apologize for not complying with the Court's usual Standing Order. The undersigned understands that there are good reasons for this rule and will endeavor in the future to ensure timely compliance. By filing this motion within the four-day time limit, the undersigned does not suggest that he lacks appreciation for the important role that such a deadline plays in this Court's management of the cases over which it presides. Undersigned counsel nevertheless apologizes to the Court for the inconvenience caused by the filing of this motion today. Indeed, Defendants needed time to prepare the Third Holzerland Declaration to support this Motion, which took more time than anticipated. This declaration does provide the Court and Plaintiff the most up-to-date information on Defendants' processing of Plaintiff's at-issue FOIA

A proposed order is submitted herewith.

| | |
|---|---|
| Dated: August 13, 2025 | Respectfully submitted, |
| | JEANNINE FERRIS PIRRO<br>United States Attorney |
| | By: _/s/ Mason D. Bracken_<br>MASON D. BRACKEN<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2485<br>mason.bracken@usdoj.gov |
| | *Attorneys for the United States of America* |

---

requests. After obtaining the necessary and the most updated information, Defendants promptly conferred with Plaintiff's counsel today and filed this Motion.

iii

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>        Defendants. | Civil Action No. 25-1020 (TJK) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO STAY, OR, IN THE ALTERNATIVE,
FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED
COMPLAINT AND MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

I.    Introduction ............................................................................................................. 2

II.   Background ............................................................................................................ 3

      A.    Procedural History ...................................................................................... 3

      B.    Progress in the Processing of CREW's FOIA Requests ............................. 5

      C.    Progress in Implementing Reforms for Handling FOIA at HHS ................ 7

III.  Argument ................................................................................................................ 9

      A.    A Stay of Defendants' Obligation to Respond to the Complaint and Brief
            Summary Judgment Is Appropriate. ............................................................ 9

      B.    Responding to, Processing, and Moving to a Release Schedule
            Demonstrates Lack of Support for Count I's Alleged FOIA Failures and
            Count II's FOIA Policy & Practice Claim. ................................................ 10

      C.    Count III Fails to State an APA Claim and, As Such, Does Not Prevent
            Granting the Stay that Defendants Seek. ................................................... 11

IV.   Conclusion ............................................................................................................ 14

I.      **Introduction**

Plaintiff CREW is trying to turn its ordinary dissatisfaction with FOIA responses into Court-ordered restructuring and judicial supervision of a Cabinet-level agency. In ordinary FOIA litigation, a plaintiff sues when dissatisfied with the agency's response. A plaintiff may claim lack of agency response, inadequacy of any search, the failure to grant expedited processing, the failure to provide records, and the agency's improper withholdings and redactions. After the lawsuit begins, the case usually proceeds into a posture where the agency would process the FOIA request and the parties provide joint status reports to the court. Those joint status reports provide updates on the agency's search, its processing and production of documents, and the like. Only after the completion of processing and production, if the plaintiff still has issues with the FOIA requests' handling, do the parties proceed to summary judgment, comprehensively briefing all issues in the case—those that may (and often do) arise during FOIA litigation—including the adequacy of the search, propriety of claimed exemptions, redactions, and withholdings, and related issues.

Dissatisfied here with responses to its five FOIA requests, CREW sued Defendants in a three-count Complaint. *See generally* Am. Compl. Count I alleges Defendants have failed to conduct an adequate search in response to its five FOIA requests and release responsive, non-exempt records, particularly records pertaining to the measles-related FOIA request. *Id.* at ¶¶ 74–81. CREW has dressed up these ordinary FOIA claims with bells and whistles. The bells are Count II—the FOIA policy and practice claim. *Id.* at ¶¶ 82–87. The whistles are Count III—an Administrative Procedure Act ("APA") claim alleging the same. *Id.* at ¶¶ 88–94. CREW cannot use Counts II and III to "jump the line," so to speak, in front of other, prior FOIA requesters.

None of CREW's claims are appropriate for summary judgment at this time. Count I is premature for summary judgment. Defendants are processing the five FOIA requests, detailed below. *See* Third Holzerland Decl. at ¶¶ 18–46. Summary judgment litigation only makes sense

after Defendants have completed processing and producing non-exempt records. At that time, CREW can then challenge Defendants' searches, withholdings, and redactions. Given Defendants are processing the at-issue FOIA requests, the bells of Count II's policy and practice claim lose their chime. The whistles in Count III do not justify briefing summary judgment now either because an APA claim is legally untenable; if there is an alternative remedy (*i.e.*, remedy under the FOIA), then that alternative remedy forecloses the APA claim as a matter of law. *See Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 846 F.3d 1235, 1245–46 (D.C. Cir. 2017).

For these reasons, and as stated more fully herein, the Court should exercise its discretion and stay proceedings in this case, except for the periodic joint status report to apprise the Court on the progress of this case. Alternatively, good cause exists for the Court to modify the briefing schedule and extend all remaining deadlines by thirty-one days.[2]

## II. Background

### A. Procedural History

CREW submitted five (5) FOIA requests to CDC on April 1, 2025. Am. Compl. at ¶ 43. The first sought records relating to CDC's decision not to release a measles vaccination assessment. *Id.* at ¶ 44. The other four sought records relating to the transfer of the functions of the CDC's FOIA office to HHS and the involvement of the Department of Government Efficiency ("DOGE") in that decision. *Id.* at ¶¶ 45–48. Each sought expedited processing. *Id.* at ¶ 44. CREW sued three (3) days later, filing its Complaint on April 4, 2025. *See* ECF No. 1. CREW then moved for a preliminary injunction and partial summary judgment. *See* ECF No. 13. The Court

---

[2] Defendants' citations to page numbers are to those automatically generated by this Court's electronic CM/ECF filing system.

held the summary judgment motion in abeyance and scheduled briefing on the motion for preliminary injunction. *See* Memorandum Opinion ("Mem. Op.") at 5 (ECF No. 29). During briefing, HHS' FOIA Office of the Secretary granted expedited processing on the measles-focused request and denied expedited processing on the remaining four requests. *Id.* at 5-6.

The Court denied Plaintiff's motion for preliminary injunction on June 4, 2025, holding that Plaintiff's failed to make the necessary factual showing. ECF Nos. 28–29 (Order and Mem. Op.). The Court found CREW failed to establish irreparable harm to entitle it to emergency injunctive relief. Mem. Op. at 20.

Then, the parties submitted a joint motion for a scheduling order. ECF No. 30. The Court issued a scheduling order, setting a time for Plaintiff to file an amended complaint, for Rule 12 and/or Rule 56 motions, and associated briefing (Min. Order June 17, 2025), modifying it by extending time to the now-operative deadlines. Min. Order July 2, 2025. Plaintiff filed its operative First Amended Complaint on June 25, 2025 (ECF No. 31), and its motion for summary judgment on July 17, 2025. ECF No. 33.

Upcoming, Defendants opposition and incorporated cross-motion to dismiss—or, alternatively, for summary judgment—are due by August 15, 2025, with Plaintiff to file its opposition and incorporated reply by September 11, 2025, and Defendants to file their reply by September 24, 2025. Min. Order July 2, 2025.

Presently, HHS is processing these five FOIA requests, as detailed further below and Mr. Holzerland's Third Declaration. Given that development, Defendants seek to stay of summary judgment briefing (including the response deadline) and instead to submit periodic joint status reports to the Court every ninety days on their progress in processing Plaintiff's FOIA requests.

Alternatively, Defendants seek to modify the briefing scheduling by extending the remaining deadlines by thirty-one days.

**B.     Progress in the Processing of CREW's FOIA Requests**

Processing these at-issue FOIA requests proceeds at HHS, as evidence submitted with this Motion shows. *See* Third Holzerland Decl. Mr. Holzerland's declaration is, like "[a]gency affidavits[,] . . . accorded a presumption of good faith[.]" *Cabezas v. Fed. Bureau of Investigation*, 109 F.4th 596, 602 (D.C. Cir. 2024) (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). HHS is "actively engaged in the processing of Plaintiff's five (5) FOIA requests at issue in this matter." *Id.* at ¶ 50. "HHS has initiated searches on all five (5) requests, identified potentially responsive records, and has continued to assess and address various issues that have arisen during the course of processing." *Id.* Responses to the requests are forthcoming. As to one of the five requests, HHS' "OS-FOIA plans to process all responsive records received to date and issue a response to Plaintiff on or before September 15, 2025, via its first interim release." *Id.* at ¶ 32. As to the other four requests, HHS' "OS-FOIA plans to update Plaintiff on or before September 30, 2025 as to the status of the search for responsive records and anticipated processing rate, to the extent responsive records are located." *Id.* at ¶¶ 27, 41, 46.

More specific information on each of the requests is as follows:

1.     Request A—Measles

OS-FOIA acknowledged receipt of Request A—Measles, assigned it a reference number, and granted expedited processing on May 1, 2025. *Id.* at ¶¶ 23-24. This request is currently at "70th in a queue of 70" for expedited processing. *Id.* at ¶ 24. OS-FOIA has searched for responsive records, a search which began on July 28, 2025. *Id.* at ¶ 26. Eleven (11) potentially responsive emails have been located. *Id.* While OS-FOIA's review of the records for processing has not yet

- 5 -

begun, "OS-FOIA plans to update Plaintiff on or before September 30, 2025 about its review of the records and will issue a response letter after processing the records." *Id.* at ¶ 27.

### 2. Request B—Administrative Leave

OS-FOIA acknowledged receipt of Request B—AdminLeave, assigned it a reference number, and denied expedited processing as unjustified under HHS regulations on May 1, 2025. *Id.* at ¶¶ 29-30. OS-FOIA began searching for responsive records no later than July 28, 2025, identifying "approximately one thousand eight hundred (1,800) pages of potentially responsive records, approximately one thousand seven hundred (1,700) of which comprise substantively identical informational packets issued to each employee who received a RIF notice." *Id.* at ¶ 31. OS-FOIA has identified additional custodians as a part of its search, and its search for potentially responsive documents is ongoing. *Id.* As the search remains ongoing, there is not yet an "estimate of the potential volume of additional responsive records[.]" *Id.* at ¶ 32. OS-FOIA's review of these records will begin "immediately." *Id.* "OS-FOIA plans to process all responsive records received to date and issue a response to Plaintiff on or before September 15, 2025, via its first interim release." *Id.*

### 3. Request C—DOGE/OPM

OS-FOIA acknowledged receipt of Request C—DOGE/OPM, assigned it a reference number, and denied expedited processing as unjustified under HHS regulations on May 1, 2025. *Id.* at ¶¶ at 34-35. While OS-FOIA began searching for responsive records on July 28, 2025, OS-FOIA was not able to locate or identify any potentially responsive records. *Id.* at ¶ 36.

### 4. Request D—FOIA Plans

OS-FOIA acknowledged receipt of Request D—FOIA Plans, assigned it a reference number, and denied expedited processing as unjustified under HHS regulations on May 1, 2025. *Id.* at ¶¶ at 38-39. While OS-FOIA began searching for responsive records on July 28, 2025, no

potentially responsive records have been found to date. *Id.* at ¶ 40. However, "in conjunction with CDC Information Technology staff," OS-FOIA has "identified additional search terms and potential record custodians and continues its search." *Id.* at ¶ 40. "OS-FOIA plans to update Plaintiff on or before September 30, 2025 as to the status of the search for responsive records and anticipated processing rate, to the extent responsive records are located." *Id.* at ¶ 41.

### 5. Request E—Portal/Emails

OS-FOIA acknowledged receipt of Request E—Portal/Emails, assigned it a reference number, and denied expedited processing as unjustified under HHS regulations on May 1, 2025. *Id.* at ¶¶ at 43-44. OS-FOIA started searching for responsive records on July 28, 2025. *Id.* at ¶ 45. While no responsive records have been found yet, "OS-FOIA continues its search and in collaboration with CDC staff, has identified additional search terms and potential record custodians." *Id.* The search as to Request E remains ongoing. "OS-FOIA plans to update Plaintiff on or before September 30, 2025 as to the status of the search for responsive records and anticipated processing rate, to the extent responsive records are located." *Id.* at ¶ 46.

In sum, the record shows that HHS is making significant progress on Plaintiff's FOIA requests.

### C. Progress in Implementing Reforms for Handling FOIA at HHS

HHS has made significant progress in implementing its reforms for handling FOIA at HHS. On April 1, 2025, the agency began reorganizing its FOIA operations pursuant to at least three things: "Executive Order 14210 aimed at workforce optimization"; "broader departmental goals and modernization efforts, including Secretary Kennedy's 'Make America Healthy Again' initiative,"; and "in compliance with 45 C.F.R. §5.3 which expressly provides that 'in certain circumstances and at [its] discretion' the FOIA Office of the Office of the Secretary ('OS-FOIA') may process FOIA requests involving other HHS divisions." Third Holzerland Decl. at ¶ 8. While

HHs' FOIA administration was historically decentralized, HHS on April 1, 2025, began "a reorganization into a more centralized system." *Id.* at ¶¶ 7-8. These reorganizations—in response to an executive order and consistent with the Secretary's reform initiatives and HHS' regulations— "allowed HHS to respond effectively to shifting resource demands, evolving workloads, and situations such as staff reductions, reorganizations, or for other strategic reasons to optimize public release of records." *Id.* at ¶ 8. One of these reforms involved consolidating the CDC FOIA Office's former responsibilities into OS-FOIA's responsibilities. *Id.*

HHS continues to implement its reforms to processing FOIA requests directed to the CDC. "[B]y May 6, 2025, OS-FOIA—working with CDC Information Technology staff—resolved outstanding" issues accessing computer systems "previously noted in [Mr. Holzerland's] May 1 filing. *See* ECF 25-1. OS-FOIA now has access to the former CDC-FOIA database, tracking system, and e-mail addresses, and is actively integrating the former CDC-FOIA workload into its own operations. OS-FOIA continues to process both pending and new FOIA requests in accordance with FOIA and HHS regulations, including required tracking protocols and the general requirement of first-in, first-out." *Id.* at ¶ 9. With the CDC's FOIA operation now consolidated and centralized, "OS-FOIA processes requests in the order they are received within each processing track (e.g., simple, complex, expedited) and makes every effort to move them forward as efficiently as possible under the circumstances." *Id.* at ¶ 10.

There is no requirement that government be ossified and unchanging. Responding to Plaintiff's five (5) at-issue FOIA requests is a part of HHS' reforms to transition into a more modern, centralized FOIA system. Searches, responses, processing, and interim productions for Plaintiff's requests are in progress as noted above and proof of Defendants' progress.

- 8 -

### III. <u>Argument</u>

#### A. A Stay of Defendants' Obligation to Respond to the Complaint and Brief Summary Judgment Is Appropriate.

The stay sought in this Motion would further judicial economy and the Court's administration of this matter. Staying a deadline, changing deadlines, and setting briefing schedules are all well-within a court's discretion. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The Court must proceed and consider the circumstances in this case, "weigh[ing] competing interests and maintain[ing] an even balance." *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for [the Court], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

The stay sought here would promote the efficient and orderly disposition of this litigation. The Defendants are prepared to provide periodic status reports as ordered by this Court apprising the Court and the plaintiff of the Defendants' progress on the five (5) at-issue FOIA requests. Plaintiff can hardly point to any harm in the stay sought in this Motion. Fully briefing summary judgment now would be premature. Indeed, as to Count I pertaining to the underlying FOIA requests, CREW's motion for summary judgment explains that, as to the sought relief, it "is not at this point claiming that it is entitled to the ultimate production of any responsive, non-exempt

records. Rather, CREW is claiming that it is entitled to judicial supervision over Defendants' dilatory efforts to handle its requests. CREW respectfully requests that the Court order Defendants to provide concrete plans and deadlines for issuing determinations, carrying out searches, and reviewing and producing documents according to appropriate processing and production rates . . . ." CREW MSJ at 52 (ECF No. 35-1).

Without a court order, HHS has done just that for Plaintiff. As detailed, HHS is making progress on Plaintiffs' FOIA requests and has further plans to process them. *See* Third Holzerland Decl. at ¶¶ 18–46. The attached declaration provides update for Plaintiff, and the Declaration explains that more updates are forthcoming on September 15, with the first interim release of records, and the update on the four other requests on September 30. On top of this progress, the Court's denial of Plaintiff's motion for preliminary injunction indicates that Plaintiffs have not established the necessary irreparable harm for urgent judicial intervention in their FOIA claims. Mem. Op. at 20.

Staying summary judgment briefing here serves the interests of justice in this case by encouraging early and constructive discussions among the parties. It also preserves the parties' limited resources by allowing government counsel and the relevant agencies to focus on gathering the necessary information regarding the status of Plaintiff's five FOIA requests and processing the potentially responsive records. The Defendants are committed to conferring in a good faith effort with Plaintiff to resolve their differences without burdening the Court. The stay sought herein would also avoid any needless filings, reducing the burden on this Court.

> **B.    Responding to, Processing, and Moving to a Release Schedule Demonstrates Lack of Support for Count I's Alleged FOIA Failures and Count II's FOIA Policy & Practice Claim.**

A stay on briefing here provides a test for the two claims under FOIA: the alleged FOIA violations in Count I and the FOIA policy and practice claim in Count II. Now that HHS has made

its policy changes, it needs time to put those into practice. Implementing its policies on FOIA for during the stay period will allow the agency time to develop a record. This, in turn, will provide material for the parties to gather and ultimately submit to the Court for consideration on Plaintiff's policy and practice claim. The dust has hardly settled here.

Right now, the evidence on the policy and practice claim is underdeveloped. Plaintiff rushed into Court only three days after filing its FOIA requests to suggest Defendants harbor a policy and practice of not complying with the FOIA obligations. If CREW's ultimate claim is that FOIA requests previously directed to CDC or new requests directed at CDC are summarily ignored by Defendants, then, frankly, there has not been enough time to assess whether the reorganization in fact caused a policy and practice that stymied responses to FOIA requests.

Indeed, as of now, there are plenty of reasons to believe the policy changes are and will provide FOIA compliance. Defendants are responding to Plaintiff's five (5) at-issue FOIA requests. Mr. Holzerland explains in this declaration, as he has previously in this litigation, how HHS is transitioning into a more modern, centralized FOIA system. *See, e.g.*, Third Holzerland Decl. at ¶¶ 9–10.

### C. Count III Fails to State an APA Claim and, As Such, Does Not Prevent Granting the Stay that Defendants Seek.

A stay is also appropriate here because CREW's APA claim in Count III is legally deficient. Count III overlaps with Count II's FOIA policy and practice claim, as Plaintiff concede that their alleged violations of HHS' regulations "supports CREW's policy-or-practice claim as well." Pl. MSJ at 48 n.28. Because the FOIA provides an adequate remedy for the APA claim, the APA claim is barred. Without a viable APA claim that would not survive a Rule 12(b)(6) motion, nothing about Count III supports requiring briefing now on summary judgment instead of after processing Plaintiffs' at-issue FOIA requests.

As CREW well knows, the D.C. Circuit rejected one of CREW's appeals and held "FOIA offers CREW precisely the kind of 'special and adequate review procedure[ ]' that Congress immunized from 'duplic[ative]' APA review." *Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 846 F.3d 1235, 1245–46 (D.C. Cir. 2017) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988)) (alterations in original). The D.C. Circuit held, "despite some mismatch between the relief sought and the relief available, FOIA offers an 'adequate remedy' within the meaning of section 704 such that CREW's APA claim is barred." *CREW*, 846 F.3d at 1246 (quoting 5 U.S.C § 704). *See also Harvey v. Lynch*, 123 F. Supp. 3d 3, 7–8 (D.D.C. 2015) ("[C]ourts in this Circuit have uniformly concluded that they lack jurisdiction over APA claims that seek remedies available under FOIA." (cleaned up)). In short, there is no point in requiring Defendants to brief Count III's APA claim now on summary judgment because it is not legally viable; numerous courts have dismissed FOIA claims in APA clothing as "barred." *See Tereshchuk v. Bureau of Prisons*, Civ. A. No. 14-5278, 2015 WL 4072055, at *1 (D.C. Cir. June 29, 2015) (per curiam); *Ray v. Fed. Bureau of Prisons*, 811 F. Supp. 2d 245, 249 (D.D.C. 2011) (citing *Johnson v. Exec. Off. for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)) ("As a general rule, the FOIA is the exclusive remedy for obtaining improperly withheld agency records.") ("Because the FOIA provides an adequate remedy for agency delay . . . a claim under the APA is not maintainable."); *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 229 (D.D.C. 2011) ("The Court finds that APA relief is foreclosed here because the Court concludes that in this case—where a plaintiff challenges an alleged pattern and practice of violating procedural requirements of FOIA in connection with the processing of the plaintiff's FOIA requests—the Court has the power under FOIA and *Payne* to provide the requested declaratory and injunctive remedies."); *Greenpeace, Inc.*

*v. Dep't of Homeland Sec.*, 311 F. Supp. 3d 110, 126 (D.D.C. 2018) (Kelly, J.) (dismissing APA claim for failure to state a claim because "FOIA offers an 'adequate remedy.'").[3]

      Thus, Count III's APA claim does not require summary judgment briefing now rather than later.

*   *   *

---

[3] Counsel for Defendants have asked Plaintiff's counsel to voluntarily dismiss Count III's APA claim considering its failure to state a claim, but Plaintiff's counsel denied this request.

**IV.     Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court stay summary judgment briefing and Defendants' response to Plaintiff's First Amended Complaint so that Defendants can continue to process the five FOIA requests in this case. To that end, Defendants further request that the Court permit the parties to file a joint status report informing the Court of the status of Plaintiff's FOIA requests at issue in this case within two (2) weeks after the granting of Defendants' stay motion and further joint status reports every ninety (90) days thereafter addressing the status of Plaintiff's FOIA requests. In the alternative, Defendants' respectfully request that the Court modify the briefing schedule by extending all remaining deadlines by thirty-one days.

A proposed order is attached.

Dated: August 13, 2025          Respectfully submitted,

                                JEANNINE FERRIS PIRRO
                                United States Attorney


                                By:  */s/ Mason D. Bracken*
                                    MASON D. BRACKEN
                                    Assistant United States Attorney
                                    601 D Street, NW
                                    Washington, DC 20530
                                    (202) 252-2485
                                    mason.bracken@usdoj.gov

                                *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

      Plaintiff,

  v.

UNITED STATES CENTERS FOR DISEASE
CONTROL AND PREVENTION, *et al.*,

      Defendants.

Civil Action No. 25-1020 (TJK)

## [PROPOSED] ORDER

UPON CONSIDERATION of the Defendants' Motion to Stay, or, in the Alternative, for Extension of Time to Respond to Plaintiff's Amended Complaint and Motion for Summary Judgment, and the entire record herein, it is hereby

ORDERED that the Defendants' Motion to Stay is GRANTED, and it is further

ORDERED that Defendants' obligation to answer or respond to the first amended complaint is hereby held in abeyance until further order of the Court,

ORDERED that Defendants' obligation to respond to Plaintiff's motion for summary judgment is hereby stayed until further order of the Court,

ORDERED that Defendants' obligation to file a motion for summary judgment is hereby stayed until further order of the Court, and

ORDERED that the parties shall file a joint status report informing the Court of the status of Plaintiff's FOIA requests within two (2) weeks after the granting of Defendants' motion and further joint status reports every ninety (90) days thereafter.

[Alternatively]

- 2 -

ORDERED that Defendants' response to Plaintiff's First Amended Complaint is due September 15, 2025; and it is further

ORDERED that Defendants' response to Plaintiff's motion for summary judgment is due September 15, 2025;

ORDERED that Plaintiff's opposition and incorporated reply is due October, 13, 2025, and

ORDERED that Defendants' reply is due October 24, 2025.

SO ORDERED:

_____                                              _____
Date                                                                            TIMOTHY J. KELLY
                                                                                United States District Judge