UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**,<br><br>PLAINTIFF,<br><br>V.<br><br>**U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION,**<br><br>**SUSAN MONAREZ,**<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**.,<br><br>DEFENDANTS. | CIVIL ACTION NO. 25-01020 (TJK) |

# THIRD DECLARATION OF WILLIAM H. HOLZERLAND

I, William H. Holzerland, declare the following to be true and correct:

1. I am the Deputy Agency Chief Freedom of Information Act (FOIA, 5 U.S.C. §522) Officer, Office of the Assistant Secretary for Public Affairs ("ASPA"), Office of the Secretary ("OS"), U.S. Department of Health and Human Services ("HHS" or the "Department"). In this capacity, I am responsible for supervising the handling of all FOIA matters and litigations received by the ASPA FOIA Division ("OS-FOIA"), which is an OS staff division, and for providing enterprise-wide policy direction and guidance on disclosure matters. I have held this position since March 26, 2023.

2. I am a career member of the Senior Executive Service with over two decades of government experience primarily focused on FOIA and privacy. In this role, I oversee

departmental initiatives to ensure efficient and appropriate FOIA compliance, monitor implementation of the FOIA throughout the Department, and keep the Secretary, the Deputy Secretary, the General Counsel, and the Attorney General appropriately informed of the Department's performance in implementing FOIA requirements. I serve as the Department's appellate authority for disclosure appeals and supervise the work of the Department's Privacy Act Officer.

3. I held a senior transparency role with the U.S. Department of the Interior from 2020-2023 and previously, served as Senior Director, Information Management, for the Federal Emergency Management Agency (FEMA) from 2016-2020, and in that role, was the agency's Chief Disclosure Officer, Chief Privacy Officer, and Chief Records Officer.

4. This is my Third Declaration in this case. It incorporates and supplements my First Declaration dated May 1, 2025 (ECF No. 18-1), and my Second Declaration dated May 19, 2025 (ECF No. 25-1). I submit this Declaration in support of Defendants' Motion to Stay and to address the processing of Plaintiff's FOIA Requests.

5. The statements contained in this Third Declaration are based upon my personal knowledge, upon information provided to me in my official capacity, as the Deputy Agency Chief FOIA Officer, and upon conclusions I reached based on that knowledge or information.

6. On April 1, 2025, Plaintiff submitted five (5) FOIA requests to CDC in which it sought expedited processing, for "time-sensitive records relating to CDC's assessment of measles risks, the closure of its FOIA office, DOGE's involvement in that closure, and Defendants' plans (if any) to comply with their statutorily mandated FOIA duties." These requests will be broken down and identified below as follows: "**Request A−Measles**," "**Request B−AdminLeave**," "**Request C−DOGE/OPM**," "**Request D−FOIA Plans**," and "**Request**

E−Portal/Emails."

**GENERAL CONTEXT APPLICABLE TO PROCESSING THE FIVE (5) FOIA REQUESTS**

7. As I explained in my First and Second Declarations, HHS FOIA administration has historically been decentralized and until April 1, 2025, when the Department commenced its ongoing reorganization, consisted of independently run FOIA offices at eleven (11) Operating Divisions ("OpDivs") including at the Centers for Disease Control and Prevention ("CDC-FOIA"), as well as a staff division FOIA unit at the Office of Inspector General (OIG). *See* ECF 18-1, Paragraph 6.

8. As of April 1, 2025, the HHS FOIA administration underwent a reorganization into a more centralized system. As I stated in Paragraphs 13, 14, 15, 17, 25 of my First Declaration, any changes to FOIA operations were part of a broader HHS restructuring under Executive Order 14210 aimed at workforce optimization. *See* ECF 18-1. As I also explained in Paragraph 15 of my First Declaration, the reorganization aligned with broader departmental goals and modernization efforts, including Secretary Kennedy's "Make America Healthy Again" initiative. *See* ECF 18-1. As I further explained, the reorganization was also carried out in compliance with 45 C.F.R. §5.3 which expressly provides that "in certain circumstances and at [its] discretion" the FOIA Office of the Office of the Secretary ("OS-FOIA') may process FOIA requests involving other HHS divisions. *See* ECF 18-1. This allowed HHS to respond effectively to shifting resource demands, evolving workloads, and situations such as staff reductions, reorganizations, or for other strategic reasons to optimize public release of records. Consequently, OS-FOIA started to handle the processing of FOIA requests that had been submitted to the former CDC FOIA Office[1].

---

[1] OS-FOIA also started to assume the functions of the former ACF-FOIA Office, and ACL-

9. In terms of processing Plaintiff's FOIA five (5) requests mentioned in Paragraph 6 above, by May 6, 2025, OS-FOIA− working with CDC information technology staff − resolved outstanding access issues previously noted in my May 1 filing. *See* ECF 25-1. OS-FOIA now has access to the former CDC-FOIA database, tracking system, and e-mail addresses, and is actively integrating the former CDC-FOIA workload into its own operations. OS-FOIA continues to process both pending and new FOIA requests in accordance with FOIA and HHS regulations, including required tracking protocols and the general requirement of first-in, first-out. *Id.* When it comes to processing rates, the FOIA does not require agencies to process requests at a fixed or standardized "rate" such as a certain number of pages per day or per month.

10. The processing times for OS-FOIA requests can vary from request to request because the records that may be processed from case to case can present different complexities relative to applying the law. The time needed depends on factors such as, whether responsive records are located or identified, the need to search in multiple offices or systems, the relative complexity of responsive records (for example whether they contain sensitive information requiring multiple levels of review); whether other agencies must be consulted before release, and the current volume of FOIA requests already in the queue. Due to these variables, OS-FOIA does not have −and cannot realistically maintain− a single uniform processing rate that applies to all requests. Instead, OS-FOIA processes requests in the order they are received within each processing track (e.g., simple, complex, expedited) and makes every effort to move them forward as efficiently as possible under the circumstances.

11. Although I am constrained in my ability to comment on a matter I understand to be under review by a voluminous number of authorities, I can again confirm the technical issues

---

FOIA Office.

inherent in assimilating new work into the existing OS-FOIA portfolio were exacerbated by a well-publicized personnel and cybersecurity incident permitted by the commercial vendor both OS-FOIA and CDC utilized at the time to track, report on, and process FOIA requests.[2] The processing of FOIA requests does not occur in a vacuum, but rather, occurs concurrent with agencies fulfilling other aspects of its mission, including responding to and mitigating alleged malicious acts of third parties.

12. Accordingly, as of the date of this Declaration, the actions described in Paragraphs 18 to 46 below have been taken by OS-FOIA with respect to Plaintiff's five (5) FOIA requests.

13. While integrating new work into the OS-FOIA portfolio, the Department identified significant credibility concerns with the anonymous Doe declarations (ECF 13-16, ECF 26-1) submitted by Plaintiff, which conflict with documented computer system activity.

14. On May 19, 2025, OS-FOIA personnel logged in one or more new FOIA requests seeking CDC records, and learned the CDC-FOIA system was at that time configured to notify ten (10) CDC-FOIA staff members via agency email of the arrival of any new FOIA request. The recipients of the email notifications were on administrative leave as of that date, to my knowledge. However, multiple recipients of the automated notification contacted the Department and CDC to alert the agency of their receipt and viewing of the automated messages.

15. OS-FOIA personnel turned off the feature that alerted CDC-FOIA staff members of business activities via their government email addresses on May 20, 2025.

16. Contrary to Doe's claim that CDC-FOIA staff lost access to CDC FOIA systems

---

[2] https://www.bloomberg.com/news/newsletters/2025-05-21/how-2-hackers-erased-hundreds-of-foia-requests (accessed August 13, 2025)

on April 2, 2025 (ECF 13-16, Paragraph 5), on May 20, 2025, OS-FOIA discovered system access logs that showed that five (5) RIF-affected employees had continued to regularly log into the CDC-FOIA system well up to and including May 19, 2025. In total, while still agency employees, these five (5) individuals took affirmative steps to not only access the CDC-FOIA system 455 times between April 1 and May 19, 2025, but also accessed FOIA cases.

17. One of the former CDC-FOIA users identified for purposes of this declaration as "RIF'ed_2@cdc.gov" was amongst the ten (10) recipients of the automated notifications, and two (2) of those individuals were amongst the five (5) that continued to access individual FOIA cases through the evening of May 19, 2025. One (1) of those two (2) individuals worked on the CDC-FOIA appeal cited by Plaintiff in its supplemental Doe declaration (ECF 26-1, Paragraph 8) and the same individual accessed the CDC-FOIA system 207 times during the period of April 1, 2025 at 9:23:55 a.m. through May 18, 2025 at 11:02:55 p.m. These inconsistences raise serious doubts about the accuracy of the Doe declarations and suggest that non-public information was improperly shared with Plaintiff by individuals who were still agency employees, and on administrative leave.[3]

**PROCESSING OF PLAINTIFF'S FOIA REQUEST A− MEASLES**

18. In the first request, Plaintiff sought the following records:

> All records from January 20, 2025 to the date this request is processed that mention, reference, or relate to the CDC's decision not to release an assessment by the Center for Forecasting and Outbreak Analytics that

---

[3] Given that this Third Declaration is mostly focused on addressing the processing of Plaintiff's FOIA requests, I have not here addressed other issues of credibility raised by the Doe declaration. I am aware, however, that the Doe declaration includes additional assertions which are inaccurate or misleading based on my personal knowledge and role as the Department's appellate authority. Should the Court find it helpful, I remain available to clarify those matters or provide further information through a supplemental declaration. My intention here has been to remain with the bounds of the issues most directly relevant to the FOIA requests at issue in this case.

addressed the risk of catching measles in relation to the vaccination rates of nearby areas.  ("**Request A−Measles**")

19.  As indicated in my prior Declarations, Plaintiff sought expedited processing for **Request A- Measles**, as well as for each of Plaintiff's other four (4) requests submitted on April 1, 2025, on the grounds that there is an "urgency to inform the public concerning actual or alleged Federal Government activity," and CREW "is primarily engaged in disseminating information," 5 U.S.C. § 552(6)(E)(v)(II); *see also* 45 C.F.R. § 5.27(b)(2).

20.  In its filings to the Court, Plaintiff has asserted that CDC immediately denied CREW's five (5) expedited processing requests through a one-line automated message issued via the CDC e-mail system stating that the agency could not respond.

21.  For context, as I indicated in my Second Declaration, I am aware that Plaintiff claims to have received such an automated e-mail from the former CDC-FOIA inbox on April 1, 2025.  *See* ECF 25-1.  To my knowledge, these messages were not authorized by the Department and were not issued through official FOIA channels.  *Id.*  Instead, they were automated replies configured by former CDC-FOIA staff after receiving RIFs notices.  *Id.* [4]

22.  Plaintiff's assertion that five (5) of its expedited processing requests were denied through a one-line automated message from the agency overlooks key facts.  *See* ECF 33-1, Page 40 of 53.  First, as I stated in my Second Declaration, an experienced FOIA requester "primarily engaged in disseminating information" and savvy litigant such as Plaintiff repeatedly professes

---

[4] As a procedural matter, FOIA responses must be issued in accordance with departmental regulations on official letterhead and signed by a "FOIA officer" (or designee). *See* ECF 25-1. Under 45 CFR §5.3, a *"FOIA officer"* is defined as an official with delegated authority to issue determinations assess fees and current expedited processing. *Id.* The automated emails Plaintiff references were not issued by a FOIA officer and were not an official letterhead. *Id.* Even if Plaintiff did view the automated message as a denial, it was required to follow the administrative appeal procedures set forth in 45 CFR §5.61-5.66. To my knowledge, plaintiff did not file such an appeal.

7

to be could not reasonably interpret an automated e-mail as a response or formal denial. *See* ECF 25-1, Paragraph 15.  Second, even if Plaintiff did view the automated message as a denial, it was required to exhaust the administrative appeal procedures set forth in 45 C.F.R. §5.61-5.66, which it failed to do here.  *Id.*  Third, as was explained above in Paragraph 16, some of the CDC-FOIA RIF-affected staff continued to access the CDC FOIA system following the RIFs up until May 19, 2025, and accordingly, on May 20, 2025, OS-FOIA revoked those individuals' access to that system.

23. On May 1, 2025, OS-FOIA acknowledged receipt of **Request A−Measles** and assigned it reference number 25-10001-FOIA-CDC.

24. On May 1, 2025, OS-FOIA granted expedited processing for this request which now stands at 70th in a queue of 70.

25. For context, OS-FOIA processes both pending and new FOIA requests in accordance with FOIA and HHS regulations.  Federal agencies process FOIA requests by placing them into queues based on factors such as complexity, date received, and statutory processing tracks, such as simple, complex, and expedited.  Requests are typically handled in the order they are received within each track, though expedited requests move ahead of others.  Throughout the process, agencies process requests within each queue, review responsive records, to the extent records responsive to a given request may exist, apply the law and redactions, if necessary, and communicate with requesters about status, fees, or needed clarifications.

26. On July 28, 2025, OS-FOIA started the search for records responsive to this request.  As a result of the search, OS-FOIA located eleven (11) emails as potentially responsive records.

27. OS-FOIA has not started the review of the records, but OS-FOIA plans to update

Plaintiff on or before September 30, 2025 about its review of the records and will issue a response letter after processing the records.

### PROCESSING OF PLAINTIFF'S FOIA REQUEST B− ADMINLEAVE

28. In the second request, Plaintiff sought the following records:

  a. All communications sent or received by CDC Public Liaison Bruno Viana, CDC/ATSDR FOIA Officer Roger Andoh, or any other employees in the CDC/ATSDR FOIA Office that mention, reference, or relate to the decision to place the CDC FOIA office on administrative leave on April 1, 2025.
  b. All communications sent or received by any CDC employee outside the CDC/ATSDR FOIA Office that mention, reference, or relate to the decision to place the CDC FOIA office on administrative leave on April 1, 2025.
  c. All memoranda, directives, or other final records relating to the decision to place the CDC FOIA office on administrative leave on April 1, 2025. ("**Request B−AdminLeave**")

29. On May 1, 2025, OS-FOIA acknowledged receipt of **Request B−AdminLeave** and assigned it reference number 25-10002-FOIA-CDC.

30. On May 1, 2025, OS-FOIA denied expedited processing on the grounds that Plaintiff did not carry its burden to justify its request when measured against the criteria outlined in HHS implementing regulations.

31. On July 28, 2025, OS-FOIA started the search for responsive records in conjunction with CDC staff. As a result of the search, OS-FOIA located approximately one thousand eight hundred (1,800) pages of potentially responsive records, approximately one thousand seven hundred (1,700) of which comprise substantively identical informational packets issued to each employee who received a RIF notice. OS-FOIA continues its search because additional custodians at Departmental offices may have responsive records.

32. OS-FOIA will start the review of the records immediately. OS-FOIA plans to process all responsive records received to date and issue a response to Plaintiff on or before

September 15, 2025, via its first interim release. There is no estimate of the potential volume of additional responsive records at this time, as the search for responsive records is ongoing.

### PROCESSING OF PLAINTIFF'S FOIA REQUEST C−DOGE/OPM

33. In the third request, Plaintiff sought the following records:

    a. All communications that mention, reference, or relate to the deliberation of or decision to place the CDC FOIA office on administrative leave on April 1, 2025, received by CDC staff and sent by any individual with an email address associated with DOGE, U.S. DOGE Service, or the Office of Personnel Management ('OPM').
    b. All memoranda, directives, and other final records relating to the deliberation of or decision to place the CDC FOIA office on administrative leave on April 1, 2025 received by CDC staff and sent by any individual with an email address associated with DOGE, U.S. DOGE Service, or the Office of Personnel Management ("OPM"). ("**Request C−DOGE/OPM**")

34. On May 1, 2025, OS-FOIA acknowledged receipt of **Request C−DOGE/OPM** and assigned it reference number 25-10003-FOIA-CDC.

35. On May 1, 2025, OS-FOIA denied expedited processing on the grounds that Plaintiff did not carry its burden to justify its request when measured against the criteria outlined in HHS implementing regulations.

36. On July 28, 2025, OS-FOIA started the search for responsive records in conjunction with CDC staff. As a result of the search, OS-FOIA was not able to locate or identify any potentially responsive records.

### PROCESSING OF REQUEST D−FOIA PLANS

37. In the fourth request, Plaintiff sought the following records:

    a. All guidance, communications, memoranda, directives, or policies describing CDC's plans to respond to, process, and otherwise manage open FOIA requests and future FOIA requests.
    b. All guidance, communications, memoranda, directives, or policies describing CDC's plans to otherwise comply with its statutory responsibilities under FOIA. ("**Request D−FOIA Plans**")

38. On May 1, 2025, OS-FOIA acknowledged receipt of **Request D−FOIA Plans** and assigned it reference number 25-10004-FOIA-CDC.

39. On May 1, 2025, OS-FOIA denied expedited processing on the grounds that Plaintiff did not carry its burden to justify its request when measured against the criteria outlined in HHS implementing regulations.

40. On July 28, 2025, OS-FOIA started the search for responsive records in conjunction with CDC staff. As a result of the search, OS-FOIA has not located any potentially responsive records to date, but in conjunction with CDC Information Technology staff, identified additional search terms and potential record custodians and continues its search.

41. OS-FOIA plans to update Plaintiff on or before September 30, 2025 as to the status of the search for responsive records and anticipated processing rate, to the extent responsive records are located.

### PROCESSING OF REQUEST E−Portal/Emails

42. In the fifth request, Plaintiff sought the following records:

   a. All guidance, communications, memoranda, directives, policies, or other final directives relating to CDC's plan to take down its FOIA portal website at https://foia.cdc.gov/.
   b. All guidance, communications, memoranda, directives, policies, or other final directives relating to CDC's plan to provide an automated email response to requesters' FOIA emails. ("**Request E−Portal/Emails**")

43. On May 1, 2025, OS-FOIA acknowledged receipt of **Request E−Portals/Emails** and assigned it reference number 25-10005-FOIA-CDC

44. On May 1, 2025, OS-FOIA denied expedited processing on the grounds that Plaintiff did not carry its burden to justify its request when measured against the criteria outlined in HHS implementing regulations.

45. On July 28, 2025, OS-FOIA started the search for responsive records. As a result of the search, OS-FOIA has not located or identified any potentially responsive records to date, but OS-FOIA continues its search and in collaboration with CDC staff, has identified additional search terms and potential record custodians.

46. OS-FOIA plans to update Plaintiff on or before September 30, 2025 as to the status of the search for responsive records and anticipated processing rate, to the extent responsive records are located.

### PLAINTIFF'S OTHER PENDING AND FUTURE FOIA REQUESTS

47. In its filings, Plaintiff asserts that it has multiple other FOIA requests pending with HHS concerning HHS records related to Amy Gleason and compliance with the Privacy Act. *See* ECF 33-11, Page 21 of 22. While the OS-FOIA team has confirmed such requests are currently pending, the existence of other pending FOIA requests is not material to the issues raised in this litigation.

48. Plaintiff also states that it has submitted seven (7) additional requests for CDC records between May 21 and June 25, 2025, and that, to date, it has not received any correspondence from the Department beyond the automated confirmation email issued upon submission. *See* ECF 33-11, Page 21 of 22. While Plaintiff's assertion appears to be irrelevant to the above litigation, the Department generally processes requests on a first-in, first-out basis. Accordingly, Plaintiff's additional seven (7) requests will be processed in the queue to ensure they are handled equitably. in the same manner as requests from all other requesters. OS-FOIA has sent acknowledgement letters, or tracking numbers, or both, for all requests submitted by Plaintiff from May 21 to June 25, 2025.

49. Plaintiff further mentions that it intends to submit additional requests in the near

future. *See* ECF 33-1, Page 24 of 53. The Department cannot process or respond to FOIA requests that have not been received. If and when future requests are submitted, as is the case for any FOIA submitter, these requests will be processed in accordance with FOIA and applicable HHS regulations. Until that time, there can be no agency action related to Plaintiff's planned future requests, and to my knowledge, FOIA does not authorize relief based on unfiled requests. Mere intent to file future FOIA requests even if specific in subject matter (which is not the case here) does not amount to an actual filing. Based on my experience, until a FOIA request is actually submitted, under the FOIA, an agency action cannot be assessed.

## CONCLUSION

50. In summary, based on the foregoing, I respectfully aver that HHS has demonstrated that it has been actively engaged in the processing of Plaintiff's five (5) FOIA requests at issue in this matter. HHS has initiated searches on all five (5) requests, identified potentially responsive records, and has continued to assess and address various issues that have arisen during the course of processing. The record reflects that HHS has not ignored Plaintiff's requests but has instead exercised diligence in attending to them and remain committed to completing its obligations under FOIA. HHS has also maintained regular communication with Plaintiff to keep them informed of the status of their FOIA requests.

51. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing to be true and correct, to the best of my knowledge, information and belief.

Executed this 13th day of August 2025.

WILLIAM H. HOLZERLAND