**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION**, *et. al.*,<br><br>Defendants. | Civil Action No. 25-01020 (TJK) |

**SUPPLEMENTAL DECLARATION OF ALEX M. GOLDSTEIN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PARTIAL CROSS-MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

I, ALEX M. GOLDSTEIN, hereby declare as follows:

1. I am Associate Counsel at Citizens for Responsibility and Ethics in Washington ("CREW") and counsel for CREW in the above-captioned action. I previously submitted declarations in this matter on April 21, 2025 (ECF No. 13-3), May 22, 2025 (ECF No. 26-2), and July 17, 2025 (ECF No. 33-2). I make this Supplemental Declaration in support of Plaintiff's Motion for Summary Judgment and Opposition to Partial Cross-Motion for Summary Judgment and Motion to Dismiss, which incorporates and supplements my prior declarations, based on my personal knowledge, consultation with colleagues, and review of CREW's files.

**April 1, 2025 FOIA Requests**

2. On April 1, 2025, CREW submitted five FOIA requests to the U.S. Centers for Disease Control and Prevention ("CDC"). These requests are the subject of this litigation and are described in greater detail in my first declaration (ECF No. 13-3). The requests have the following tracking numbers: 25-10001-FOIA-CDC (concerning measles report), 25-10002-FOIA-CDC

(concerning the decision to place the CDC FOIA office on administrative leave), 25-10003-FOIA-CDC (concerning communications from DOGE and OPM related to the placement of CDC FOIA office on administrative leave), 25-10004-FOIA-CDC (concerning plans to handle CDC FOIA responsibilities), and 25-10005-FOIA-CDC (concerning takedown of CDC FOIA portal). *See* ECF No. 18-2; Fourth Decl. of William H. Holzerland ¶¶ 24, 30, 35, 39, 44, ECF No. 43-3 [hereinafter Fourth Holzerland Decl.].[1]

3. On September 15, 2025, OS FOIA issued a first interim response to FOIA request 25-10002-FOIA-CDC. As OS FOIA explained in the response, it located and produced Reduction in Force ("RIF") emails and attachments, *i.e.*, the email and memorandum notice of the RIF action and accompanying attachments sent to affected CDC employees. A true and correct copy of the OS FOIA first interim response letter is attached as Exhibit A. An excerpt of the underlying documents produced is attached as Exhibit B; as indicated in the response letter, the documents produced are simply HHS RIF emails and attachments send to CDC employees.[2] OS FOIA has represented that it is continuing its search because additional custodians may have responsive records. *See* Fourth Holzerland Decl. ¶ 32.

4. On September 30, 2025, OS FOIA issued a response to FOIA request 25-10001-FOIA-CDC. A true and correct copy of the OS FOIA response letter is attached as Exhibit C. As

[1] Defendants appear to have altered the tracking number formatting in various ways in this case. For example, in their May 1, 2025 acknowledgment letters, Defendants indicated that the tracking number for the measles request is "2025-100001-FOIA-CDC," *see* ECF No. 18-1 at 13, but their September 30, 2025 response letter uses the tracking number "2025-10001-FOIA," *see* Ex. C, and their declarant uses their tracking number "25-10001-FOIA-CDC," *see* Fourth Holzerland Decl. ¶ 24. For ease, CREW uses the tracking number used by Defendants' declarant.

[2] CREW has added Bates numbering to the productions it has received, using the prefixes of the request tracking numbers as the Bates prefixes (*e.g.*, "25-10001" as the Bates prefix for the 25-10001-FOIA-CDC request, "25-10002" as the Bates prefix for the 25-10002-FOIA-CDC request, and so forth).

OS FOIA explained in the response letter, it had reviewed 36 pages and released 34 in full and 2 in part. The response letter does not indicate how many records in total OS FOIA located or if the letter is an interim or final response.

5. On September 30, 2025, OS FOIA issued a response to FOIA request 25-10003-FOIA-CDC. A true and correct copy of the OS FOIA response letter is attached as Exhibit D. As OS FOIA explained in the letter, its search did not locate any responsive records.

6. On September 30, 2025, OS FOIA issued a response to FOIA request 25-10004-FOIA-CDC. A true and correct copy of the OS FOIA response letter is attached as Exhibit E. As OS FOIA explained, it located and reviewed 64 pages and released them with redactions applied to portions of those pages. A true and correct copy of excerpted pages of the documents produced is attached as Exhibit F. Included in the exhibit are the following documents:

- An April 4, 2025 email from William H. Holzerland ("Holzerland") to OS FOIA employees stating in relevant part:

  I think the logistical piece related to processing FOIA requests across Op Divs - to the extent we must do so - would be the unusual part. We do not yet have access to existing CDC/NIH/FDA requests, so the most immediate problem is that we have to *manage peoples' expectations with respect to the level of service we can provide. This is going to take time to sort out, unfortunately, and we received zero advance notice of what occurred earlier this week*. Apparently, some of the individuals terminated in the FOIA enterprise in the OpDivs were recalled to work, and I have no visibility into what that means in the long term yet.

  . . .

  I'm working with the press folks in ASPA to ensure we have clear messaging posted to existing Op Div FOIA websites *about upcoming service delays as the reorg unfolds, as that is an unfortunate inevitability*.

  25-10004-011 (emphases added).

- An April 7, 2025 email from Holzerland to various HHS division employees stating in relevant part:

> While *I do not have a comprehensive list of the personnel changes across OpDivs and StaffDivs* - whether we're talking those that impacted FOIA personnel, or those that impacted reporting chains - I want to get the conversation started surrounding how we move forward.

25-10004-009 (emphasis added).

- An April 3, 2025 email from Holzerland to the Deputy Director of the Office of Government Information Services stating in relevant part:

> The short answer is that *I don't have specifics* on most of the below [regarding the current status of HHS's component FOIA programs]. *I learned about recent personnel actions by reading about them*.
>
> . . .
>
> On granular issues - eg what happens when an email goes to a specified email address at an identified HHS OpDiv - *we are miles away from having fixes or even a solid factual landscape for such discrete issues*. i need to manage everyone's expectations as what is clear right now *is there will be widespread, significant service delays across nearly every HHS OpDiv FOIA program* as we reorganize.

25-10004-032 (emphases added).

- An April 16, 2025 email from Holzerland to OS FOIA employees stating in relevant part:

> At this time, *ASPA is not able to provide a reasonable estimate of the SSF FOIA work or resource needs for the remainder of FY25*. FOIA staff at ACF, ACL, CDC, FDA, NIH, and SAMHSA have been recently RIF'd and *the OS FOIA team will need to pick up a volume of ongoing and new work* that is still being quantified. It is unknown at this time if additional personnel or funding will be dedicated to the absorption of existing HHS FOIA programs, *necessitating completion of statutorily-mandated daily work and litigation, far beyond the capacity of the current OS FOIA team*.

25-10004-040 (emphases added).

7. On September 30, 2025, OS FOIA issued a response to FOIA request 25-10005-FOIA-CDC. A true and correct copy of the OS FOIA final response letter is attached as Exhibit G. As OS FOIA explained in the letter, it had located 254 pages and released them with redactions

applied to portions of those pages. A true and correct copy of excerpted pages of the documents produced is attached as Exhibit H. Included in the exhibit are the following documents:

- An April 7, 2025 email from Holzerland to CDC and OS FOIA employees stating in relevant part:

  > At the moment, we're going to focus on triaging and identifying the most urgent items in need of attention, recognizing the same process will be playing out across a number of HHS OpDivs simultaneously. *Resources are severely limited at the moment, so CDC can expect that we're going to all be flooded simultaneously* as the Department reorganizes.

  25-10005-119 (emphasis added).

- An April 1, 2025 email from Holzerland to CDC employees stating in relevant part, in response to suggestions for CDC FOIA requests to be "redirect[ed]" to HHS intake or for CDC FOIA intake to have an "automated response that there's a pause in FOIA processing":

  > All of the options are suboptimal right now and *I worry that shuttling requesters here will add a layer of confusion* we do not need. If our *backlog hadn't doubled from ~3k on 10/1 to ~6k today*, I'd far prefer the alternative. As it stands, we're doing lit productions and *barely keeping up* with that. *Trying to get clarity on the path forward*, since we do not have the discretion to let requests languish.

  25-10005-239, 241 (emphases added).

8. I have reviewed the declarations of William H. Holzerland, including the Fourth Declaration he submitted on September 4, 2025. The above-quoted emails from him contradict his representations that the closure of the CDC FOIA office and transfer of its responsibilities to OS FOIA resulted from strategic decision-making based on "shifting resource demands" and "evolving workloads," Fourth Holzerland Decl. ¶ 11, and a desire to "streamlin[e] inefficient operations," "consolidat[e] . . . duplicative functions," and enhance transparency, Decl. of William H. Holzerland ¶¶ 18, 20, ECF No. 18-1; *see also id.* ¶¶ 19, 21-25 (similar). They also contradict

his representations that the closure and transfer decision aligns with FOIA and would not affect transparency because "OS-FOIA remains fully capable of receiving[,] processing[,] and responding to FOIA requests directed at CDC's records." Fourth Holzerland Decl. ¶ 91. As the above-quoted emails show, Holzerland did not know of the CDC FOIA office closure decision beforehand despite serving as the HHS official responsible for overseeing FOIA compliance and implementation throughout the department, *see* ¶ 9; scrambled to have OS FOIA pick up CDC FOIA responsibilities; and believed that the closure and transfer of responsibilities would seriously impact FOIA compliance and result in widespread and serious delays because of OS FOIA's limited capacity and burgeoning workload.

**May 21, 2025 CDC FOIA Requests**

9. On May 21, 2025, CREW submitted two additional FOIA requests for CDC records to OS FOIA. Those requests are detailed in my May 22, 2025 declaration (ECF No. 26-2), and again in my July 17, 2025 declaration (ECF No. 33-2). As detailed in the latter declaration, CREW had not received any correspondence on either request as of July 17, 2025.

10. On September 2, 2025, on the eve of Defendants' deadline for their summary judgment opposition and incorporated cross-motion to dismiss or, in the alternative, for summary judgment, *see* August 27, 2025 Minute Order, OS FOIA sent acknowledgment letters to CREW for both of the May 21 requests. True and correct copies of the letters are attached as Exhibits I-J.

11. Each of the September 2, 2025 acknowledgment letters mirrored the acknowledgment letters that CREW received on June 23, 2025, seeking additional time to respond. *See* ECF No. 33-2 ¶ 4. Each of the September 2 acknowledgment letters stated:

> Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days

> to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 6,000 cases.[3]

12. CREW received these letters well after the 20-working-day time limit for its requests had run. 5 U.S.C. § 552(a)(6)(B)(i) permits agencies to "extend[]" by 10 working days the 20-working-day time limit only before the time limit has run. 5 U.S.C. § 552(a)(6)(B)(i); *see also* 45 C.F.R. § 5.24(f) (explaining that, for time extensions under 5 U.S.C. § 552(a)(6)(B), "we will notify you . . . *before expiration of the 20-day period to respond*" (emphasis added)).[4]

**June 25, 2025 CDC FOIA Requests**

13. On June 25, 2025, CREW submitted five additional FOIA requests to OS FOIA for CDC records. The requests are detailed in my July 17, 2025 declaration (ECF No. 33-2). As detailed in that declaration, one of these requests sought expedited processing. And, as detailed in that declaration, CREW had not received any correspondence on any of the requests as of July 17, 2025.

14. On September 2, 2025, on the eve of Defendants' deadline for their summary judgment opposition and incorporated cross-motion to dismiss or, in the alternative, for summary

---

[3] The June 23, 2025 acknowledgment letters stated that OS FOIA's current workload is approximately 7,000 cases, not 6,000 cases. *See* ECF No. 33-2 ¶ 4.

[4] CREW is aware that Defendants have sent virtually identical acknowledgment letters in response to other CDC FOIA requests. *See* Decl. of Vanessa Allen ¶ 29 (supplemental declaration from American Oversight, attached to CREW's filing today, describing September 2025 OS FOIA acknowledgment letters for CDC requests that mirror what CREW has received, except that they state OS FOIA's current workload is 8,000 cases).

judgment, *see* August 27, 2025 Minute Order, OS FOIA sent acknowledgment letters to CREW for each of the five requests. True and correct copies of the letters are attached as Exhibits K-O.

15. Each of these September 2, 2025 acknowledgment letters mirrored the other acknowledgment letters that CREW received the same day, *see supra* ¶ 11, and the ones that CREW received on June 23, 2025, *see* ECF No. 33-2 ¶ 4. Each of the September 2 acknowledgment letters sought additional time, stating:

> Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 3000 cases.[5]

16. CREW received these letters well after the 20-working-day time limit for its four non-expedited FOIA requests had run. 5 U.S.C. § 552(a)(6)(B)(i) permits agencies to "extend[]" by 10 working days the 20-working-day time limit only before the time limit has run. 5 U.S.C. § 552(a)(6)(B)(i); *see also* 45 C.F.R. § 5.24(f) (explaining that, for time extensions under 5 U.S.C. § 552(a)(6)(B), "we will notify you . . . *before expiration of the 20-day period to respond*" (emphasis added)). CREW also received the extension letter in response to its expedited request even though 5 U.S.C. § 552(a)(6)(B)(i) does not permit time extensions of the 10-calendar-day

[5] As reflected in paragraph 11 above, the other acknowledgment letters that CREW received on the exact same day indicated that OS FOIA's current workload is approximately 6,000 cases, not 3,000 cases. Nothing in the letters explains this discrepancy. Nor does anything in the Fourth Holzerland Declaration, which states that, as of September 3, 2025, the day after the September 2, 2025 letters in question, OS FOIA "had nearly 9,315 pending FOIA requests" across "its portfolio." Fourth Holzerland Decl. ¶ 92.

time limit for expedited requests; it permits extensions only of the 20-working-day time limits "prescribed" by the statute. 5 U.S.C. § 552(a)(6)(B)(i).

**September 2025 CDC FOIA Requests**

17. In early September, CREW submitted two additional FOIA requests to OS FOIA for CDC records.

18. First, on September 2, 2025, CREW submitted an expedited request related to the CDC's decision to remove the COVID-19 vaccine from its recommended vaccine schedule for pregnant women and children. A true and correct copy of the request is attached as Exhibit P. CREW submitted the request through the HHS FOIA Public Access Link Portal and via email. CREW received an automated email, assigning the request Tracking No. #2025-03701-FOIA-OS. CREW did not receive an expedited processing determination on its request within 10 calendar days, *see* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 45 C.F.R. § 5.27(c), and still has not received a determination. To date, CREW has received no additional information or correspondence on this request, such as the required acknowledgment letter within 10 business days. *See* 45 C.F.R. § 5.24(a).

19. On September 5, 2025, CREW submitted a request seeking records related to the ouster of CDC Director Susan Monarez. A true and correct copy of the request is attached as Exhibit Q. CREW submitted the request through the HHS FOIA Public Access Link Portal and via email. CREW received an automated email, assigning the request Tracking No. #2025-03719-FOIA-OS. To date, CREW has received no additional information or correspondence on this request, such as the required acknowledgment letter within 10 business days. *See* 45 C.F.R. § 5.24(a).

**Reading Room**

20. I have reviewed the representations made by William H. Holzerland regarding Defendants' compliance with CDC reading-room obligations. *See* Fourth Holzerland Decl. ¶ 95. I previously discussed this issue in my July 17, 2025 declaration. *See* ECF No. 33-2 ¶ 9 n.2.

21. The CDC FOIA reading-room website is no longer online. It was previously available at https://foia.cdc.gov/app/ReadingRoom.aspx,[6] but, as of October 17, 2025, it is no longer accessible. A true and correct copy of a screenshot of the broken CDC FOIA reading-room website is attached as Exhibit R. The CDC *FOIA Resources* webpage, available at https://www.cdc.gov/foia/resources/index.html, does not appear to have CDC reading-room records either. A true and correct copy of that webpage as of October 17, 2025 is attached as Exhibit S. As of October 17, 2025, the link on that webpage to CDC FOIA request logs (which has the link https://foia.cdc.gov/app/MainPage.aspx) is broken as well, as reflected in a true and correct copy of the linked webpage attached as Exhibit T.

22. HHS FOIA online resources do not contain up-to-date CDC reading-room information. The OS FOIA reading-room webpage, available at https://www.hhs.gov/foia/electronic-reading-room/index.html and reflected in Exhibit U, a true and correct copy of the webpage as of October 17, 2025, does not appear to contain up-to-date CDC reading-room records. It states at the very bottom (at page 16 of Exhibit U) that the webpage content was last reviewed May 23, 2025.[7] It purports to link to the CDC reading-room webpage. But that link is broken, as

---

[6] An Internet Archive copy of the reading room from August 8, 2025 is available at http://web.archive.org/web/20250808234216/https://foia.cdc.gov/app/ReadingRoom.aspx. The Internet Archive is a nonprofit that archives Internet webpages. *See About the Internet Archive*, Internet Archive, https://archive.org/about/.

[7] Relevant pages linked on the OS FOIA reading-room webpage similarly have not been updated for some time and appear restricted to OS FOIA records. For example, the *FOIA Logs* linked webpage, available at https://www.hhs.gov/foia/electronic-reading-room/foia-logs/index.html,

reflected in Exhibit W, a true and correct copy of the linked webpage as of October 17, 2025. It automatically routes to the CDC *FOIA Resources* webpage, with the URL https://www.cdc.gov/foia/resources/?CDC_AAref_Val=https://www.cdc.gov/od/foia/reading/index.htm. A true and correct copy of that webpage as of October 17, 2025, with a more direct URL, is described in paragraph 21 above (attached as Exhibit S). Again, the webpage does not contain up-to-date CDC reading-room records, for the reasons discussed in paragraph 21 above. The HHS FOIA reading room, available at https://requests.publiclink.hhs.gov/App/ReadingRoom.aspx, does not either. A true and correct copy of a screenshot of the HHS reading room, reflecting an October 17, 2025 search for documents in all of the "Reading Room File Cabinet" categories and the results of that search, is attached as Exhibit X.

**Analysis of CDC FOIA and OS FOIA Statistics**

23. I and my colleagues at CREW have reviewed the representations made by William H. Holzerland regarding CDC FOIA and OS FOIA "metrics." Fourth Holzerland Decl. ¶ 70; *see id.* ¶¶ 71-73.

24. First, my colleagues and I reviewed the appellate review statistics provided by Holzerland. *See id.* ¶¶ 71-73. Based on the statistics provided, and the statistics HHS provides in its FOIA annual reports, my colleagues and I generated Table 1 on the following page. The analysis in the table shows that, contrary to the assessment of Holzerland, "the relative quality of the former CDC-FOIA office's determinations" was not out-of-step with its peer HHS FOIA offices. *Id.* ¶ 72;

only contains OS FOIA logs between 2017 and 2023 and states its content was last reviewed May 6, 2025. A true and correct copy of the *FOIA Logs* linked webpage as of October 20, 2025 is attached as Exhibit V. Also included in Exhibit V is a true and correct copy of the *FOIA Litigation Releases* webpage (available at https://www.hhs.gov/foia/electronic-reading-room/litigation-releases/index.html), and a number of the dozen or so webpages linked therein, as of October 20, 2025. None of the litigation release webpages, all of which relate to litigation initiated in 2023, appear to concern CDC litigation and releases of CDC records.

*see id.* ¶ 75 (similarly claiming that appellate statistics showed that CDC appellate statistics are "signals or indicators" of its relative performance).

**Table 1**

**Comparing 2023-2024 FOIA Appeals Statistics for CDC FOIA and Other Divisions Whose Appeals Are Handled By OS FOIA***

| | | CDC | Other Components | Total |
|---|---|---|---|---|
| **2024** | **Number of Appeals Processed by OS** | 113 | 106 | 219 |
| | **Number of Appeals Affirmed** | 13 (12% of total processed for agency) | 6 (6% of total processed for others) | 19 (9% of total processed) |
| | **Number of Appeals Reversed** | 37 (32% of total processed for agency) | 29 (27% of total processed for others) | 66 (30% of total processed) |
| | **Affirmed/Reversed Ratio** | 35% | 21% | 29% |
| **2023** | **Number of Appeals Processed by OS** | 115 | 115 | 230 |
| | **Number of Appeals Affirmed** | 24 (21% of total processed for agency) | 32 (28% of total processed for others) | 56 (24% of total processed) |
| | **Number of Appeals Reversed** | 21 | 34 | 55 |
| | **Affirmed/Reversed Ratio** | 114% | 94% | 102% |

* This data is derived from paragraphs 71-73 of the Fourth Holzerland Declaration, Sections VI.A and VI.B of the 2023 and 2024 HHS FOIA annual reports (available at https://www.hhs.gov/foia/reports/annual-reports/index.html),[8] and basic arithmetic involving

[8] *See HHS Fiscal Year 2024 Freedom of Information Annual Report*, HHS, https://www.hhs.gov/foia/reports/annual-reports/2024/index.html [hereinafter *2024 Annual FOIA Report*]; *HHS Fiscal*

these two sources of data. For example, paragraph 72 of the Holzerland declaration states that OS FOIA processed 113 CDC appeals in 2024, and the 2024 FOIA annual report indicates that OS FOIA processed 219; the difference between the two indicates that OS FOIA processed 106 appeals for other components. Similarly, paragraph 72 of the declaration states that OS FOIA reversed CDC on appeal 58 times across 2023 and 2024 and reversed CDC on appeal 37 times in 2024, and the difference between the two yields 21 reversals for CDC on appeal in 2023. The data across the two sources appears to be consistent and fit together to create a basic understanding of appellate reversals (which the incomplete declaration statistics in paragraphs 71-73 themselves did not show). For example, both paragraph 72 and the 2024 FOIA annual report indicate that OS FOIA overturned a total of 66 requests in 2024, and the figures the declaration provides for CDC reversals and other components' reversals add up to 66.

25. Second, my colleagues and I have reviewed Holzerland's assertions that certain OS FOIA metrics that CREW previously provided lack context. *See* Fourth Holzerland Decl. ¶ 70. To provide additional context, and a more complete view of how OS FOIA and CDC FOIA have performed over the years, my colleagues and I reviewed HHS FOIA annual reports between 2018 and 2024 and generated Table 2 on the following page. The data in the table demonstrates that OS FOIA has fared much worse than CDC FOIA across different FOIA metrics.

(*See following page*)

---

*Year 2023 Freedom of Information Annual Report*, HHS, https://www.hhs.gov/foia/reports/annual-reports/2023/index.html [hereinafter *2023 Annual FOIA Report*].

**Table 2**

**Comparing FOIA Statistics for OS FOIA and CDC FOIA from 2018-2024 Based on HHS Fiscal Year FOIA Annual Reports (Sections V.A, VII.A, VIII.A, VIII.B, XII.A of Reports)***

| | **Expedited Processing Average Days to Adjudicate, with Request Processing Numbers (Section VIII.A)** | | **Average Response Times for Simple, Complex, and Expedited Requests (Section VII.A)** | | **Fee Waiver Average Days to Adjudicate (Section VIII.B)** | | **Number of Backlogged Requests at Year End (Section XII.A), with Request Processing Numbers (Section V.A)** | |
|---|---|---|---|---|---|---|---|---|
| | **OS** | **CDC** | **OS** | **CDC** | **OS** | **CDC** | **OS** | **CDC** |
| **2024** | 270 days (49 requests, 37 adjudicated within 10 days) | 1.62 days (174 requests, 173 adjudicated within 10 days) | 15.27 days (S)<br>434 days (C)<br>374.85 days (E) | 17.67 days (S)<br>58.28 days (C)<br>127.52 days (E) | 557.75 days (8 requests) | 1.62 days (282 requests) | 3,020 requests (2,819 received, 1,329 processed) | 110 requests (1,838 received, 1,918 processed) |
| **2023** | 336.07 days (14 requests, 7 adjudicated within 10 days) | 1.87 days (192 requests, 190 adjudicated within 10 days) | 20.38 days (S)<br>530.65 days (C)<br>962.93 days (E) | 12.14 days (S)<br>69.76 days (C)<br>218.25 days (E) | 560.66 days (12 requests) | 1.59 days (71 requests) | 2,066 requests (1,432 received, 2,100 processed) | 186 requests (1,951 received, 2,048 processed) |
| **2022** | 276.23 days (17 requests, 5 adjudicated within 10 days) | 1.57 days (372 requests, 370 adjudicated within 10 days) | 12.67 days (S)<br>285.56 days (C)<br>549 days (E) | 12.14 days (S)<br>56.95 days (C)<br>130 days (E) | 366.3 days (10 requests) | 1.84 days (471 requests) | 2,714 requests (1,592 received, 1,684 processed) | 257 requests (2,400 received, 2,481 processed) |

| | Expedited Processing Average Days to Adjudicate (Section VIII.A) | | Average Response Times for Simple, Complex, and Expedited Requests (Section VII.A) | | Fee Waiver Average Days to Adjudicate (Section VIII.B) | | Number of Backlogged Requests at Year End (Section XII.A), with Request Processing Numbers (Section V.A) | |
|---|---|---|---|---|---|---|---|---|
| | **OS** | **CDC** | **OS** | **CDC** | **OS** | **CDC** | **OS** | **CDC** |
| **2021** | 69.39 days (38 requests, 12 adjudicated within 10 days) | 5.96 days (495 requests, 476 adjudicated within 10 days) | 74 days (S) 399.21 days (C) 278.11 days (E) | 16.29 days (S) 47.31 days (C) 113.26 days (E) | 604.67 days (9 requests) | 4.88 days (503 requests) | 2,425 requests (1,640 received, 1,375 processed) | 282 requests (2,477 received, 2,564 processed) |
| **2020** | 30.16 days (116 requests, 39 adjudicated within 10 days) | 1.51 days (612 requests, 607 adjudicated within 10 days) | 98.28 days (S) 296.77 days (C) 103.44 days (E) | 12.4 days (S) 23.01 days (C) 27.3 days (E) | 192 days (7 requests) | 1.51 days (87 requests) | 2,239 requests (1,706 received, 1,171 processed) | 304 requests (2,481 received, 2,058 processed) |
| **2019** | 103.89 days (9 requests, 1 adjudicated within 10 days) | 4.04 days (109 requests, 107 adjudicated within 10 days) | 52.37 days (S) 162.26 days (C) 315 days (E) | 122.6 days (S) 26.23 days (C) 35 days (E) | N/A (0 requests) | 2.79 days (89 requests) | 1,725 requests (1,372 received, 843 processed) | 18 requests (1,270 received, 1,263 processed) |
| **2018** | 35.67 days (43 requests, 20 adjudicated within 10 days) | 1.07 days (89 requests, 88 adjudicated within 10 days) | 29.53 days (S) 144.7 days (C) 61.5 days (E) | 12.25 days (S) 54.88 days (C) 179.36 days (E) | N/A (0 requests) | 0.3 days (123 requests) | 1,184 requests (1,573 received, 1,016 processed) | 24 requests (1186 received, 1,219 processed) |

* The 2022-2024 annual report data are available at https://www.hhs.gov/foia/reports/annual-reports/index.html.[9] The 2016-2021 annual reports are not available on HHS's archive page for annual reports (available at https://www.hhs.gov/foia/reports/annual-reports/archive/index.html); the links on that page appear to be broken and are not accessible using the Internet Archive. But the Department of Justice's Office of Information Policy has an archive of agency annual FOIA reports. Agency annual reports from 2018-2024 are located at https://www.justice.gov/oip/reports-1#s1. The links for HHS annual reports on these webpages appear to be broken as well, but they are accessible using the Internet Archive.[10]

**Current Status of HHS FOIA Portal and CDC FOIA Portal Webpages**

26. As of October 17, 2025, the HHS FOIA portal webpage, previously available at https://requests.publiclink.hhs.gov/ and described at Fourth Holzerland Decl. ¶ 21 (citing ECF No. 25-2, Ex. 4 at 5, which is a screenshot of the webpage), is no longer functioning. Rather than providing the ability to submit FOIA requests, view previously submitted requests, or undertake other available functions, the webpage simply displays a nearly blank page, with only the word "Home" repeated twice at the top and no working links or place to submit requests, check the status of requests, or obtain any other information or perform any functions. A true and correct copy of the webpage as of October 17, 2025 is attached as Exhibit Y.

27. As of October 17, 2025, the CDC FOIA portal webpage, previously accessible at foia.cdc.gov (and also accessible through the reading-room webpage at https://foia.cdc.gov/app/

---

[9] *See 2024 Annual FOIA Report*, *supra* note 8; *2023 Annual FOIA Report*, *supra* note 8; *HHS Fiscal Year 2022 Freedom of Information Annual Report*, HHS, https://www.hhs.gov/foia/reports/annual-reports/2022/index.html.

[10] *See HHS Fiscal Year 2021 Freedom of Information Annual Report*, HHS, http://web.archive.org/web/20240805165244/https://www.hhs.gov/foia/reports/annual-reports/2021/index.html; *HHS Fiscal Year 2020 Freedom of Information Annual Report*, HHS, http://web.archive.org/web/20211123022911/https://www.hhs.gov/foia/reports/annual-reports/2020/index.html; *HHS Fiscal Year 2019 Freedom of Information Annual Report*, HHS, http://web.archive.org/web/20201101065643/https://www.hhs.gov/foia/reports/annual-reports/2019/index.html; *HHS Fiscal Year 2018 Freedom of Information Annual Report*, HHS, http://web.archive.org/web/20200830221913/https://www.hhs.gov/foia/reports/annual-reports/2018/index.html.

ReadingRoom.aspx) and described as functional at Fourth Holzerland Decl. ¶ 11, is no longer functional. A true and correct copy of the broken webpage is attached as Exhibit Z.

28. Because of these broken webpages, CREW is currently unable to submit CDC FOIA requests or engage in other necessary functions, such as reviewing the status of its pending requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 21, 2025

Alex Goldstein
Alex Goldstein

# Exhibit A

**DEPARTMENT OF HEALTH & HUMAN SERVICES** Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No.: 2025-100002-FOIA-CDC**

**September 15, 2025**

***Sent via email to:***
Amanda Bangle
CREW
Citizens for Responsible Ethics in Washington
abangle@citizensforethics.org

Dear Ms. Bangle:

This is the first interim response to your Freedom of Information Act (FOIA) request, dated April 1, 2025, requesting:

1. All communications sent or received by CDC Public Liaison Bruno Viana, CDC/ATSDR FOIA Officer Roger Andoh, or any other employees in the CDC/ATSDR FOIA Office that mention, reference, or relate to the decision to place the CDC FOIA office on administrative leave on April 1, 2025.
2. All communications sent or received by any CDC employee outside the CDC/ATSDR FOIA Office that mention, reference, or relate to the decision to place the CDC FOIA office on administrative leave on April 1, 2025.
3. All memoranda, directives, or other final records relating to the decision to place the CDC FOIA office on administrative leave on April 1, 2025.

We received your request in our office on April 1, 2025.

The Centers for Disease Control's Office of the Chief Information Officer (OCIO) conducted a search and located 1,783 pages of responsive pages, of which 1,547 pages are duplicates of the nine (9) attachments provided with the reduction-in-force notices. After a careful review of the non-duplicative pages, I have determined that 10 pages and portions of other pages are exempt from disclosure pursuant to Exemption (b)(6) of the FOIA (5 U.S.C. §552), as described below. Accordingly, your request is granted in part.

FOIA exemption (b)(6) permits a federal agency to withhold information and records about individuals in "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The definition of "similar files" has historically been broadly interpreted to include a wide variety of files, and the United States Supreme Court has held that Congress intended the term "similar files" to be interpreted broadly, rather than narrowly. I have analyzed these records and find they meet the threshold requirement of this exemption. Additionally, I have reviewed and weighed the public interest in disclosure of this information against the privacy interest in nondisclosure and found that the privacy interest outweighs the public's interest in disclosure.

We are continuing our search for responsive records and will provide additional records as they become available. If you have questions regarding the handling of this request or HHS FOIA procedures, feel free to contact us at FOIArequest@hhs.gov.

Sincerely yours,

Arianne M. Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

Enclosures:
Responsive Records (226 pages)

# Exhibit B

**From:** OHRCorrespondence@hhs.gov
**Sent:** Tue, 1 Apr 2025 09:05:46 +0000
**To:** (b)(6) [redacted] CDC/OCOO/OD)
**Subject:** Personnel Notification
**Attachments:** Notice of RIF.pdf, Acknowledgement of Receipt.docx, Authorization for Release of Information.pdf, MSPB Attachment.pdf, MSPB E-Appeal Information Sheet.pdf, OPM Retention Regulations.pdf, Severance Pay Estimation Worksheet.pdf, State Workforce Agencies.pdf, The Employees Guide to Career Transition - CTAP ICTAP RPL.pdf, Unemployment Insurance Information.pdf
**Importance:** High

Dear (b)(6) [redacted],

I regret to inform you that you are being affected by a reduction in force (RIF) action. Please find attached a notice memorandum explaining the RIF and next steps. This RIF action does not reflect directly on your service, performance, or conduct. It is being taken solely for the reasons stated in the memorandum.

After you receive this notice, you will be placed on administrative leave and will no longer have building access beginning Tuesday, April 1, unless directed otherwise by your leadership. Additionally, please save this email and its attachments, or forward them to a personal email address, for your records.

Leadership at HHS appreciates your service.

Sincerely,

Tom Nagy

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Washington, D.C. 20201

March 31, 2025

MEMORANDUM FOR: (b)(6)

VIA EMAIL: (b)(6) cdc.gov

FROM: Tom Nagy, Chief Human Capital Officer

SUBJECT: Specific Notice of Reduction in Force

In accordance with President Donald Trump's Executive Order 14210, dated February 11, 2025, and the Department of Health and Human Services' (HHS) broader reorganization strategy to improve its efficiency and effectiveness to make America healthier, HHS is executing a Reduction in Force (RIF). This memorandum constitutes a specific notice of a RIF.

I regret to inform you that you are being affected by a RIF action. This RIF is necessary to reshape the workforce of HHS.

This is your specific notice of the RIF. In accordance with the RIF procedures specified in Chapter 35 of Title 5 of the United States Code and Title 5 of the Code of Federal Regulations, Part 351, and HHS policy, you are being released from your competitive level based on your retention standing. Consequently, you will be separated from the Federal service effective **June 2, 2025.** In the event you are qualified and have assignment rights to a position that becomes available during the notice period, you will be informed via a specific, subsequent notice. Should the circumstances of the RIF otherwise change, this notice may be withdrawn.

**Retention Standing**

To conduct the RIF, retention registers were prepared which list employees in retention standing order by civil service tenure group and subgroup, veterans' preference, performance ratings, and length of Federal service. The following information was used to determine your retention standing as of the RIF effective date:

Competitive Area: FREEDOM OF INFORMATION ACT-

Competitive Level: GIS8

Tenure Group & Subgroup: (b)(6)

Veterans' Preference:

Most Recent Performance Ratings: (b)(6)

Additional Years of Credit Based on Performance Ratings: (b)(6)

Reduction In Force Service Computation Date (SCD): (b)(6)

Adjusted RIF Service Computation Date (SCD):

The adjusted RIF SCD includes all creditable military and civilian service and is adjusted with additional credit (up to a maximum of 20 years) for the performance ratings.

NOTE: All employees in your competitive area will be separated.

You have been reached for release from your competitive level in accordance with RIF regulations and procedures. You have no assignment rights to positions within your competitive area. Therefore, you will be separated from HHS at the close of business on June 2, 2025.

Based on a preliminary evaluation, (b)(6) severance pay pursuant to 5 U.S.C. § 5595.

If you are a competitive service employee, or a covered excepted service employee under HHS Instruction 330-2, you are eligible to have your name placed on the Reemployment Priority List and to participate in the Interagency Career Transition Assistance Plan (ICTAP). You are also eligible to participate in the HHS Career Transition Assistance Program. However, if you resign or retire before your separation under reduction in force, you will no longer be eligible for special selection priority under this program and you may lose eligibility for special selection priority through the Reemployment Priority List (RPL) and the ICTAP. Information and registration procedures for the RPL are included in the attachments to this notice.

Please contact your supervisor or email OHR-General-Inquiries@hhs.gov immediately if you believe any of the above information is incorrect.

**RIF Package**

Each employee impacted by the RIF has been sent documents that outline applicable benefits for which you may be eligible or entitled as appropriate. You may make an appointment with the Office of Human Resources (OHR) to obtain paper copies of the documents. You may make an appointment by contacting OHR-General-Inquiries@hhs.gov. In addition, the websites to certain relevant external benefits provided by other entities are found immediately below.

For training benefits under the Workforce Improvement Act of 1998, please see www.careeronestop.org.

For unemployment compensation benefits, please refer to the Department of Labor website at www.dol.gov.

For general information on transition assistance, please refer to the Office of Personnel Management website at www.opm.gov.

**Appeal and Grievance Rights**

U.S. Merit Systems Protection Board (MSPB)
If you believe your retention rights have not been applied correctly or have been violated, you may appeal this action to the MSPB. You may file your appeal with the MSPB's regional or field office serving the area where your duty station was located. The address of your regional or field office has been included in your RIF package.

For a complete listing of MSPB regional and field offices, see Appendix II of Part 1201 of the Board's regulations. Your appeal must be in writing and may be filed any time after receipt of this notice until no later than 30 calendar days after the effective date. Failure to file an appeal within the time limit may result in dismissal of the appeal as untimely filed. More information on filing appeals is included in your RIF package. You may also access the MSPB website at www.mspb.gov for additional and further detailed information on the appeal process.

Equal Employment Opportunity (EEO)
If you believe this personnel action is based in whole or in part on discrimination based on your race, color, religion, sex, national origin, age or disability, or in retaliation for prior protected activity you may file an EEO complaint with your designated HHS EEO representative:

Reginald R. Mebane, Director

RMebane@cdc.gov

(770) 488-3210

You must contact your EEO representative no later than 45 calendar days of the effective date of your separation from Federal service. Alternatively, you may file an appeal with the MSPB as noted above and raise discrimination as an affirmative defense. However, you may not proceed through both forums; you must elect one or the other. You may access the U.S. Equal Employment Opportunity Commission (EEOC) website at www.eeoc.gov for additional and further detailed information on the Federal sector EEO process.

Office of Special Counsel
You may also seek corrective action before the U.S. Office of Special Counsel (OSC). Visit the OSC e-filing system web site at www.osc.gov, to access the online application. However, if you do so, you will be limited to whether the agency took one or more covered personnel actions against you in retaliation for making protected whistleblowing disclosures. If you choose to file

an action with OSC, you will be foregoing your right to file an MSPB appeal regarding this personnel action.

**Conclusion**

This action is being taken in accordance with the applicable civil service RIF regulations. Included in your RIF package is a copy of the Office of Personnel Management (OPM) RIF regulations, 5 C.F.R., Part 351. Further detailed information about the RIF regulations may also be accessed on the OPM website. You may make an appointment to review and obtain a copy of the RIF regulations and/or records pertaining to you by contacting OHR-General-Inquiries@hhs.gov.

The Employee Assistance Program (EAP) is available free to you and in most cases your immediate family. EAP counselors are available 24 hours a day, 365 days per year at 1-800-222-0364 or www.FOH4YOU.com.

If you are eligible for severance pay following your separation, the attached worksheet will allow you to calculate an estimate. Regardless, the following additional information is also available in your RIF package:

- Information on unemployment compensation under applicable State or District of Columbia programs.
- Training benefits under the Workforce Investment Act of 1998 (WIA).
- Request for authorization to release employment information to prospective employers.

Because you are being separated through a RIF action, you are eligible for career transition and placement assistance. Specifically, you are eligible for the HHS Reemployment Priority List (RPL), Career Transition Assistance Program (CTAP), and Interagency Career Transition Assistance Program (ICTAP). Your RIF package includes further information on these programs.

If you elect to resign before the effective date of the RIF, your separation will be considered involuntary for severance pay purposes and you will still be eligible to receive your severance pay. Please be advised that an early resignation may affect your eligibility for placement assistance and your appeal rights. It may also impact your ability to qualify for unemployment compensation and training benefits provided under WIA. You are encouraged to contact your State's Department of Labor and Employment for any questions regarding unemployment compensation. You are also encouraged to contact OHR-General-Inquiries@hhs.gov to determine how an early resignation may affect your benefits.

This RIF action does not reflect directly on your service, performance, or conduct. It is being taken solely for the reasons stated above, and because your duties have been identified as either unnecessary or virtually identical to duties being performed elsewhere in the agency. Leadership at HHS are appreciative of your service.

**Please return a signed copy of the Acknowledgement of Receipt and Authorization for Release of Employment Information by email to OHR-General-Inquiries@hhs.gov within 14 days of receipt of this notice.**

Attachments (9)
1. Acknowledgement of Receipt
2. MSPB Appeal Information
3. OPM Retention Regulations
4. Severance Pay Worksheet
5. Unemployment Insurance and State Workforce Agencies
6. Authorization for Release of Employment Information
7. CTAP, ICTAP and Reemployment Priority List (RPL) Program Information
8. Reference Guide to Benefits during RIF
9. List of MSPB Regional and Field Offices

# Exhibit C

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary
Assistant Secretary for Public Affairs
Washington, D.C. 20201

**Litigation No: 25-cv-01020/CREW**
**HHS Case No: 25-10001-FOIA**

September 30, 2025

Amanda Bangle
Citizens for Responsibility and Ethics in Washington
*Sent via email*: abangle@citizensforethics.org

Dear Ms. Bangle:

This letter responds to your organization's Freedom of Information Act (FOIA) request to the Department of Health and Human Services (HHS) for records of the Centers for Disease Control and Prevention (CDC). The request, assigned number 2025-10001-FOIA, is the subject of litigation case number 25-cv-01020. Specifically, your organization sought all records, from January 20, 2025, through the date of processing, that mention, reference, or relate to the CDC's decision not to release an assessment prepared by the Center for Forecasting and Outbreak Analytics concerning the risk of measles transmission in connection with local vaccination rates.

For this response, the HHS, Office of the Secretary (OS) FOIA Office reviewed 36 pages of CDC records. Following our review, we have determined to release 34 pages in full and 2 pages in part, with redactions made pursuant to Exemption 6 (5 U.S.C. § 552(b)(6)).

Exemption 6 of the FOIA permits federal agencies to withhold information contained in "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" (5 U.S.C. § 552(b)(6)). The term "similar files" has been interpreted broadly by courts, and the U.S. Supreme Court has affirmed that Congress intended this broad application. Upon review, I have determined that the withheld information meets the threshold requirement for protection under this exemption. We also assessed the public interest in disclosure against the privacy interest in nondisclosure and concluded that the privacy interest prevails. Under Exemption 6, the withheld information consists of cell phone numbers.

In applying Exemption 6, we determined that releasing the withheld information would foreseeably harm an individual's personal privacy. We further concluded that no additional reasonably segregable, non-exempt portions of the records exist beyond the material already being released.

Should you have questions or concerns regarding the Department's response and/or the processing of your request, any such issues should be communicated to your legal counsel and Department of Justice Attorney representing the Department in this matter.

Sincerely,

Brandon L. Lancey -S
Digitally signed by Brandon L. Lancey -S
Date: 2025.09.30 17:12:19 -04'00'

Brandon L. Lancey
Lead Government Information Specialist
FOI/Privacy Act Division

Enclosures: 36 pages

# Exhibit D

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary
Assistant Secretary for Public Affairs
Washington, D.C. 20201

**Litigation No: 25-cv-01020/CREW**
**HHS Case No: 25-10003-FOIA**

September 30, 2025

Amanda Bangle
Citizens for Responsibility and Ethics in Washington
*Sent via email*: abangle@citizensforethics.org

Dear Ms. Bangle:

This letter responds to your organization's Freedom of Information Act (FOIA) request to the Department of Health and Human Services (HHS) for records of the Centers for Disease Control and Prevention (CDC). The request, assigned number 2025-10003-FOIA, is the subject of litigation case number 25-cv-01020. Specifically, your organization sought:

> 1. All communications that mention, reference, or relate to the deliberation of or decision to place the CDC FOIA office on administrative leave on April 1, 2025, received by CDC staff and sent by any individual with an email address associated with DOGE, U.S. DOGE Service, or the Office of Personnel Management ("OPM").
>
> 2. All memoranda, directives, and other final records relating to the deliberation of or decision to place the CDC FOIA office on administrative leave on April 1, 2025 received by CDC staff and sent by any individual with an email address associated with DOGE, U.S. DOGE Service, or the Office of Personnel Management ("OPM").

.
For this request, the CDC conducted an electronic search of the email accounts of several key CDC officials. The search used the terms "FOIA and DOGE," "FOIA and DOGE Service," "FOIA and OPM," and "FOIA and Office of Personnel Management," with a date range of January 20, 2025, through April 1, 2025. This search did not locate any records responsive to your organization's request.

Should you have questions or concerns regarding the Department's response and/or the processing of your request, any such issues should be communicated to your legal counsel and Department of Justice Attorney representing the Department in this matter.

Sincerely,

Brandon L. Lancey -S

Digitally signed by Brandon L. Lancey -S
Date: 2025.09.30 17:13:20 -04'00'

Brandon L. Lancey
Lead Government Information Specialist
FOI/Privacy Act Division

Enclosures

# Exhibit E

**DEPARTMENT OF HEALTH & HUMAN SERVICES** Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No.: 2025-100004-FOIA-CDC**

**September 30, 2025**

***Sent via email to:***
Amanda Bangle
CREW
Citizens for Responsible Ethics in Washington
abangle@citizensforethics.org

Dear Ms. Bangle:

This is the first interim response to your Freedom of Information Act (FOIA) request to the Department of Health and Human Services (HHS), dated April 1, 2025, requesting:

1. All guidance, communications, memoranda, directives, or policies describing CDC's plans to respond to, process and otherwise manage open FOIA requests and future FOIA requests.
2. All guidance, communications, memoranda, directives, or policies describing CDC's plans to otherwise comply with its statutory responsibilities under FOIA.

We received your request in our office on April 1, 2025.

For this response, we have located and reviewed 64 pages of responsive records. After a careful review, we have determined that portions of those pages are exempt from disclosure pursuant to Exemptions (b)(5) and (b)(6) of the FOIA (5 U.S.C. §552), as described below. Accordingly, your request is granted in part.

FOIA exemption (b)(5) protects inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. This exemption protects documents that would be covered by any privilege an agency could assert in a civil proceeding. These privileges include, among others, the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. In this instance, the deliberative process and attorney-client privileges apply.

We are withholding portions of the responsive records pursuant to Exemption (b)(6). Exemption (b)(6) protects "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The Supreme Court has held that the term "similar files" must be interpreted broadly to include any information that applies to a particular individual. *See Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982).

The records at issue contain personal identifying information, including cell phone numbers of agency employees. Disclosure of this information would not shed light on the operations or

activities of the government and would constitute a clearly unwarranted invasion of personal privacy. Accordingly, this information has been withheld. To further FOIA's goal of ensuring transparency with respect to agency operations, we are releasing the work-related cell phone numbers of certain officials with direct FOIA responsibilities. Specifically, the records include the cell phone numbers of the Deputy Agency Chief FOIA Officer and me (Office of the Secretary's FOIA Officer), which are being disclosed to you.

We are continuing our search for responsive records and will provide additional records as they become available. If you have questions regarding the handling of this request or HHS FOIA procedures, feel free to contact us at FOIArequest@hhs.gov.

Sincerely yours,

Arianne M. Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

Enclosures:
Responsive Records (64 pages)

# Exhibit F

| | |
|---|---|
| **From:** | Holzerland, William (HHS/ASPA) |
| **To:** | Kotler, Sarah (FDA/OC); May, Brian (HRSA); Daley, Garfield (ACL); Mitchell, Carl (IHS/HQ); Smith, Celeste (ACF); Garcia-Malene, Gorka (NIH/OD) [E]; Tripline, Joseph (CMS/OSORA); Lampasone, Kara (SAMHSA/NMHSUPL/EXEC SEC); ARPA-H FOIA; Souther, James (IHS/HQ); Smith, Candrea (SAMHSA/NMHSUPL/EXEC SEC); Manheim, Marianne (NIH/NHLBI) [E]; ACF FOIA (ACF); ACL FOIA (ACL); foiarequests@cdc.gov; HRSA FOIA; SAMHSA FOIA; Klocinski, Jennifer (ACL); Davis, Candace (FDA/CDRH); Philips, Howard (FDA/CDER); Schlaifer, Meredith (FDA/OC); Bordine, Roger (NIH/OD) [E]; Gaynor, Desiree (CMS/OSORA) |
| **Cc:** | Perkins, Arianne (OS/ASPA); Sikandar, Nusheen (OS/ASPA); Lancey, Brandon (OS/ASPA); Formoso, Paula (HHS/ASPA); Carter, Kerey (CDC/OCOO/OCIO/CSPO); Gomes, Dominic (OS/OCIO/OIS); Rollins, Dwayne (OS/OCIO/Ops); Keck, Samantha (HHS/OGC); Ford, Kenya S. (CDC/OGC) |
| **Subject:** | Ongoing HHS FOIA operations |
| **Date:** | Monday, April 7, 2025 11:59:00 AM |

All:

I know we're all adjusting to sweeping personnel changes that occurred last week and that we face a challenging road ahead as the Department reorganizes.

This is a particularly difficult moment as we navigate the immediate path forward without so many respected colleagues and friends and we will be sensitive to that. I am here for you and am available to talk as we chart the path forward on business and other needs to the extent it will be helpful to lend an ear.

I've been asked to stitch the team together as we move forward with executing our FOIA mission and ensuring transparency. While I do not have a comprehensive list of the personnel changes across OpDivs and StaffDivs - whether we're talking those that impacted FOIA personnel, or those that impacted reporting chains - I want to get the conversation started surrounding how we move forward.

I apologize if I omitted parties necessary to the discussion, but please add them to the chain where necessary. I've included several colleagues from OGC and OCIO who need viz into the legal and IT aspects of the road ahead, but again, don't have a comprehensive list of necessary parties. Please make connections where necessary and we'll sort out questions as quickly as we can.

There are going to be numerous discrete issues to navigate – including those impacting day-to-day customer service, data access, ongoing litigation, and others. We're going to triage and address the most emergent items first. With respect to existing backlogs, the immediate focus must remain on logging incoming work, continuing to process on a first-in/first-out basis, starting with your 10 oldest cases, and capturing the status of ongoing litigation productions.

We're working on consistent messaging to be posted on HHS.gov and mirrored on FOIA websites enterprise-wide to acknowledge that we're adjusting business operations and to capture ongoing issues for orderly resolution. To the extent you receive press inquiries, requests for comment, and the like, please refer media outlets here:

https://hhscewp.my.site.com/ASPAPublic/s/request-for-comment.

I'd like to talk to senior FOIA personnel that remain tomorrow to begin gathering the facts on what's happening in each existing FOIA office. I'll send a meeting invite, but please feel free to add to it as necessary; to manage expectations, I expect there will be more questions than answers at this point.

Please hang in there – we are in this together.

Regards,

Bill

William H. Holzerland

Deputy Chief FOIA Officer

Office of the Assistant Secretary for Public Affairs (ASPA)

U.S. Department of Health and Human Services (HHS)

Desk: (202) 260-6635 Mobile: (202) 809-7774

| | |
|---|---|
| **From:** | Holzerland, William (HHS/ASPA) |
| **To:** | Taylor, Natasha (OS/ASPA) |
| **Cc:** | Perkins, Arianne (OS/ASPA); Williams, Alesia (OS/ASPA); Lancey, Brandon (OS/ASPA) |
| **Subject:** | RE: Reorg and RIF inquiries/requests |
| **Date:** | Friday, April 4, 2025 10:06:00 AM |

Morning!

I'm not following as to why any of these FOIA requests would be unusual. We'll process them as we normally would, on a first-in, first-out basis. I did see one in there from a HRSA employee, so we need to refer that to HRSA immediately, as that FOIA office is apparently still intact and operating.

I think the logistical piece related to processing FOIA requests across OpDivs – to the extent we must do so - would be the unusual part. We do not yet have access to existing CDC/NIH/FDA requests, so the most immediate problem is that we have to manage peoples' expectations with respect to the level of service we can provide.

This is going to take time to sort out, unfortunately, and we received zero advance notice of what occurred earlier this week. Apparently, some of the individuals terminated in the FOIA enterprise in the OpDivs were recalled to work, and I have no visibility into what that means in the long term as of yet.

To the extent individuals have questions about RIFs, we must simply refer them back to the language in the RIF notices for points of contact along with HHS OHR. I understand that some of the POCs were themselves RIFed, and allegedly, one of the listed POCs is apparently deceased, which is horrible. However, we cannot comment on the RIFs and it is not our place to get involved in the logistics, unfortunately, so we cannot be of assistance with that.

I'm working with the press folks in ASPA to ensure we have clear messaging posted to existing OpDiv FOIA websites about upcoming service delays as the reorg unfolds, as that is an unfortunate inevitability.

Regards,

Bill

William H. Holzerland

Deputy Chief FOIA Officer

Office of the Assistant Secretary for Public Affairs (ASPA)

**Alina M. Semo**
Director, Office of Government Information Services
National Archives and Records Administration
Phone: (202) 741-5771; Cell: (b)(6)

NATIONAL ARCHIVES
OGIS OFFICE of GOVERNMENT INFORMATION SERVICES

OGIS Website
The FOIA Ombuds Blog
X (Formerly Twitter): @FOIA_Ombuds
***********
Physical Address:
732 North Capitol Street, N.W., Suite A702
Washington, DC 20401-0001
Mailing Address:
8601 Adelphi Road – OGIS
College Park, MD 20740-6001

On Thu, Apr 3, 2025 at 2:17 PM Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov> wrote:

Hi, Martha:

The short answer is that I don't have specifics on most of the below. I learned about recent personnel actions by reading about them.

I have no idea what SAMHSA's status is at the moment, since I don't have a comprehensive list of who remains. I had (b) (6) [redacted], but hope to be back soon. One of the directors on my team is out for the next few weeks for similar reasons and the second will be retiring in the next few weeks. We're operating a skeleton crew at the moment.

On granular issues - eg what happens when an email goes to a specified email address at an identified HHS OpDiv - we are miles away from having fixes or even a solid factual landscape for such discrete issues.

i need to manage everyone's expectations as what is clear right now is there will be widespread, significant service delays across nearly every HHS OpDiv FOIA program as we reorganize.

In the meantime, we're going to be triaging and prioritizing as best we can within my office.

Regards,
Bill

William H. Holzerland
Deputy Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs (ASPA)
U.S. Department of Health and Human Services (HHS)
Desk: (202) 260-6635 Mobile: (202) 809-7774

**From:** Martha Murphy <martha.murphy@nara.gov>
**Sent:** Thursday, April 3, 2025 12:37:22 PM
**To:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>
**Cc:** Alina M. Semo <alina.semo@nara.gov>; Kirsten Mitchell <kirsten.mitchell@nara.gov>; Carrie

**From:** Holzerland, William (HHS/ASPA)
**Sent:** Wed, 16 Apr 2025 16:41:10 +0000
**To:** Henneman, Jeffrey (OS/ASPA); Johnson, Danielle (OS/ASPA); Jones, Christine (OS/ASPA)
**Subject:** RE: For completion: SSF FY25 MYR questionnaire (ASFR) – Due Friday, April 18, 3pm

At this time, ASPA is not able to provide a reasonable estimate of the SSF FOIA work or resource needs for the remainder of FY25. FOIA staff at ACF, ACL, CDC, FDA, NIH, and SAMHSA have been recently RIF'd and the OS FOIA team will need to pick up a volume of ongoing and new work that is still being quantified. It is unknown at this time if additional personnel or funding will be dedicated to the absorption of existing HHS FOIA programs, necessitating completion of statutorily-mandated daily work and litigation, far beyond the capacity of the current OS FOIA team. Accordingly, we ask that all current ASPA employees with SSF FOIA payroll distributions be changed to ASPA GDM as work on existing SSF FOIA requests and appeals will be paused pending future reorganization plans in favor of devoting resources to monthly litigation productions. We are happy to discuss in the meeting to be scheduled.

Regards,
Bill

William H. Holzerland
Deputy Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs (ASPA)
U.S. Department of Health and Human Services (HHS)
Desk: (202) 260-6635 Mobile: (202) 809-7774

---

**From:** Henneman, Jeffrey (OS/ASPA) <Jeffrey.Henneman@hhs.gov>
**Sent:** Wednesday, April 16, 2025 12:14 PM
**To:** Johnson, Danielle (OS/ASPA) <Danielle.Johnson@hhs.gov>; Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>; Jones, Christine (OS/ASPA) <Christine.Jones@hhs.gov>
**Subject:** RE: For completion: SSF FY25 MYR questionnaire (ASFR) – Due Friday, April 18, 3pm

Draft FOIA response…

> At this time, ASPA is not able to provide a reasonable estimate of the SSF FOIA work or resource needs for the remainder of FY25. Many FOIA staff in other OpDivs have been recently RIF'd (add detail if you want) and the ASPA/FOIA team will need to pick up these duties. It is unknown at this time if they are to receive additional personnel or funding to perform this work, which is far beyond the capacity of the current ASPA/FOIA team, both SSF and GDM. Accordingly, we ask that all current ASPA employees with SSF FOIA payroll distributions be changed to ASPA GDM as work on SSF FOIA requests and appeals will be suspended pending future reorganization plans. We are happy to discuss in the meeting to be scheduled.

# Exhibit G

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**Litigation No: 25cv1020**
**HHS Case No.: 2025-100005-FOIA-CDC**

**September 30, 2025**

***Sent via email to:***
Amanda Bangle
CREW
Citizens for Responsible Ethics in Washington
abangle@citizensforethics.org

Dear Ms. Bangle:

This is the final response to your Freedom of Information Act (FOIA) request to the Department of Health and Human Services (HHS), dated April 1, 2025, requesting:

1. All guidance, communications, memoranda, directives, policies, or other final directives relating to CDC's plan to take down its FOIA portal website at https://foia.cdc.gov/.
2. All guidance, communications, memoranda, directives, policies, or other final directives relating to CDC's plan to provide an automated email response to requesters' FOIA emails.

We received your request in our office on April 1, 2025.

The Centers for Disease Control and Prevention (CDC) and HHS' Office of the Chief Information Officer located 254 responsive pages. After a careful review, we have determined that portions of those pages are exempt from disclosure pursuant to Exemptions (b)(5) and (b)(6) of the FOIA (5 U.S.C. §552), as described below. Accordingly, your request is granted in part.

FOIA exemption (b)(5) protects inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. This exemption protects documents that would be covered by any privilege an agency could assert in a civil proceeding. These privileges include, among others, the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. In this instance, the deliberative process and attorney-client privileges apply.

We are withholding portions of the responsive records pursuant to Exemption (b)(6). Exemption (b)(6) protects "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The Supreme Court has held that the term "similar files" must be interpreted broadly to include any information that applies to a particular individual. *See Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982).

The records at issue contain personal identifying information, including cell phone numbers of agency employees. Disclosure of this information would not shed light on the operations or activities of the government and would constitute a clearly unwarranted invasion of personal privacy. Accordingly, this information has been withheld. To further FOIA's goal of ensuring transparency with respect to agency operations, we are releasing the work-related cell phone numbers of certain officials with direct FOIA responsibilities. Specifically, the records include the cell phone numbers of the Deputy Agency Chief FOIA Officer and me (Office of the Secretary's FOIA Officer), which are being disclosed to you.

Should you have questions or concerns regarding the Department's response and\or the processing of your request, any such issues should be communicated to your legal counsel and Mason Bracken, mason.bracken@usdoj.gov, the Department of Justice Attorney representing the Department in this matter

Sincerely yours,

Arianne M. Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

Enclosures:
Responsive Records (254 pages)

# Exhibit H

**From:** Carter, Kerey (CDC/OCOO/OCIO/CSPO) <kvc2@cdc.gov>
**Sent:** Monday, April 7, 2025 11:02 AM
**To:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>
**Cc:** Volk, Nathan (CDC/OCOO/OCIO/CSPO) <ent1@cdc.gov>; Sikandar, Nusheen (OS/ASPA) <Nusheen.Sikandar@hhs.gov>; Lancey, Brandon (OS/ASPA) <Brandon.Lancey@hhs.gov>; Perkins, Arianne (OS/ASPA) <Arianne.Perkins@hhs.gov>
**Subject:** RE: CDC FOIA request / PAL website

Thank you for these updates Bill. I can work with my management to help facilitate access to the data your team needs. We are trying to identify a point of contact within our larger business organization who can manage operational decisions. Look forward to partnering on this.

Bruno was updating me on the OPEXUS incident. Will look for the update on the OPEXUS contract.

Here are the CDC FOIA office contact information and email addresses for public inquiries, to my knowledge:

Freedom of Information Act (FOIA) | FOIA | CDC
Email address for FOIA requests - FOIARequests@cdc.gov
Email address for FOIA PAL questions - foiaitteam@cdc.gov

---

**From:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>
**Sent:** Monday, April 7, 2025 10:41 AM
**To:** Carter, Kerey (CDC/OCOO/OCIO/CSPO) <kvc2@cdc.gov>; Perkins, Arianne (OS/ASPA) <Arianne.Perkins@hhs.gov>
**Cc:** Volk, Nathan (CDC/OCOO/OCIO/CSPO) <ent1@cdc.gov>
**Subject:** Re: CDC FOIA request / PAL website

Hello, Kerey:

Thank you for reaching out. I am aware of the personnel changes that occurred last week and recognize this creates some immediate practical challenges for us.

The short answer here is that my team will need access to existing FOIA data, inclusive of that contained within FX, main email addresses that may field customer service inquiries or receive requests, and info pertaining to ongoing litigation.

At the moment, we're going to focus on triaging and identifying the most urgent items in need of attention, recognizing the same process will be playing out across a number of HHS OpDivs simultaneously.

Resources are severely limited at the moment, so CDC can expect that we're going to all be flooded simultaneously as the Department reorganizes.

Adding to the complexity is the fact there exists an ongoing security incident with Opexus, the FX vendor, that may impact the status of existing contracts across HHS for this product. Expect more on that to follow this week.

Bottom line, you're in the right place. We look forward to partnering to shape the path forward.

Regards,
Bill

William H. Holzerland
Deputy Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs (ASPA)
U.S. Department of Health and Human Services (HHS)
Desk: (202) 260-6635 Mobile: (202) 809-7774

---

**From:** Carter, Kerey (CDC/OCOO/OCIO/CSPO) <kvc2@cdc.gov>
**Sent:** Monday, April 7, 2025 10:22:44 AM
**To:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>; Perkins, Arianne (OS/ASPA) <Arianne.Perkins@hhs.gov>
**Cc:** Volk, Nathan (CDC/OCOO/OCIO/CSPO) <ent1@cdc.gov>
**Subject:** CDC FOIA request / PAL website

Good morning. I am the systems security and privacy officer at CDC who supported our FOIA office and worked with Bruno Viana. My understanding is all CDC FOIA office staff were included in the RIF. I am attempting find out what the current FOIA request process workflow is and what should happen with the system hosting our CDC FOIA request / PAL website. Will CDC FOIA requests and processing be centralized at HHS? If there is someone else I should contact, please let me know. Thanks for your assistance.

**Kerey Carter**
**Systems Security and Privacy Officer (SSPO)**
Centers for Disease Control and Prevention (CDC)
Department of Health and Human Services (HHS)
770.488.8674 (office) (b)(6)
IT Incident Reporting: 1.866.655.2245 | nosc@cdc.gov

**From:** Holzerland, William (HHS/ASPA)
**Sent:** Tue, 1 Apr 2025 22:25:26 +0000
**To:** Tress, Deborah W. (CDC/OGC); Ford, Kenya S. (CDC/OGC)
**Subject:** Re: my contact info

I totally get where you're coming from on the path forward.
The FOIA submission web page is not something the comms people who run most of the pages would handle. I'm trying to understand whether this is something we (as in the govt) did, or dysfunction from the vendor.
I want to help sort this out - who in IT and procurement at CDC do I need to speak with in order to get a process implemented to ensure service delivery (in as painless a manner as possible under the circumstances)?
Regards,
Bill

William H. Holzerland
Deputy Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs (ASPA)
U.S. Department of Health and Human Services (HHS)
Desk: (202) 260-6635 Mobile: (202) 809-7774
**From:** Tress, Deborah W. (CDC/OGC) <dew3@cdc.gov>
**Sent:** Tuesday, April 1, 2025 3:51:34 PM
**To:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>; Ford, Kenya S. (CDC/OGC) <kdf6@cdc.gov>
**Subject:** RE: my contact info

I hear you Bill, but these decisions were made by HHS, so CDC will need instructions on the plan forward. Unfortunately, the unit responsible for managing the CDC webpages was also eliminated and that function is transitioning to HHS. But, let me know which option you prefer, and I'll try to make it happen.
Thanks.

---

**From:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>
**Sent:** Tuesday, April 1, 2025 3:47 PM
**To:** Ford, Kenya S. (CDC/OGC) <kdf6@cdc.gov>; Tress, Deborah W. (CDC/OGC) <dew3@cdc.gov>
**Subject:** RE: my contact info

All of the options are suboptimal right now and I worry that shuttling requesters here will add a layer of confusion we do not need.

If our backlog hadn't doubled from ~3k on 10/1 to ~6k today, I'd far prefer the alternative. As it stands, we're doing lit productions and barely keeping up with that.

Trying to get clarity on the path forward, since we do not have the discretion to let requests languish.

Regards,
Bill

William H. Holzerland
Deputy Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs (ASPA)
U.S. Department of Health and Human Services (HHS)
Desk: (202) 260-6635 Mobile: (202) 809-7774

---

**From:** Ford, Kenya S. (CDC/OGC) <kdf6@cdc.gov>
**Sent:** Tuesday, April 1, 2025 3:43 PM
**To:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>; Tress, Deborah W. (CDC/OGC) <dew3@cdc.gov>
**Subject:** RE: my contact info

Can we do that given the 20-day time for responding? Recognizing we may not have a choice.

Kenya
Kenya Ford
Deputy CDC/ATSDR Legal Advisor
Health and Human Services
Office of the General Counsel
Public Health Division
CDC/ATSDR Branch
Telephone: (404) 639-7237
Cell phone: (b)(6)
Email: kdf6@cdc.gov

This email message is intended for the exclusive use of the recipient(s) named above. It may contain information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you think you have received this e-mail message in error, please notify the sender immediately.

---

**From:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>
**Sent:** Tuesday, April 1, 2025 3:42 PM
**To:** Tress, Deborah W. (CDC/OGC) <dew3@cdc.gov>
**Cc:** Ford, Kenya S. (CDC/OGC) <kdf6@cdc.gov>
**Subject:** RE: my contact info

The latter may make the most sense as an interim until we get this sorted.

Regards,
Bill

William H. Holzerland
Deputy Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs (ASPA)
U.S. Department of Health and Human Services (HHS)
Desk: (202) 260-6635 Mobile: (202) 809-7774

---

**From:** Tress, Deborah W. (CDC/OGC) <dew3@cdc.gov>
**Sent:** Tuesday, April 1, 2025 3:38 PM
**To:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>
**Cc:** Ford, Kenya S. (CDC/OGC) <kdf6@cdc.gov>
**Subject:** RE: my contact info

Not clear who made the decision, but would an alternative be to redirect to the HHS intake? Or, the CDC intake would need an automated response that there's a pause in FOIA processing.

---

**From:** Holzerland, William (HHS/ASPA) <William.Holzerland@hhs.gov>
**Sent:** Tuesday, April 1, 2025 3:02 PM
**To:** Tress, Deborah W. (CDC/OGC) <dew3@cdc.gov>
**Subject:** my contact info

Thanks again, Deborah, and my apologies for saddling you with this issue.

If shuttering the page wasn't an active decision within CDC, I would be eternally grateful if you could point me towards the CO or someone in procurement who can get on the phone with the vendor.

Regards,
Bill

William H. Holzerland
Deputy Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs (ASPA)
U.S. Department of Health and Human Services (HHS)
Desk: (202) 260-6635 Mobile: (202) 809-7774

# Exhibit I

**DEPARTMENT OF HEALTH & HUMAN SERVICES** Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No**: **2025-02780-FOIA-OS**

**September 2, 2025**

***Sent via email:***
Mr. Chun Hin Jeffrey Tsoi
Senior Fellow (CREW)
Citizens for Responsibility and Ethics in Wash.
P.O. Box 14596
Washington, DC 20044

Dear Mr. Tsoi:

This acknowledges receipt of your May 21, 2025, Freedom of Information Act (FOIA) request, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division concerning:

- All communications sent or received by any employees of the Centers for Disease Prevention and Control (CDC) that mention, reference, or relate to the Reduction-in-Force of CDC staff on April 1, 2025.
- All memoranda, directives, or other final records relating to the Reduction-in-Force of CDC staff on April 1, 2025."

We received your request on May 21, 2025.

Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 6,000 cases.

If you are not satisfied with any aspect of the processing and handling of this request, you have the right to seek dispute resolution services from:

HHS FOIA/PA Public Liaison
FOI/Privacy Acts Division
Assistant Secretary for Public Affairs (ASPA)
Office of the Secretary (OS)

U.S. Department of Health and Human Services (HHS)
Telephone: (202) 690-7453
E-mail: HHS_FOIA_Public_Liaison@hhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
Telephone: 202-741-5770
Toll-Free: 1-877-684-6448
E-mail: ogis@nara.gov

If you are not already submitting your requests through our Public Access Link (PAL), we recommend all future requests and appeals be submitted through PAL - https://requests.publiclink.hhs.gov/. Submitting requests through PAL automatically logs your requests into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your request, receive your documents directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

Sincerely yours,

Arianne Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

# Exhibit J

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No**: **2025-02781-FOIA-OS**

**September 2, 2025**

***Sent via email:***
Mr. Chun Hin Jeffrey Tsoi
Senior Fellow (CREW)
Citizens for Responsibility and Ethics in Wash.
P.O. Box 14596
Washington, DC 20044

Dear Mr Tsoi:

This acknowledges receipt of your May 21, 2025, Freedom of Information Act (FOIA) request, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division concerning:

1. All communications sent or received by any employees of the Centers for Disease Prevention and Control (CDC) that mention, reference, or relate to the decision to terminate the Healthcare Infection Control Practices Advisory Committee (HICPAC).
2. All memoranda, directives, or other final records relating to the decision to terminate the HICPAC."

We received your request on May 21, 2025.

Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 6,000 cases.

If you are not satisfied with any aspect of the processing and handling of this request, you have the right to seek dispute resolution services from:

HHS FOIA/PA Public Liaison
FOI/Privacy Acts Division
Assistant Secretary for Public Affairs (ASPA)

Office of the Secretary (OS)
U.S. Department of Health and Human Services (HHS)
Telephone: (202) 690-7453
E-mail: HHS_FOIA_Public_Liaison@hhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
Telephone: 202-741-5770
Toll-Free: 1-877-684-6448
E-mail: ogis@nara.gov

If you are not already submitting your requests through our Public Access Link (PAL), we recommend all future requests and appeals be submitted through PAL - https://requests.publiclink.hhs.gov/. Submitting requests through PAL automatically logs your requests into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your request, receive your documents directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

Sincerely yours,

Arianne Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

# Exhibit K

**DEPARTMENT OF HEALTH & HUMAN SERVICES** Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No**: **2025-03154-FOIA-OS**

**September 2, 2025**

***Sent via email:*** agoldstein@citizensforethics.org
Alex Goldstein
CREW

Dear Alex Goldstein:

This acknowledges receipt of your June 25, 2025, Freedom of Information Act (FOIA) request, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division concerning "*1. All communications sent or received by any employees of the Centers for Disease Prevention and Control (CDC) that mention, reference, or relate to the Advisory Committee on Immunization Practices (ACIP) and/or its scheduled June 2025 meeting.*
*2. Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to the Department of Health and Human Services ("HHS") decision to retire 17 members of ACIP and appoint 8 new members.*
*3. Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to the withdrawal of Dr. Michael Ross from ACIP. (Date Range for Record Search: From 1/20/2025 To 6/25/2025)*".

We received your request on June 25, 2025.

Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 3000 cases.

Your request is assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located. You may also wish to await the completion of our records search to discuss either of these options.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame

for the processing of your request, you may contact the HHS FOIA office via email at foiarequest@hhs.gov.

If you are not satisfied with any aspect of the processing and handling of this request, you have the right to seek dispute resolution services from:

HHS FOIA/PA Public Liaison
FOI/Privacy Acts Division
Assistant Secretary for Public Affairs (ASPA)
Office of the Secretary (OS)
U.S. Department of Health and Human Services (HHS)
Telephone: (202) 690-7453
E-mail: HHS_FOIA_Public_Liaison@hhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
Telephone: 202-741-5770
Toll-Free: 1-877-684-6448
E-mail: ogis@nara.gov

If you are not already submitting your requests through our Public Access Link (PAL), we recommend all future requests and appeals be submitted through PAL - https://requests.publiclink.hhs.gov/. Submitting requests through PAL automatically logs your requests into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your request, receive your documents directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

Sincerely yours,

Arianne Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

# Exhibit L

**DEPARTMENT OF HEALTH & HUMAN SERVICES** Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No**: **2025-03155-FOIA-OS**

**September 2, 2025**

***Sent via email:*** agoldstein@citizensforethics.org
Alex Goldstein
CREW

Dear Alex Goldstein:

This acknowledges receipt of your June 25, 2025, Freedom of Information Act (FOIA) request, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division concerning "*1) Any and all statements of policy and interpretations which have been adopted by CDC and are not published in the Federal Register, as required under 5 U.S.C. § 552a(2)(B).*
*2) Any and all administrative staff manuals and instructions to staff that affect a member of the public, as required under 5 U.S.C. § 552a(2)(C).*
*3) Any and all CDC FOIA logs, as required under 5 U.S.C. §§ 552a(2)(D), (E). (Date Range for Record Search: From 1/20/2025 To 6/25/2025)*".

We received your request on June 25, 2025.

Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 3000 cases.

Your request is assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located. You may also wish to await the completion of our records search to discuss either of these options.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the HHS FOIA office via email at foiarequest@hhs.gov.

If you are not satisfied with any aspect of the processing and handling of this request, you have

the right to seek dispute resolution services from:

HHS FOIA/PA Public Liaison
FOI/Privacy Acts Division
Assistant Secretary for Public Affairs (ASPA)
Office of the Secretary (OS)
U.S. Department of Health and Human Services (HHS)
Telephone: (202) 690-7453
E-mail: HHS_FOIA_Public_Liaison@hhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
Telephone: 202-741-5770
Toll-Free: 1-877-684-6448
E-mail: ogis@nara.gov

If you are not already submitting your requests through our Public Access Link (PAL), we recommend all future requests and appeals be submitted through PAL - https://requests.publiclink.hhs.gov/. Submitting requests through PAL automatically logs your requests into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your request, receive your documents directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

Sincerely yours,

Arianne Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

# Exhibit M

**DEPARTMENT OF HEALTH & HUMAN SERVICES** Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No**: **2025-03156-FOIA-OS**

**September 2, 2025**

***Sent via email:*** agoldstein@citizensforethics.org
Alex Goldstein
CREW

Dear Alex Goldstein:

This acknowledges receipt of your June 25, 2025, Freedom of Information Act (FOIA) request, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division concerning "*1) Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to measles rates, treatments, severity, or vaccinations.*
*2) Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to handling public communications or FOIA requests about measles rates, treatments, severity, or vaccinations.*
*3) Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to CDC staff and resources to address measles outbreaks. (Date Range for Record Search: From 1/20/2025 To 6/25/2025)*".

We received your request on June 25, 2025.

Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 3000 cases.

Your request is assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located. You may also wish to await the completion of our records search to discuss either of these options.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the HHS FOIA office via email at foiarequest@hhs.gov.

If you are not satisfied with any aspect of the processing and handling of this request, you have the right to seek dispute resolution services from:

HHS FOIA/PA Public Liaison
FOI/Privacy Acts Division
Assistant Secretary for Public Affairs (ASPA)
Office of the Secretary (OS)
U.S. Department of Health and Human Services (HHS)
Telephone: (202) 690-7453
E-mail: HHS_FOIA_Public_Liaison@hhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
Telephone: 202-741-5770
Toll-Free: 1-877-684-6448
E-mail: ogis@nara.gov

If you are not already submitting your requests through our Public Access Link (PAL), we recommend all future requests and appeals be submitted through PAL - https://requests.publiclink.hhs.gov/. Submitting requests through PAL automatically logs your requests into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your request, receive your documents directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

Sincerely yours,



Arianne Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

# Exhibit N

**DEPARTMENT OF HEALTH & HUMAN SERVICES** Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No**: **2025-03157-FOIA-OS**

**September 2, 2025**

***Sent via email:*** agoldstein@citizensforethics.org
Alex Goldstein
CREW

Dear Alex Goldstein:

This acknowledges receipt of your June 25, 2025, Freedom of Information Act (FOIA) request, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division concerning "*1) Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to the rehiring of CDC employees fired after January 20, 2025, including those fired as part of the implementation at CDC of the February 11, 2025 executive order titled "Department of Government Efficiency' Workforce Optimization Initiative" (90 Fed. Reg. 9669). 2) Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to concerns about the CDC's ability to accomplish aspects of its mission or services because of employee layoffs. 3) Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to the involvement of the Department of Government Efficiency in decisions to fire or hire CDC employees. (Date Range for Record Search: From 1/20/2025 To 6/25/2025)*".

We received your request on June 25, 2025.

Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 3000 cases.

Your request is assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located. You may also wish to await the completion of our records search to discuss either of these options.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the HHS FOIA office via email at foiarequest@hhs.gov.

If you are not satisfied with any aspect of the processing and handling of this request, you have the right to seek dispute resolution services from:

HHS FOIA/PA Public Liaison
FOI/Privacy Acts Division
Assistant Secretary for Public Affairs (ASPA)
Office of the Secretary (OS)
U.S. Department of Health and Human Services (HHS)
Telephone: (202) 690-7453
E-mail: HHS_FOIA_Public_Liaison@hhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
Telephone: 202-741-5770
Toll-Free: 1-877-684-6448
E-mail: ogis@nara.gov

If you are not already submitting your requests through our Public Access Link (PAL), we recommend all future requests and appeals be submitted through PAL - https://requests.publiclink.hhs.gov/. Submitting requests through PAL automatically logs your requests into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your request, receive your documents directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

Sincerely yours,

Arianne Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

# Exhibit O

**DEPARTMENT OF HEALTH & HUMAN SERVICES** Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

**HHS Case No**: **2025-03158-FOIA-OS**

**September 2, 2025**

***Sent via email:*** agoldstein@citizensforethics.org
Alex Goldstein
CREW

Dear Alex Goldstein:

This acknowledges receipt of your June 25, 2025, Freedom of Information Act (FOIA) request, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division concerning "*1) Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to CDC work on autism, including but not limited to the CDC's April 17, 2025 report titled Prevalence and Early Identification of Autism Spectrum Disorder Among Children Aged 4 and 8 Years2 and its review of the link between thimerosal-containing vaccines and autism*
*2) Any and all memoranda, communications, policies, directives, guidance, or other records that mention, reference, or relate to HHS's request that CDC conduct a vaccine-autism study (Date Range for Record Search: From 1/20/2025 To 6/25/2025)*".

We received your request on June 25, 2025.

Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 3000 cases.

Your request is assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located. You may also wish to await the completion of our records search to discuss either of these options.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the HHS FOIA office via email at foiarequest@hhs.gov.

If you are not satisfied with any aspect of the processing and handling of this request, you have the right to seek dispute resolution services from:

HHS FOIA/PA Public Liaison
FOI/Privacy Acts Division
Assistant Secretary for Public Affairs (ASPA)
Office of the Secretary (OS)
U.S. Department of Health and Human Services (HHS)
Telephone: (202) 690-7453
E-mail: HHS_FOIA_Public_Liaison@hhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
Telephone: 202-741-5770
Toll-Free: 1-877-684-6448
E-mail: ogis@nara.gov

If you are not already submitting your requests through our Public Access Link (PAL), we recommend all future requests and appeals be submitted through PAL - https://requests.publiclink.hhs.gov/. Submitting requests through PAL automatically logs your requests into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your request, receive your documents directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

Sincerely yours,

Arianne Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division

# Exhibit P

CREW
CITIZENS FOR
RESPONSIBILITY &
ETHICS IN WASHINGTON

September 2, 2025

Department of Health and Human Services
Freedom of Information Act Office
Hubert H. Humphrey Building, Room 729H
200 Independence Avenue, SW
Washington, D.C. 20201

**Re: <u>Expedited Freedom of Information Act Request</u>**

Dear FOIA Officers:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Department of Health and Human Services ("HHS") regulations.

Specifically, CREW requests all records of the U.S. Centers for Disease Control and Prevention ("CDC"), from January 20, 2025 to the date this request is processed, that mention, reference, or relate to the CDC's decision to remove the COVID-19 vaccine from its recommended vaccine schedule for pregnant women and children.[1]

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, and anyone who was cc'ed or bcc'ed on any emails. If it is your position any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). If some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout

[1] That decision has been widely reported on by various publications. *See, e.g.*, Mike Stobbe, *CDC removes language that says healthy kids and pregnant women should get COVID shots* (May 30, 2025), https://www.pbs.org/newshour/health/cdc-removes-language-that-says-healthy-kids-and-pregnant-women-should-get-covid-shots.; Dr. Jason L. Schwartz, *Revised Recommendations for Covid-19 Vaccines — U.S. Vaccination Policy under Threat*, The New England J. of Med. (June 18, 2025), https://www.nejm.org/doi/full/10.1056/NEJMp2507766.

the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. *See Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

Please be advised that CREW intends to pursue all legal remedies to enforce its rights under FOIA. Accordingly, because litigation is reasonably foreseeable, the agency should institute an agency wide preservation hold on all documents potentially responsive to this request.

**Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. *See id.* § 552(a)(4)(A)(iii). Moreover, the request primarily and fundamentally is for non-commercial purposes. *See, e.g.*, *McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

As discussed in the request for expedited processing below, the requested information is of urgent and critical public interest. The requested records are likely to contribute to a greater public understanding of the CDC's decision-making and operations, its recommended immunization schedules, and the information the CDC considers when making changes to schedules. The public has a right to know the details of the CDC's decision to dramatically modify its recommended immunization schedule and if it was influenced by factors other than scientific accuracy, such as political views.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the public's right to be aware of the activities of government officials, to ensuring the integrity of those officials, and to highlighting and working to reduce the influence of money on politics. CREW uses a combination of research, litigation, and advocacy to advance its mission. CREW intends to analyze the information responsive to this request and to share its analysis with the public through reports, press releases, or other means. In addition, CREW will disseminate any documents it acquires from this request to the public through its website, www.citizensforethics.org. The release of information obtained through this request is not in CREW's financial interest.

CREW further requests that it not be charged search or review fees for this request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because CREW qualifies as a member of the news media. *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989) (holding non-profit a "representative of the news media" and broadly interpreting the term to include "any person or organization which regularly publishes or disseminates information to the public").

CREW routinely disseminates information obtained through FOIA to the public in several ways. For example, CREW's website receives hundreds of thousands of page views every month. The website includes blogposts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as

numerous reports CREW has published to educate the public about these issues. These reports frequently rely on government records obtained through FOIA. CREW also posts the documents it obtains through FOIA on its website. Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

**Expedited Processing Request**

CREW is entitled to expedited processing because there is an "urgency to inform the public concerning actual or alleged Federal Government activity," and CREW "is primarily engaged in disseminating information," 5 U.S.C. § 552(6)(E)(v)(II); *see also* 45 C.F.R. § 5.27(b)(2).

CREW is "primarily engaged in disseminating information" to the public. This "standard 'requires that information dissemination be the main [and not merely an incidental] activity of the requestor,'" but "publishing information 'need not be [the organization's] sole occupation.'" *Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017). CREW routinely disseminates information obtained through FOIA to the public in several ways. For example, CREW's website receives hundreds of thousands of page views every month. The website includes blogposts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as numerous reports CREW has published to educate the public about these issues. These reports frequently rely on government records obtained through FOIA. CREW also posts the documents it obtains through FOIA on its website. CREW is a credible requestor and disseminator of information often relied on by major media outlets.[2]

There are widespread media reports that cases of COVID-19 are currently rising across the United States.[3] Yet, amidst surging cases, HHS Secretary Robert F. Kennedy Jr. announced on May 27, 2025 that COVID-19 vaccines have been "removed from the CDC recommended immunization schedule" for "healthy children and healthy pregnant

---

[2] *See, e.g.*, *Citizens for Responsibility and Ethics in Washington*, N.Y. Times, https://www.nytimes.com/topic/citizens-for-responsibility-and-ethics-in-washington (last visited Nov. 20, 2024) (list of New York Times articles referencing CREW spanning over a decade); Ed Pilkington and Dharna Noor, *Top US ethics watchdog investigating Trump over dinner with oil bosses*, The Guardian (May 15, 2024), https://www.theguardian.com/us-news/article/2024/may/15/ethics-watchdog-investigating-trump-big-oil (referring to CREW as "Top US ethics watchdog").

[3] *See, e.g.*, Shreya Srinivasan & Berkeley Lovelace Jr., *Summer Covid Cases Are Rising Across the U.S. — is it Time for a Vaccine?*, NBC News (July 23, 2025), https://www.nbcnews.com/health/health-news/covid-vaccine-nb181-us-cases-rise-summer-razor-blade-throat-rcna220223; Caroline Kee, *Is the US in a Summer COVID Surge? Cases are Rising in These States*, TODAY (Aug. 4, 2025), https://www.today.com/health/coronavirus/covid-2025-summer-surge-rcna218754; Melody Schreiber, *Covid Cases Rising in US as Officials Plan to Restrict Booster Vaccines*, The Guardian (Aug. 5, 2025), https://www.theguardian.com/world/2025/aug/05/us-covid-cases-rising. The CDC itself reports that cases are growing across 36 states. *See* CDC, *Current Epidemic Trends (Based on* $R_t$*) for States* (Aug. 22, 2025), https://www.cdc.gov/cfa-modeling-and-forecasting/rt-estimates/index.html.

women."[4] Shortly thereafter, the CDC revised its COVID-19 vaccine recommendation language, removing guidance that endorsed use of COVID-19 vaccines during pregnancy and altering its language regarding healthy children—shifting from a recommendation for routine administration to a statement the vaccines may be administered if desired by parents and informed by shared decision-making with their clinician.[5] Secretary Kennedy's announcement and the CDC's altered guidance have triggered immediate concern and backlash[6]; some from leading medical organizations have even brought litigation.[7] And just last week, both the American Academy of Pediatrics and the American College of Obstetricians and Gynecologists issued guidance recommending the COVID-19 vaccine for pregnant women and children.[8]

Against this backdrop, it is clear that CREW's request warrants expedited processing because (1) the request concerns a matter of current exigency to the American public; (2) the consequences of delaying a response would compromise a significant recognized interest; and (3) the request concerns federal government activity. *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001).

First, the requested records concern a matter of current exigency to the American public insofar as they are "the subject of a currently unfolding story" about a major change to the CDC's COVID-19 vaccination recommendations during the ongoing COVID-19 epidemic. *Id.* The CDC's shifting vaccine policy for COVID-19 has been a focal point in the news,[9] as part of broader coverage and concern regarding shifting CDC and HHS guidance on vaccinations generally.[10]

---

[4] *See* Rob Stein, *RFK Jr. Says COVID Shots no Longer Recommended for Kids, Pregnant Women*, NPR (May 27, 2025), https://www.npr.org/sections/shots-health-news/2025/05/27/nx-s1-5413179/covid-vaccine-children-pregnant-rfk-cdc.

[5] *See, e.g.*, Stobbe, *supra* note 1; Schwartz, *supra* note 1; Alexander Tin, *CDC now says kids "may receive" COVID-19 vaccines, should talk to their doctors*, CBS News (May 30, 2025), https://www.cbsnews.com/news/cdc-kids-covid-19-vaccine-recommendation/.

[6] *See, e.g.*, Asuka Koda, *New federal Covid-19 vaccine policies are already keeping some people from getting shots*, CNN (June 12, 2025), https://www.cnn.com/2025/06/12/health/covid-vaccine-pregnant-women.

[7] *See* Will Stone, *RFK Jr.'s Vaccine Policy Sparks a Lawsuit From the American Academy of Pediatrics*, NPR (July 8, 2025), https://www.npr.org/sections/shots-health-news/2025/07/08/nx-s1-5459978/rfk-jr-vaccine-pediatrics-public-health-lawsuit.

[8] *See, e.g.*, Deidre McPhillips, *Another major medical association breaks from CDC as ob/gyn group recommends Covid-19 vaccines during pregnancy*, CNN (Aug. 22, 2025), https://www.cnn.com/2025/08/22/health/covid-vaccine-pregnancy-acog-recommendations; Stephanie Sy & Jackson Hudgins, *Why the American Academy of Pediatrics is diverging from CDC vaccine guidelines*, PBS News Hour (Aug. 20, 2025), https://www.pbs.org/newshour/show/why-the-american-academy-of-pediatrics-is-diverging-from-cdc-vaccine-guidelines.

[9] *See, e.g.*, *supra* notes 1, 4-8.

[10] *See, e.g.*, Helen Branswell, *HHS Orders CDC to Halt Some Vaccine Ads, Saying RFK Jr. Wants Message Focused on 'Informed Consent'*, STAT (Feb. 20, 2025), https://www.statnews.com/2025/02/20/cdc-vaccine-promotions-rfk-jr-informed-consent/;

Second, given the ongoing COVID-19 epidemic, the public urgently needs to know the details of the CDC's decision to modify its COVID-19 vaccination recommendations. In particular, the public needs to know whether the decision was evidence-based or politically motivated. Because COVID-19 cases are rising nationally,[11] this is a critical time for the CDC to be transparent about its operations, and for the public to be assured that the CDC will operate in the best interest of American public health.

Finally, the modification of official health guidance from a federal agency concerns quintessential federal government activity.

The undersigned certifies that the above statement is true and correct.

**Conclusion**

If you have any questions about this request or foresee any problems in fully releasing the requested records, please email agoldstein@citizensforethics.org and foia@citizensforethics.org or call (202) 408-5565. Also, if CREW's request for a fee waiver is denied, please contact our office immediately upon making such a determination.

Where possible, please produce records in electronic format. Please send the requested records to agoldstein@citizensforethics.org and foia@citizensforethics.org. Thank you for your assistance in the matter.

Sincerely,

Alex Goldstein

Alex Goldstein
Associate Counsel

---

Tina Reed, *RFK Jr. Contradicts CDC on Causes of Autism*, Axios (Apr. 16, 2025), https://www.axios.com/2025/04/16/kennedy-cdc-autism-rates/; Alexander Tin, *RFK Jr. Asks CDC for New Measles Treatment Guidance Amid His Unfounded Claims*, CBS News (May 1, 2025), https://www.cbsnews.com/news/rfk-jr-cdc-measles-treatment-guidance/; Amanda Seitz, *RFK Jr. pulls funding for vaccines being developed to fight respiratory viruses*, PBS News (Apr. 5, 2025), https://www.pbs.org/newshour/health/rfk-jr-pulls-funding-for-vaccines-being-developed-to-fight-respiratory-viruses.

[11] *See supra* note 2.

# Exhibit Q

CRWE

CITIZENS FOR
RESPONSIBILITY &
ETHICS IN WASHINGTON

September 5, 2025

Department of Health and Human Services
Freedom of Information Act Office
Hubert H. Humphrey Building, Room 729H
200 Independence Avenue, SW
Washington, D.C. 20201

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Department of Health and Human Services ("HHS") regulations.

Specifically, CREW requests the following records of the U.S. Centers for Disease Control and Prevention ("CDC"):

1. All records pertaining to the roles and responsibilities of former CDC Director Susan Monarez and CDC Chief of Staff Matt Buzzelli between March 24, 2025, when Monarez was nominated to serve as CDC Director and by law could no longer serve as Acting Director, and July 29, 2025, when she was confirmed as Director.

2. All memoranda, directives, and other final records relating to the decision to reportedly make Buzzelli the CDC Acting Director before Monarez was confirmed on July 29, 2025.

3. All directives, memoranda, communications, and other final records relating to the vaccine policies and vaccine-policy disagreements that reportedly led to Monarez's ouster as Director on or about August 27, 2025.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, and anyone who was cc'ed or bcc'ed on any emails.

If it is your position any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). If some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. *See Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

Please be advised that CREW intends to pursue all legal remedies to enforce its rights under FOIA. Accordingly, because litigation is reasonably foreseeable, the agency should institute an agencywide preservation hold on all documents potentially responsive to this request.

**Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. *See id.* § 552(a)(4)(A)(iii). Moreover, the request primarily and fundamentally is for non-commercial purposes. *See, e.g.*, *McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

Susan Monarez was Acting Director of the CDC from January 23, 2025 to March 24, 2025.[1] On March 24, President Trump nominated Monarez to be Director of the CDC.[2] By law, she could no longer serve as Acting Director after this point. But CDC's website and two separate memos sent to CDC staff reportedly stated that Monarez remained in control of the agency.[3] In mid-May, HHS Secretary Robert F. Kennedy Jr. stated in congressional testimony that Matt Buzelli was serving as Acting Director.[4] Yet this testimony did not quell confusion about CDC's leadership, including because the agency declined to confirm Buzzelli's status or otherwise clearly indicate that he was serving as the CDC Acting Director.[5]

---

[1] *See, e.g.*, Melody Schreiber, *Who is in charge at the US Centers for Disease Control and Prevention?*, The Guardian (June 29, 2025), https://www.theguardian.com/us-news/2025/jun/29/who-is-in-charge-at-the-cdc; Helen Branswell, *Does the CDC have an acting director?*, Stat News (May 16, 2025), https://www.statnews.com/2025/05/16/does-the-cdc-have-an-actingdirector-yes-says-rfkjr/.

[2] Donald J. Trump (@realDonaldTrump), TRUTH SOCIAL (Mar. 24, 2025, 4:12 PM), https://truthsocial.com/@realDonaldTrump/posts/114219231809224627.

[3] Jeremy Faust, *Scoop: CDC has no Acting Director, sources confirm.*, INSIDE MEDICINE (April 9, 2025), https://insidemedicine.substack.com/p/scoop-cdc-has-no-acting-director.

[4] *See, e.g.*, *Branswell*, *supra* note 1.

[5] *See, e.g.*, Schreiber, *supra* note 1; *Branswell*, supra note 1; Maya Goldman, *Questions swirl over who's running the CDC*, Axios (June 5, 2025), https://www.axios.com/2025/06/05/cdc-director-leadership-vacancy-rfk; Hellen Branswell & Daniel Payne, *Blunt Rochester presses RFK Jr. on CDC acting director*, Stat News (May 20,

These conflicting accounts, and the absence of legally authorized CDC leadership, concerned many in the past months.[6] The public has a right to know who was in charge of the CDC as major changes at the agency, including the dismissal of all members of the CDC's vaccine advisory panel and the firing of over 2400 CDC employees, played out.[7]

Moreover, the CDC's leadership uncertainty continues. Monarez was ousted as CDC Director on or about August 27, 2025, less than a month after she was sworn in.[8] Monarez's abrupt firing has generated considerable attention and concern, with ongoing media reporting indicating that Monarez was forced out because of her refusal to go along with vaccine policies that she and others believed flew in the face of science.[9] The public has a right to know exactly what led to Monarez's ouster and whether it was in fact motivated by bad science.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the public's right to be aware of the activities of government officials, to ensuring the integrity of those officials, and to highlighting and working to reduce the influence of money on politics. CREW uses a combination of research, litigation, and advocacy to advance its mission. CREW intends to analyze the information responsive to this request and to share its analysis with the public through reports, press releases, or other means. In addition, CREW will disseminate any documents it acquires from this request to the public through its website, www.citizensforethics.org. The release of information obtained through this request is not in CREW's financial interest.

---

2025), https://www.statnews.com/2025/05/20/blunt-rochester-presses-rfk-jr-on-cdc-acting-director/.

[6] *See, e.g.*, *supra* notes 1, 5.

[7] *See, e.g.*, Brandy Zadronzy *et al.*, *CDC staff and retired workers call for Kennedy's resignation in a protest outside headquarters*, NBC News (June 10, 2025), https://www.nbcnews.com/health/health-news/cdc-workers-call-kennedy-resignation-protest-rcna212104.

[8] *See, e.g.*, Mike Stobbe *et al.*, *CDC gets new acting director as leadership turmoil leaves agency reeling*, AP News (Aug. 28, 2025), https://apnews.com/article/cdc-monarez-fired-trump-kennedy-vaccines-science-17fd8a19064e39906bc0125fd81e3525; Lena H. Sun *et al.*, *White House fires CDC director who says RFK Jr. is 'weaponizing public health'*, The Wash. Post (Aug. 28, 2025), https://www.washingtonpost.com/health/2025/08/27/susan-monarez-cdc-director-ousted/.

[9] *See supra* note 8; *see also, e.g.*, Erika Edwards & Berkeley Lovelace Jr., *CDC crisis triggered by upcoming vaccine meeting, leading to director's firing and resignations*, NBC News (Aug. 28, 2025), https://www.nbcnews.com/health/health-news/cdc-crisis-vaccine-meeting-director-fired-rfk-jr-rcna227777; Sheryl Gay Stolberg *et al.*, *White House Says New C.D.C. Director Is Fired, but She Refuses to Leave*, The N.Y. Times (Aug. 27, 2025), https://www.nytimes.com/2025/08/27/health/cdc-monarez-kennedy-vaccines.html#selection-521.0-521.71.

CREW further requests that it not be charged search or review fees for this request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because CREW qualifies as a member of the news media. *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989) (holding non-profit a "representative of the news media" and broadly interpreting the term to include "any person or organization which regularly publishes or disseminates information to the public").

CREW routinely disseminates information obtained through FOIA to the public in several ways. For example, CREW's website receives over 150,000 page views every month. The website includes blogposts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as numerous reports CREW has published to educate the public about these issues. These reports frequently rely on government records obtained through FOIA. CREW also posts the documents it obtains through FOIA on its website.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

**Conclusion**

If you have any questions about this request or foresee any problems in fully releasing the requested records, please email agoldstein@citizensforethics.org and foia@citizensforethics.org or call me at (202) 408-5565. Also, if CREW's request for a fee waiver is denied, please contact our office immediately upon making such a determination.

Where possible, please produce records in electronic format. Please send the requested records to agoldstein@citizensforethics.org and foia@citizensforethics.org. Thank you for your assistance in this matter.

Sincerely,

Alex Goldstein

Alex Goldstein
Associate Counsel

# Exhibit R

# This site can’t be reached

The connection was reset.

Try:

- Checking the connection
- Checking the proxy and the firewall
- Running Windows Network Diagnostics

ERR_CONNECTION_RESET

Reload

Details

# Exhibit S

The Trump Administration is working to reopen the government for the American people. Mission-critical activities of CDC will continue during the Democrat-led government shutdown. Certain federal government activities have ceased due to a lack of appropriated funding. During the government shutdown, only web sites supporting excepted functions will be updated. As a result, the information on this website may not be up to date and the agency may not be able to respond to inquiries.

CDC Freedom of Information Act (FOIA)

# FOIA Resources

For Everyone
SEPT. 16, 2024

**CDC FOIA UPDATE**

If you have questions about the FOIA process, please email FOIARequest@hhs.gov. Submit all FOIA requests to:

FOIA

**PURPOSE**

Resources to assist users with FOIA-related questions and tasks, including the submitting and tracking of FOIA requests.

## References

Below are general resources to learn more about FOIA

- CDC FOIA Statistics PDF
- CDC FOIA Annual Reports
- CDC FOIA Request Log
- FOIA Statute (includes amendments to the statute, "FOIA Improvement Act of 2016"
- HHS FOIA Regulations
- Trainings – Department of Justice Office of Information Policy
- Food and Animal Contact Outbreaks FOIA Guide DOC

## FOIA Regulations

Freedom of Information Regulations
(FOIA) Department of Health & Human Services

## E-Z Guide to FOIA Exemptions

**Exemption 1** – protects national security information concerning national defense or foreign relations.

**Exemption 2** – covers records related solely to internal personnel rules and practices of an agency. Low 2 – trivial requests involving matters of no public interest. High 2 – disclosure would allow circumvention of agency regulations.

**Exemption 3** – authorizes withholding of information prohibited from disclosure by another Federal statute .

**Exemption 4** – exempts trade secrets and information which is commercial or financial.

**Exemption 5** – protects records of a predecisional nature, as necessary. Such records typically contain the opinions, conclusions, or recommendations of the author and are part of the decision-making/deliberative process. Encompasses inter-agency or intra-agency memoranda or documents; attorney-work product; attorney-client communications.

**Exemption 6** – provides protection for personal privacy interests; permits withholding documents if disclosure would be a clearly unwarranted invasion of personal privacy.

**Exemption 7** – protects from mandatory disclosure records compiled for law enforcement proceedings. Protects identities of personal information and confidential sources. Protects records in their entirety on ongoing investigations.

**Exemption 8** – covers matters contained in or related to reports prepared by or for use by an agency responsible for regulation of financial institutions.

**Exemption 9** – pertains to geological and geophysical information and data concerning wells and includes maps.

SOURCES

**CONTENT SOURCE:**
Freedom of Information Act (FOIA); Centers for Disease Control and Prevention

# Exhibit T

# This site can’t be reached

The connection was reset.

Try:

- Checking the connection
- Checking the proxy and the firewall
- Running Windows Network Diagnostics

ERR_CONNECTION_RESET

Reload

Details

# Exhibit U

An official website of the United States government

Mission-critical activities of HHS will continue during the Democrat-led government shutdown. Please use this site as a resource as the Trump Administration works to reopen the government for the American people.

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES



# Office of the Secretary FOIA Library / Electronic Reading Room

Before submitting a FOIA request, we recommend searching all the available repositories below:

The HHS website contains such materials as certain agency manuals, specific agency policy statements, and opinions developed in the adjudication of cases.

# Other HHS FOIA Libraries:

- Administration for Children and Families <https://www.acf.hhs.gov/e-reading-room>
- Administration for Community Living <https://www.acl.gov/site_utilities/foia/index.aspx#eroom>
- Agency for Healthcare Research and Quality <https://www.ahrq.gov/policy/foia/foiaindx.html>
- Centers for Disease Control and Prevention & Agency for Toxic Substances and Disease Registry <https://www.cdc.gov/od/foia/reading/index.htm>
- Center for Medicare & Medicaid Services <https://www.cms.gov/regulations-and-guidance/legislation/foia/rdgroom.html>
- Food and Drug Administration <https://www.fda.gov/regulatoryinformation/foi/electronicreadingroom/default.htm>
- Health Resources and Services Administration <https://www.hrsa.gov/foia/electronicreading.html>
- Indian Health Service
- Office of Inspector General <https://oig.hhs.gov/foia/efoia.asp>
- National Institutes of Health <https://www.nih.gov/institutes-nih/nih-office-director/office-communications-public-liaison/freedom-information-act-office/nih-foia-library>
- Substance Abuse and Mental Health Services Administration <https://www.samhsa.gov/foia>

# HHS FOIA Library Material:

**FOIA Logs**

- FOIA Logs </foia/electronic-reading-room/foia2017/index.html>

### FOIA Litigation Releases

- FOIA Litigation Releases </foia/electronic-reading-room/litigation-releases/index.html>

### Final Opinions

- Departmental Appeals Board Decisions </dab/decisions/index.html>

### Policy Statements

- HHS Policy for Records Management </web/governance/digital-strategy/it-policy-archive/hhs-ocio-policy-for-records-management.html>
- HHS Policy for Improving Race and Ethnicity Data <https://aspe.hhs.gov/basic-report/hhs-implementation-guidance-data-collection-standards-race-ethnicity-sex-primary-language-and-disability-status>

### Administrative Staff Manuals/Instructions to Staff

- Freedom of Information Act Foreseeable Harm Standard [PDF, 213 KB] </sites/default/files/2024-april-5-aspa-foreseeable-harm-memo.pdf>
- HHS Administrative Manuals </about/hhs-manuals/index.html>
- Guidance to HHS FOIA Offices About Mailing SSNs [PDF, 186 KB] </sites/default/files/ssn-foia-pa-div-guidance-protecting-ssns.pdf>
- Information for Prospective Requesters Seeking Contract Documents [PDF, 183 KB] </sites/default/files/information-prospective-requesters-seeking-contract-documents.pdf>

### Frequently Requested Records

- COVID-19 Contracts </foia/coronavirus-contracts/index.html>
- 2016/2017 HHS Presidential Transition Documents </foia/transition.html>
- SIGNED - ASH to DEA Letter Marijuana [PDF, 86 KB] </sites/default/files/signed-ash-to-dea-letter-marijuana.pdf>

- Ratification of Prior Appointment and Prospective Appointment Appointment Affidavit June 2023 [PDF, 226 KB] </sites/default/files/ratification-appointment-affidavit-2023.pdf>
- Sharpless 2017 Ethics Agreements [PDF, 1.57 MB] </sites/default/files/sharpless-2017-ethics-agreements.pdf>
- Examples of 2018 Title X Grant Applications [PDF, 7.86 MB] </sites/default/files/examples-of-2018-title-x-grant-applications.pdf>
  - People using assistive technology may not be able to fully access information in this file. For assistance, please contact Diane Foley 240-453-2888
- Public Comments for "Removing Barriers for Religious and Faith-Based Organizations to Participate in HHS Programs and Receive Public Funding" <https://www.regulations.gov/document/hhs-os-2017-0002-0001>
- Dr. Fitzgerald Ethics Agreement [PDF, 4.55 MB] </sites/default/files/dr-fitzgerald-ethics-agreement.pdf>
- Correspondence from the Chairman and CEO of Aetna [PDF, 480 KB] </sites/default/files/aetna-release-response.pdf>
- Network Intrusion Attempts Database [XLSX, 114 KB] </sites/default/files/federal%20times%20-%20network%20data%20intrusion%20response.xlsx>
  - Network Intrusion Attempts Response Letter [PDF, 33 KB] </sites/default/files/federal%20times%20response%20letter%20-%202015-01051-foia-os.pdf>
- HHS EFOIA Reading Room Certification </foia/electronic-reading-room/reading-room-certification/index.html>
- HHS FOIA Reference Materials </foia/statutes-and-resources/index.html>
- Office of Inspector General Reports, Audits, etc. <https://oig.hhs.gov/>
- Office of the Inspector General Corporate Integrity Agreements <https://oig.hhs.gov/compliance/corporate-integrity-agreements/index.asp> (NOTE: includes directions on obtaining settlement agreements from the Department of Justice)

- Office of Civil Rights/ Health Insurance Portability and Accountability Act (HIPAA) </ocr/privacy/hipaa/understanding/summary/index.html>
- HHS Administrative Manuals </about/hhs-manuals/index.html>

# Operation Warp Speed:

- Becton, Dickinson, & Company, Expanding Domestic Production of Needles & Syringes [PDF, 2.83 MB] </sites/default/files/becton-dickinson-company-expanding-domestic-production-needles-syringes.pdf>*
- Janssen Corp COVID-19 Vaccine Contract [PDF, 16.48 MB] </sites/default/files/janssen-corp-covid-19-vaccine-contract.pdf>*
- Ology Bioservices Therapeutic [PDF, 4.73 MB] </sites/default/files/ology-bioservices-therapeutic.pdf>*
- Pfizer, Inc. COVID-19 Vaccine Contract [PDF, 8.25 MB] </sites/default/files/pfizer-inc-covid-19-vaccine-contract.pdf>*
- RTI, Expanding Production of Needles and Syringes [PDF, 5.42 MB] </sites/default/files/rti-expanding-production-needles-syringes.pdf>*

**Proactive Releases**

- IDIQ agreement for testing equipment and tests with Cepheid [PDF, 10.32 MB] </sites/default/files/idiq-agreement-testing-equipment-tests-with-cepheid.pdf>*
- mAbs infusion capacity agreement with KPMG [PDF, 8.08 MB] </sites/default/files/mabs-infusion-capacity-agreement-with-kpmg.pdf>*
- mAbs manufacturing platform development agreement with Ology [PDF, 31.72 MB] </sites/default/files/mabs-manufacturing-platform-development-agreement-with-ology.pdf>*
- mABs production contract with Regeneron [PDF, 11.59 MB] </sites/default/files/mabs-production-contract-with-regeneron.pdf>*
- Merck mAB therapeutic production contract [PDF, 17.73 MB] </sites/default/files/merck-mab-therapeutic-production-contract.pdf>*

- Needle and Syringe capacity expansion project agreement with Smith Medical ASD [PDF, 17.04 MB] </sites/default/files/needle-syringe-capacity-expansion-project-agreement-with-smith-medical-asd.pdf>*
- SARS-COV-2 LFI Kits Order from ANP Tech [PDF, 1.45 MB] </sites/default/files/sars-cov-2-lfi-kits-order-from-anp-tech.pdf>*
- Tech Transfer agreement with Microbiologics [PDF, 16.14 MB] </sites/default/files/tech-transfer-agreement-with-microbiologics.pdf>*
- Vaccine Donation Contract with Pfizer [PDF, 7.90 MB] </sites/default/files/vaccine-donation-contract-with-pfizer.pdf>*
- Vaccine Agreement with Novavax, Mods 1 thru 3 [PDF, 10.22 MB] </sites/default/files/vaccine-agreement-with-novavax.pdf>*
- Therapeutics Contract with Eli Lilly, Mod 2 [PDF, 3.85 MB] </sites/default/files/therapeutics-contract-with-eli-lilly.pdf>*
- Redacted, Therapeutic Contract with Eli Lilly, Mod 8 [PDF, 2.06 MB] </sites/default/files/redacted-therapeutic-contract-with-eli-lilly.pdf>*
- Redacted, On-site temperature monitoring contract with Controlant HF, mods 5, 7 and 8 [PDF, 3.64 MB] </sites/default/files/redacted-on-site-temperature-monitoring-contract-with-controlant-hf.pdf>*
- Needles and Syringes Contract with Dupross, mods 4 thru 7 [PDF, 12.39 MB] </sites/default/files/needles-and-syringes-contract-with-dupross-mods-4-thru-7.pdf>*
- Needles and Syringes Contract with Dupross, Mod 9 [PDF, 5.05 MB] </sites/default/files/needles-and-syringes-contract-with-dupross-mod-9.pdf>*
- Needles and Syringes Capacity Expansion Agreemen with Becton and Dickson, Mod 3 [PDF, 3.50 MB] </sites/default/files/needles-and-syringes-capacity-expansion-agreemen-with-becton-and-dickson.pdf>*
- Moderna Vaccine Contract, Mods 7 thru 10 [PDF, 9.17 MB] </sites/default/files/moderna-vaccine-contract-mods-7-thru-10.pdf>*

- Goldbelt Needles and Syringes Contract, mod 12 [PDF, 647 KB] </sites/default/files/goldbelt-needles-and-syringes-contract.pdf>*
- Fill-finish capacity agreement with GRAM, Mods 1 thru 5 [PDF, 5.79 MB] </sites/default/files/fill-finish-capacity-agreement-with-gram.pdf>*
- COVID therapeutic contract with Regeneron, Mod 4 [PDF, 839 KB] </sites/default/files/covid-therapeutic-contract-with-regeneron.pdf>*
- Biomedical support services contract with Tauri, mod 17 [PDF, 858 KB] </sites/default/files/biomedical-support-services-contract-with-tauri.pdf>*
- Agreement for Needles and Syringes Capacity Expansion with Retractable Tech, Mod 2 [PDF, 6.24 MB] </sites/default/files/agreement-for-needles-and-syringes-capacity-expansion-with-retractable-tech.pdf>*
- Agreement for COVID therapeutic with Eli Lilly, Mod 3 [PDF, 274 KB] </sites/default/files/agreement-for-covid-therapeutic-with-eli-lilly.pdf>*
- Needles and Syringes Contract with Goldbelt, Mod 12 [PDF, 991 KB] </sites/default/files/needles-and-syringes-contract-with-goldbelt.pdf>*
- PPE supply contract with Federal Resources Supply [PDF, 4.59 MB] </sites/default/files/ppe-supply-contract-with-federal-resources-supply.pdf>*
- Hand Sanitizer Supply Contract with Goldbelt [PDF, 4.36 MB] </sites/default/files/hand-sanitizer-supply-contract-with-goldbelt.pdf>*
- Delivery Order for FDA Cleared NGDS Instrument from Biofire [PDF, 1.42 MB] </sites/default/files/delivery-order-for-fda-cleared-ngds-instrument-from-biofire.pdf>*
- Contract for non-contract thermometers with Atlantic Diving Supply [PDF, 2.73 MB] </sites/default/files/contract-for-non-contract-thermometers-with-atlantic-diving-supply.pdf>*
- Cell culture media manufacturing lines with Global Life Sciences Solutions [PDF, 4.74 MB] </sites/default/files/cell-culture-media-manufacturing-lines-with-global-life-sciences-solutions.pdf>*
- Bulk Sanitizer with JFW [PDF, 4.72 MB] </sites/default/files/bulk-sanitizer-with-jfw.pdf>*

- Agreement for electroporation device and array with Inovio [PDF, 12.51 MB] </sites/default/files/agreement-for-electroporation-device-and-array-with-inovio.pdf>*
- Agreement for High Yield Anti-Covid-19 Immune Globulin Hyperimmune Manufacturing Process with Plasma Tech [PDF, 3.91 MB] </sites/default/files/agreement-for-high-yield-anti-covid-19-immune-globulin-hyperimmune-manufacturing-process-with-plasma-tech.pdf>*
- Agreement for mAB prototype with AstraZeneca [PDF, 15.03 MB] </sites/default/files/agreement-for-mab-prototype-with-astrazeneca.pdf>*
- Agreement for prototyping antibodies therapeutic with Imunome [PDF, 6.88 MB] </sites/default/files/agreement-for-prototyping-antibodies-therapeutic-with-imunome.pdf>*
- Agreement for prototyping volatile organic compounds detector with Worlds Enterprises [PDF, 21.72 MB] </sites/default/files/agreement-for-prototyping-volatile-organic-compounds-detector-with-worlds-enterprises.pdf>*
- Agreement for Tech Transfer with IIT Research Institute [PDF, 11.22 MB] </sites/default/files/agreement-for-tech-transfer-with-iit-research-institute.pdf>*
- Agreement to conduct covalescent plasma clincial trials with Emergent Biosolutons [PDF, 6.28 MB] </sites/default/files/agreement-to-conduct-covalescent-plasma-clincial-trials-with-emergent-biosolutons.pdf>*
- Agreement to conduct therapeutic clinical trials with Henry F. Jackson Foundation [PDF, 8.24 MB] </sites/default/files/agreement-to-conduct-therapeutic-clinical-trials-with-henry-jackson-foundation.pdf>*
- Agreement to conduct therapeutic clinical trials with Pharm-Olam [PDF, 11.02 MB] </sites/default/files/agreement-to-conduct-therapeutic-clinical-trials-with-pharm-olam.pdf>*
- Agreement to Develop a Domestic Continental U.S.-Based Hybrid Pharmaceutical Vial, SIO2 Medical Products [PDF, 12.03 MB] </sites/default/files/agreement-to-develop-domestic-continental-us-based-hybrid-pharmaceutical-vial-sio2-medical-products.pdf>*
- Agreement to Develop LFI Kits from ANP Tech [PDF, 8.24 MB] </sites/default/files/agreement-to-develop-lfi-kits-from-anp-tech.pdf>*

- Bulk Gloves Contract with Culmen [PDF, 6.36 MB] </sites/default/files/bulk-gloves-contract-with-culmen.pdf>*
- Disclosure of Lobbying Activities - GlaxoSmithKline [PDF, 678 KB] </sites/default/files/disclosure-of-lobbying-activities-glaxosmithkline.pdf>*
- GlaxoSmithKline Holdings (Americas) Inc. Small Business Subcontracting Plan [PDF, 1.80 MB] </sites/default/files/glaxosmithkline-holdings-americas-inc-small-business-subcontracting-plan.pdf>*
- GSK Exhibit A Contract Data Requirements List [PDF, 1.04 MB] </sites/default/files/gsk-exhibit-a-contract-data-requirements-list.pdf>*
- GlaxoSmithKline COVID-19 Vaccine Contract [PDF, 6.18 MB] </sites/default/files/glaxosmithkline-covid-19-vaccine-contract.pdf>*
- AstraZeneca COVID-19 Vaccine Trials Contract [PDF, 12.50 MB] </sites/default/files/astrazeneca-covid-19-vaccine-trials-contract.pdf>*
- AstraZeneca COVID-19 Vaccine Letter Contract [PDF, 5.61 MB] </sites/default/files/astrazeneca-covid-19-vaccine-letter-contract.pdf>*
- Disclosure of Lobbying Activities - AstraZeneca [PDF, 127 KB] </sites/default/files/disclosure-of-lobbying-activities-astrazeneca.pdf>*
- Astrazeneca Small Business Subcontracting Plan [PDF, 1.35 MB] </sites/default/files/astrazeneca-small-business-subcontracting-plan.pdf>*
- TASSO Serology Kits - With All Mods [PDF, 3.83 MB] </sites/default/files/tasso-serology-kits-with-all-mods.pdf>*
- Sanofi COVID-19 Vaccine Contract [PDF, 10.54 MB] </sites/default/files/sanofi-covid-19-vaccine-contract.pdf>*
- Regeneron Contract - Therapeutics [PDF, 5.99 MB] </sites/default/files/regeneron-contract-therapeutics.pdf>*
- Novavax COVID-19 Vaccine Contract [PDF, 4.87 MB] </sites/default/files/novavax-covid-19-vaccine-contract.pdf>*

- Moderna COVID-19 Vaccine Contract [PDF, 7.83 MB] </sites/default/files/moderna-covid-19-vaccine-contract.pdf>*
- Monoclonal Antibody Production Contract with Eli Lilly [PDF, 16.68 MB] </sites/default/files/monoclonal-antibody-production-contract-with-eli-lilly.pdf>
- Base OTA Consortium Agreement - COVID-19 Vaccine [PDF, 15.07 MB] </sites/default/files/base-ota-consortium-agreement-covid-19-vaccine.pdf>*
- Request for Prototype Projects (RPP) [PDF, 3.60 MB] </sites/default/files/request-for-prototype-projects.pdf>*
- RPP Appendix I [PDF, 825 KB] </sites/default/files/rpp-appendix-i.pdf>*
- RPP Appendix II [PDF, 1.25 MB] </sites/default/files/rpp-appendix-ii.pdf>*
- RPP Appendix III [PDF, 2.62 MB] </sites/default/files/rpp-appendix-iii.pdf>*
- GRAM Contract [PDF, 4.68 MB] </sites/default/files/gram-contract.pdf>*
- Medline OWS Contract [PDF, 6.67 MB] </sites/default/files/medline-ows-contract.pdf>*
- Quality Impact OWS Contract [PDF, 10.32 MB] </sites/default/files/quality-impact-ows-contract.pdf>*
- Dupross OWS Contract [PDF, 11.71 MB] </sites/default/files/dupross-ows-contract.pdf>*
- Cardinal OWS contract [PDF, 8.99 MB] </sites/default/files/cardinal-ows-contract.pdf>*
- COVID-19 Support Services Contract with BCG Federal Corp [PDF, 2.84 MB] </sites/default/files/covid-19-support-services-contract-with-bcg-federal-corp.pdf>*
- Letter Contract for Vaccine Development with Novavax [PDF, 3.36 MB] </sites/default/files/letter-contract-for-vaccine-development-with-novavax.pdf>*
- Needles and Syringes Contract with Gold Coast Medical Supply [PDF, 12.54 MB] </sites/default/files/needles-and-syringes-contract-with-gold-coast-medical-supply.pdf>*
- Needles and Syringes Contract with HTL-STREFA [PDF, 12.25 MB] </sites/default/files/needles-and-syringes-contract-with-htl-strefa.pdf>*

- Medical laboratory scientist and medical laboratory technician services contract with Patricio Enterprises [PDF, 4.15 MB] </sites/default/files/medical-laboratory-scientist-and-medical-laboratory-technician-services-contract-with-patricio-enterprises.pdf>*
- Contract for Domestic Industrial Base Expansion for Glass Tubing and Vials with Corning [PDF, 10.13 MB] </sites/default/files/contract-for-domestic-industrial-base-expansion-for-glass-tubing-and-vials-with-corning.pdf>*
- Vaccine Contract with Moderna; Modifications P00001, P00002, P00003 [PDF, 7.20 MB] </sites/default/files/vaccine-contract-with-moderna-modifications-p00001-p00002-p00003.pdf>*
- COVID-19 Vaccine Components Agreement with Cytiva [PDF, 5.28 MB] </sites/default/files/covid-19-vaccine-components-agreement-with-cytiva.pdf>*
- Testing and Assays Contract with Cue Health [PDF, 10.07 MB] </sites/default/files/testing-and-assays-contract-with-cue-health.pdf>*
- COVID-19 Therapeutic Development Agreements with Merck [PDF, 3.40 MB] </sites/default/files/covid-19-therapeutic-development-agreements-with-merck.pdf>*
- COVID-19 Therapeutic Development Contract with Partner Therapeutics [PDF, 3.99 MB] </sites/default/files/covid-19-therapeutic-development-contract-with-partner-therapeutics.pdf>*
- Vaccine Agreement with GlaxoSmithKline, Modifications 1 and 2 [PDF, 5.76 MB] </sites/default/files/vaccine-agreement-with-glaxo-smith-kline-modifications-1-and-2.pdf>*
- Contract for COVID-19 related medical devices with Inovio [PDF, 3.92 MB] </sites/default/files/contract-for-covid-19-related-medical-devices-with-inovio.pdf>*
- Contract for COVID-related medical countermeasure with Rigel Pharmaceuticals [PDF, 13.31 MB] </sites/default/files/contract-covid-related-medical-countermeasure-rigel-pharmaceuticals.pdf>*
- Contract for Face Coverings for COVID-19 with Source America [PDF, 7.03 MB] </sites/default/files/contract-for-face-coverings-for-covid-19-with-source-america.pdf>*
- Needles and Syringes Contract with Goldbelt 0058 [PDF, 10.48 MB] </sites/default/files/needles-and-syringes-contract-with-goldbelt-0058.pdf>*

- Needles and Syringes Contract with Goldbelt 0059 [PDF, 15.65 MB] </sites/default/files/needles-and-syringes-contract-with-goldbelt-0059.pdf>*
- Needles and Syringes Contract with Goldbelt 0060 [PDF, 14.47 MB] </sites/default/files/needles-and-syringes-contract-with-goldbelt-0060.pdf>*
- OTA-p for COVID-related Diagnostic with New Horizons Diagnostics [PDF, 9.07 MB] </sites/default/files/ota-p-for-covid-related-diagnostic-with-new-horizons-diagnostics.pdf>*
- OTA-p for COVID-related Wearable Device with Ultran [PDF, 6.96 MB] </sites/default/files/ota-p-for-covid-related-wearable-device-with-ultran.pdf>*
- OTA-p for plasma based therapeutic with Grifols [PDF, 3.41 MB] </sites/default/files/ota-p-for-plasma-based-therapeutic-with-grifols.pdf>*
- Technical Direction Letter for Emory U Arenavirus Treatment Research [PDF, 4.11 MB] </sites/default/files/technical-direction-letter-emory-u-arenavirus-treatment-research.pdf>
- Assay Kit Delivery Purchase Order with Biofire Defense, 0171* [PDF, 1.82 MB] </sites/default/files/assay-kit-delivery-purchase-order-with-biofire-defense-0171.pdf>
- COVID-19 Lateral Flow Immunoassay Kits Contract with Maxim Biomedical* [PDF, 13.62 MB] </sites/default/files/covid-19-lateral-flow-immunoassay-kits-contract-with-maxim-biomedical_0.pdf>
- COVID-19 Test Kit Contract with Cepheid* [PDF, 6.08 MB] </sites/default/files/covid-19-test-kit-contract-with-cepheid.pdf>
- COVID-related MCM Clinical Trial Agreement with ICON* [PDF, 9.42 MB] </sites/default/files/covid-related-mcm-clinical-trial-agreement-with-icon.pdf>
- COVID-related MCM Domestic Fill and Finish Capacity Reservation Contract with Ology* [PDF, 12.33 MB] </sites/default/files/covid-related-mcm-domestic-fill-and-finish-capacity-reservation-contract-with-ology.pdf>
- COVID-related Sample Collection Kits Contract with Cepheid* [PDF, 3.72 MB] </sites/default/files/covid-related-sample-collection-kits-contract-with-cepheid.pdf>

- COVID-related convalescent plasma clinical trial agreement with John Hopkins* [PDF, 9.11 MB] </sites/default/files/covid-related-convalescent-plasma-clincial-trial-agreement-with-john-hopkins.pdf>
- Contract for DNA Sequencing Device with Oxford Nanopore* [PDF, 5.84 MB] </sites/default/files/contract-for-dna-sequencing-device-with-oxford-nanopore.pdf>
- Lateral Flow Immunoassay Kits Contract with ANP* [PDF, 10.73 MB] </sites/default/files/lateral-flow-immunoassay-kits-contract-with-anp.pdf>
- Lateral Flow Immunoassay Kits Contract with Murtech* [PDF, 11.48 MB] </sites/default/files/lateral-flow-immunoassay-kits-contract-with-murtech.pdf>
- Monoclonal Antibody Production Contract with Eli Lilly* [PDF, 16.68 MB] </sites/default/files/monoclonal-antibody-production-contract-with-eli-lilly.pdf>
- Needles and Syringes Contract with GoldBelt (0058), with mods 4, 5, and 6 and production schedules* [PDF, 12.78 MB] </sites/default/files/needles-and-syringes-contract-with-goldbelt-0058-mods-4-5-6.pdf>
- Needles and Syringes Contract with GoldBelt (0059), with mods 5, 6, and 7 and production schedules* [PDF, 18.33 MB] </sites/default/files/needles-and-syringes-contract-with-goldbelt-0059-mods-5-6-7.pdf>
- Needles and Syringes Contract with GoldBelt (0060), with mods 5, 6, 7, and 8 and production schedules* [PDF, 17.45 MB] </sites/default/files/needles-and-syringes-contract-with-goldbelt-0060-mods-5-6-7-8.pdf>
- OT to Expand Covalescent Plasma Collection Capabilities with America's Blood Centers* [PDF, 6.84 MB] </sites/default/files/ot-to-expand-covalescent-plasma-collection-capabilities-with-america-blood-centers.pdf>
- Order for Commerical Assay Kit Delivery from Biofire Defense, 2017* [PDF, 864 KB] </sites/default/files/order-for-commerical-assay-kit-delivery-from-biofire-defense.pdf>
- TIA to Expand Domestic Production of Needles and Syringes with Becton and Dickinson* [PDF, 9.23 MB] </sites/default/files/tia-to-expand-domestic-production-of-needles-and-syringes.pdf>

- TIA to Expand Domestic Production of Needles and Syringes with Retractable Technology* [PDF, 10.30 MB] </sites/default/files/tia-to-expand-domestic-production-of-needles-and-syringes-with-retractable-technology.pdf>
- Vaccine Development to Large Scale Manufacturing Agreement with Novavax* [PDF, 12.27 MB] </sites/default/files/vaccine-development-to-large-scale-manufacturing-agreement-with-novavax.pdf>
- Vaccine Production Contract with Pfizer* [PDF, 9.95 MB] </sites/default/files/vaccine-production-contract-with-pfizer.pdf>
- COVID Tests Contract with VelocityDX [PDF, 3.72 MB] </sites/default/files/covid-tests-contract-with-velocitydx.pdf>*
- COVID Tests Contract with Visby Medical [PDF, 5.07 MB] </sites/default/files/covid-tests-contract-with-visby-medical.pdf>*
- Monoconal Antibody Production Contract to Modification 7, Eli Lilly [PDF, 17.91 MB] </sites/default/files/monoconal-antibody-production-contract-modification-7-eli-lilly.pdf>*
- (Revised) Vaccine Agreement with Janssen Corp [PDF, 12.68 MB] </sites/default/files/revised-vaccine-agreement-with-janssen-corp.pdf>*
- (Revised) Vaccine Agreement with Moderna, 0100 [PDF, 17.22 MB] </sites/default/files/revised-vaccine-agreement-with-moderna-0100.pdf>*
- Technical Direction Letter for Expanded Diagnostic Testing Device Project with Cepheid [PDF, 10.06 MB] </sites/default/files/technical-direction-letter-expanded-diagnostic-testing-device-project-cepheid.pdf>*
- Vaccine Contract with AstraZeneca [PDF, 17.09 MB] </sites/default/files/vaccine-contract-with-astrazeneca.pdf>*
- (Revised), Needles and Syringes Contract with Goldbelt, -0059 [PDF, 16.75 MB] </sites/default/files/revised-needles-and-syringes-contract-with-goldbelt-0059.pdf>*
- (Revised), Needles and Syringes Contract with Goldbelt, -0060 [PDF, 15.56 MB] </sites/default/files/revised-needles-and-syringes-contract-with-goldbelt-0060.pdf>*

- Diagnostic Systems Contract with Cepheid, -0046 [PDF, 10.97 MB] </sites/default/files/diagnostic-systems-contract-with-cepheid-0046.pdf>*
- Labor Support Services Order with Kalman [PDF, 688 KB] </sites/default/files/labor-support-services-order-with-kalman.pdf>*
- Needles and Syringes Contract with Gold Coast Medical [PDF, 20.95 MB] </sites/default/files/needles-and-syringes-contract-with-gold-coast-medical.pdf>*
- Needles and Syringes Contract with Goldbelt, -0058 (revised) [PDF, 8.12 MB] </sites/default/files/needles-and-syringes-contract-with-goldbelt-0058-revised.pdf>*
- Part 1, Needles and Syringes Contract with Quality Impact, -0050 [PDF, 7.11 MB] </sites/default/files/part-1-needles-and-syringes-contract-with-quality-impact-0050.pdf>*
- Part 2, Needles and Syringes Contract with Quality Impact, -0050 [PDF, 7.36 MB] </sites/default/files/part-2-needles-and-syringes-contract-with-quality-impact-0050.pdf>*
- Technical Direction Letter for Vaccine Protoype with Sanofi [PDF, 16.49 MB] </sites/default/files/technical-direction-letter-for-vaccine-protoype-with-sanofi.pdf>*
- Technical Direction Letters and Statements of Work Antibody Platform prototype from SAB Therapeutics [PDF, 10.10 MB] </sites/default/files/technical-direction-letters-statements-work-antibody-platform-prototype-sab-therapeutics.pdf>*
- Agreement to Expand Test Kits Manufacturing Capacity with Ellume, Mod 5 [PDF, 753 KB] </sites/default/files/agreement-to-expand-test-kits-manufacturing-capacity-with-ellume-mod-5.pdf>*
- Contract for Domestic Industrial Base Expansion for Glass Tubing and Vials with Corning [PDF, 12.87 MB] </sites/default/files/contract-domestic-industrial-base-expansion-glass-tubing-vials-corning.pdf>*
- Contract for Immunoassay Kits with Murtech [PDF, 1.44 MB] </sites/default/files/contract-for-immunoassay-kits-with-murtech.pdf>*
- COVID Therapeutic Contract with Regneron, Mod 5 [PDF, 1.53 MB] </sites/default/files/covid-therapeutic-contract-with-regneron-mod-5.pdf>*

- COVID-19 Related Medical Countermeasure System Contract with Murtech [PDF, 7.88 MB] </sites/default/files/covid-19-related-medical-countermeasure-system-contract-with-murtech.pdf>*
- COVID-19 Vaccine Components Agreement with Cytiva [PDF, 5.52 MB] </sites/default/files/covid-19-vaccine-components-agreement-cytiva.pdf>*
- mABs Production Contract with Regeneron [PDF, 15.06 MB] </sites/default/files/mabs-production-contract-regeneron.pdf>*
- mAbs Therapeutic Contract with GSK [PDF, 14.62 MB] </sites/default/files/mabs-therapeutic-contract-with-gsk.pdf>*
- Moderna Vaccine Contract, Mods 7 thru 14 [PDF, 17.44 MB] </sites/default/files/moderna-vaccine-contract-mods-7-thru-14.pdf>*
- Redacted, Other Transaction Agreement for a COVID-related medical countermeasure prototype project with 60 Degrees [PDF, 10.76 MB] </sites/default/files/redacted-other-transaction-agreement-covid-related-medical-countermeasure-prototype-project-60-degrees.pdf>*
- Vaccine Donation Contract with Pfizer [PDF, 8.46 MB] </sites/default/files/vaccine-donation-contract-pfizer.pdf>*
- Test Kits Contract with Atlantic Trading to Mod 1 [PDF, 5.97 MB] </sites/default/files/test-kits-contract-atlantic-trading-mod-1.pdf>*
- Test Kits Contract with Medea [PDF, 6.54 MB] </sites/default/files/test-kits-contract-with-medea.pdf>*

This content is in the process of Section 508 review. If you need immediate assistance accessing this content, please submit a request to foiarequest@hhs.gov. Content will be updated pending the outcome of the Section 508 review.

---

Content created by Freedom of Information Act (FOIA) Division
Content last reviewed May 23, 2025

# Exhibit V

An official website of the United States government

Mission-critical activities of HHS will continue during the Democrat-led government shutdown. Please use this site as a resource as the Trump Administration works to reopen the government for the American people.

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES



# FOIA Logs

OS FOIA Logs 2017 [XLSX, 279 KB] </sites/default/files/fy-2017-foia-log-final.xlsx>

OS FOIA Logs 2018 [XLSX, 334 KB] </sites/default/files/fy-2018-foia-log.xlsx>

OS FOIA Logs 2019 [XLSX, 370 KB] </sites/default/files/fy-2019-foia-log.xlsx>

OS FOIA Logs 2020 [XLSX, 369 KB] </sites/default/files/fy-2020-foia-log.xlsx>

OS FOIA Logs 2021 [XLSX, 295 KB] </sites/default/files/fy-2021-foia-log.xlsx>

OS FOIA Logs 2022 [XLSX, 277 KB] </sites/default/files/fy-2022-foia-log.xlsx>

OS FOIA Logs 2023 [XLSX, 229 KB] </sites/default/files/fy-2023-foia-log.xlsx>

---

Content created by Assistant Secretary for Public Affairs (ASPA)
Content last reviewed May 6, 2025

An official website of the United States government

Mission-critical activities of HHS will continue during the Democrat-led government shutdown. Please use this site as a resource as the Trump Administration works to reopen the government for the American people.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES

Home </> FOIA (Freedom of Information Act) </foia/index.html> Electronic Readi…

**Navigate to:**

T+

# HHS FOIA Litigation Releases

FOIA litigation releases are made public after a court orders the release of records that were previously withheld under FOIA. Explore litigation releases below listed by the FOIA requesting entity.

- America First Legal Foundation </foia/electronic-reading-room/litigation-releases/america-first-legal-foundation/index.html>
- Bader Family Foundation </foia/electronic-reading-room/litigation-releases/bader-family-foundation/index.html>

- Bloomberg (Rozen) </foia/electronic-reading-room/litigation-releases/bloomberg-rozen/index.html>
- Calhoun Bhella & Sechrest </foia/electronic-reading-room/litigation-releases/calhoun-bhella-and-sechrest/index.html>
- Exela Pharma Sciences </foia/electronic-reading-room/litigation-releases/exela-pharma-sciences/index.html>
- Florida Agency for Health Care Administration </foia/electronic-reading-room/litigation-releases/florida-agency-for-health-care-admin/index.html>
- Functional Government Initiative (FGI) </foia/electronic-reading-room/litigation-releases/functional-government-initiative/index.html>
- Judicial Watch </foia/electronic-reading-room/litigation-releases/judicial-watch/index.html>
- Lavelle, Kristin </foia/electronic-reading-room/litigation-releases/kristin-lavelle/index.html>
- Lenahan, Hayley </foia/electronic-reading-room/litigation-releases/hayley-lenahan/index.html>
- Lerman, Deborah </foia/electronic-reading-room/litigation-releases/deborah-lerman/index.html>
- Protect the Public's Trust </foia/electronic-reading-room/litigation-releases/protect-the-publics-trust/index.html>
- State of Florida </foia/electronic-reading-room/litigation-releases/state-of-florida/index.html>
- Zorn, Matthew </foia/electronic-reading-room/litigation-releases/matthew-zorn/index.html>

---

Content created by Freedom of Information Act (FOIA) Division
Content last reviewed August 7, 2025

An official website of the United States government

Mission-critical activities of HHS will continue during the Democrat-led government shutdown. Please use this site as a resource as the Trump Administration works to reopen the government for the American people.

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES

Home </> FOIA (Freedom of Information Act) </foia/index.html> Electronic Readi…

**Navigate to:**

# America First Legal Foundation

# FOIA Litigation Releases

# Case number: 23-cv-03680

## Original Request and Complaint

- FOIA HHS-FDA Hydroxychloroquine Use for COVID-19 Treatment - August 08, 2022 [PDF, 133 KB] </sites/default/files/foia-hhs-fda-hydroxychloroquine-08082022.pdf>*
- FOIA HHS-FDA Ivermectin Use for COVID-19 Treatment - September 14, 2022 [PDF, 120 KB] </sites/default/files/foia-hhs-fda-ivermectin-09142022.pdf>*
- FOIA America First Legal Foundation Complaint Case 1:23-cv-03680 - December 11, 2023 [PDF, 1.36 MB] </sites/default/files/foia-aflf-complaint-case-cv-23-03680-12-11-23.pdf>*

## Interim Responses

- America First Legal Foundation 1st Interim Response [PDF, 13.06 MB] </sites/default/files/foia-aflf-1st-interim-response-redacted.pdf>*
- America First Legal Foundation 2nd Interim Response [PDF, 24.17 MB] </sites/default/files/foia-aflf-2nd-interim-response-records.pdf>*
- America First Legal Foundation 3rd Interim Response [PDF, 82.07 MB] </sites/default/files/foia-aflf-3rd-interim-response-final.pdf>*
- America First Legal Foundation 4th Interim Response [PDF, 46.23 MB] </sites/default/files/foia-aflf-4th-interim-response-redacted.pdf>*
- America First Legal Foundation 7th Interim Response [PDF, 2.16 MB] </sites/default/files/foia-aflf-7th-interim-response-redacted.pdf>*
- America First Legal Foundation 8th Interim Response 1 [PDF, 14.94 MB] </sites/default/files/foia-aflf-8th-interim-response-final-response.pdf>*

- America First Legal Foundation 8th Interim Response 2 [PDF, 317 KB] </sites/default/files/foia-aflf-8th-interim-response-final-response-2.pdf>*
- America First Legal Foundation 9th Interim Response [PDF, 12.90 MB] </sites/default/files/foia-aflf-9th-interim-response-redacted.pdf>*
- America First Legal Foundation 10th Interim Response [PDF, 58.59 MB] </sites/default/files/foia-aflf-10th-interim-response-final-redacted.pdf>*
- America First Legal Foundation 11th Interim Response [PDF, 70.91 MB] </sites/default/files/foia-aflf-11th-interim-response-records-redacted.pdf>*
- America First Legal Foundation 12th Interim Response [PDF, 42.95 MB] </sites/default/files/foia-aflf-12th-interim-response-redacted.pdf>*

*This content is in the process of Section 508 review. If you need immediate assistance accessing this content, please submit a request to foiarequest@hhs.gov. Content will be updated pending the outcome of the Section 508 review.

---

Content created by Freedom of Information Act (FOIA) Division
Content last reviewed May 14, 2025

An official website of the United States government

Mission-critical activities of HHS will continue during the Democrat-led government shutdown. Please use this site as a resource as the Trump Administration works to reopen the government for the American people.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES

Home </> FOIA (Freedom of Information Act) </foia/index.html> Electronic Readi…

**Navigate to:**

T+

# Bader Family Foundation FOIA

# Litigation Releases

## Case number: 23-cv-3546

### Original Request and Complaint

- Bader Family Foundation Civil Action No. 23-3546 - December 07, 2023 [PDF, 2.38 MB] </sites/default/files/foia-hhs-bff-23cv03546-12072023.pdf>*

- FOIA Request from Liberty Unyielding & Bader Family Foundation - February 28, 2023 [PDF, 804 KB] </sites/default/files/foia-request-from-bff-lu-hhs-02282023.pdf>*

### Interim Responses

- Bader Family Foundation Civil Action No. 23-3546 1st Interim Response [PDF, 76.47 MB] </sites/default/files/foia-bff-23-cv-3546-1st-interim-response.pdf>*

- Bader Family Foundation Civil Action No. 23-3546 2nd Interim Response [PDF, 41.95 MB] </sites/default/files/foia-bff-23-cv-3546-2nd-interim-response.pdf>*

- Bader Family Foundation Civil Action No. 23-3546 3rd Interim Response [PDF, 47.87 MB] </sites/default/files/foia-bff-23-cv-3546-3rd-interim-response.pdf>*

*This content is in the process of Section 508 review. If you need immediate assistance accessing this content, please submit a request to foiarequest@hhs.gov. Content will be updated pending the outcome of the Section 508 review.

---

Content created by Freedom of Information Act (FOIA) Division
Content last reviewed May 14, 2025

An official website of the United States government

Mission-critical activities of HHS will continue during the Democrat-led government shutdown. Please use this site as a resource as the Trump Administration works to reopen the government for the American people.

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES



# Bloomberg (Rozen) FOIA Litigation

# Releases

## Case number: 23-cv-02291

### Original Request and Complaint

- Bloomberg Industry Group and Courtney Rozen Civil Action No. 23-cv-02291 - August 8, 2023 [PDF, 300 KB] </sites/default/files/foia-bigcr-23-cv-02291-08082023.pdf>*
- Bloomberg Industry Group and Courtney Rozen Revision To Request Letter For 2022-01093-FOIA-OS - August 30, 2022 [PDF, 174 KB] </sites/default/files/foia-bigcr-revision-to-request-letter-08302022.pdf>*

### Interim Responses

- Bloomberg Industry Group and Courtney Rozen 1st Interim Response [PDF, 32.81 MB] </sites/default/files/foia-bigcr-1st-interim-response.pdf>*
- Bloomberg Industry Group and Courtney Rozen 2nd Interim Response [PDF, 15.24 MB] </sites/default/files/foia-bigcr-2nd-interim-response.pdf>*
- Bloomberg Industry Group and Courtney Rozen 3rd Interim Response [PDF, 142.73 MB] </sites/default/files/foia-bigcr-3rd-interim-response.pdf>*
- Bloomberg Industry Group and Courtney Rozen 4th Interim Response [PDF, 13.43 MB] </sites/default/files/foia-bigcr-4th-interim-response.pdf>*
- Bloomberg Industry Group and Courtney Rozen 5th Interim Response [PDF, 15.13 MB] </sites/default/files/foia-bigcr-5th-interim-response.pdf>*
- Bloomberg Industry Group and Courtney Rozen 6th Interim Response [XLSX, 192 KB] </sites/default/files/foia-bigcr-6th-interim-response.xlsx>*
- Bloomberg Industry Group and Courtney Rozen 7th Interim Response [XLSX, 154 KB] </sites/default/files/foia-bigcr-7th-interim-response.xlsx>*

- Bloomberg Industry Group and Courtney Rozen 8th Interim Response [XLSX, 228 KB] </sites/default/files/foia-bigcr-8th-interim-response.xlsx>*
- Bloomberg Industry Group and Courtney Rozen 9th Interim Response [XLSX, 307 KB] </sites/default/files/foia-bigcr-9th-interim-response.xlsx>*
- Bloomberg Industry Group and Courtney Rozen 10th Interim Response [XLSX, 174 KB] </sites/default/files/foia-bigcr-10th-interim-response.xlsx>*
- Bloomberg Industry Group and Courtney Rozen 11th Interim Response [PDF, 26.50 MB] </sites/default/files/foia-bigcr-11th-interim-response.pdf>*
- Bloomberg Industry Group and Courtney Rozen 12th Interim Response [PDF, 123.80 MB] </sites/default/files/foia-bigcr-12th-interim-response.pdf>*
- Bloomberg Industry Group and Courtney Rozen 13th Interim Response [PDF, 1.95 MB] </sites/default/files/foia-bigcr-13th-interim-response.pdf>*

*This content is in the process of Section 508 review. If you need immediate assistance accessing this content, please submit a request to foiarequest@hhs.gov. Content will be updated pending the outcome of the Section 508 review.

---

Content created by Freedom of Information Act (FOIA) Division
Content last reviewed May 14, 2025

# Exhibit W

The Trump Administration is working to reopen the government for the American people. Mission-critical activities of CDC will continue during the Democrat-led government shutdown. Certain federal government activities have ceased due to a lack of appropriated funding. During the government shutdown, only web sites supporting excepted functions will be updated. As a result, the information on this website may not be up to date and the agency may not be able to respond to inquiries.

Centers for Disease Control and Prevention

# The page you were looking for has moved.

You will be automatically redirected to the new location in 10 seconds or you can click here to go to FOIA Resources.

Please update any bookmarks you may have saved for this page.

# Exhibit X

FOIA Reading Room

# FOIA Reading Room

*The Freedom of Information Act, FOIA [5 USC 552(a)(2)(D)], requires that certain documents of interest to the general public be published electronically. HHS is making these documents available to the general public in electronic form.*

All records are stored as a repository, in the FOIA Reading Room, in the appropriate format, where paper copies of all documents are available for inspection and copying.

HHS posts information to the FOIA Reading Room on a scheduled basis or on demand, where in individual requesters can download the requisite information without having to make a formal FOIA request.

The FOIA reading room is updated on a timely basis, based on the frequency of the request received by the agency.

## The following types of documents can be found in the reading room:

(1) Final opinions and orders made in adjudicating cases;

(2) Final statements of policy and interpretations which have not been published in the Federal Register;

(3) Administrative staff manuals and instructions to staff that affect a member of the public;

(4) Copies of records that have been the subject of a FOIA request and that are of sufficient public interest or curiosity that the agency believes other persons are likely to request them; and

(5) Agency's annual FOIA report--which includes such information as the number of requests received by the agency, the amount of time taken to process requests, the total amount of fees collected by the agency, information regarding the backlog of pending requests, and other information about the agency's handling of FOIA requests. Beside the above categories, other documents may also be available in the FOIA Reading Room. You can view any document(s) in the FOIA Reading Room and also download it.

Note: Please read the search tips provided, before searching for documents, by clicking the Search Tips button on the FOIA Reading Room screen.

## To search and view documents in the FOIA Reading Room:

1. Click on the FOIA Reading Room link on the menu.

2. Enter the document name and the custom field information for the document and click Search else click Clear to clear all previously entered values.

3. Select the document type under which the document is listed.

4. All documents are displayed by document name, published date and the no. of pages contained. Click on the document name to view the document information.

5. You can also choose to download the document, which is in a zipped format, then download the document on your local system and unzip it to read it.

6. If the document is in a PDF format, then you must have an Adobe Acrobat reader, version 3.0 or higher to be able to read the document.

7. Click on the arrow symbol (located to the extreme right of the screen) to go back to the FOIA Reading Room screen.

## The FOIA Reading Room includes the following:

**Search for Documents in Reading Room**

| ☑ | Reading Room File Cabinet | Description |
|---|---|---|
| ☑ | Final Opinions | This category of records includes final opinions and orders issued in the adjudication of administrative cases. |
| ☑ | Policy Statements | This category of records includes certain policy statements issued or approved by HHS that concern the general public. |
| ☑ | Administrative Staff Manuals | This category of records available for inspection includes HHS Administrative Staff Manuals that may affect the public. |
| ☑ | Frequently Requested Records | This category of records includes all records that have been the subject of at least three FOIA requests. |
| ☑ | 2016/17 Transition Docs | Folder containing all released 2016/2017 HHS Transition Documents |

| | |
|---|---|
| Folder Name: | * |

| | |
|---|---|
| Content Search: | |
| Published Date | From (mm/dd/yyyy)<br>To (mm/dd/yyyy) |
| Sort by : | |

Search Clear Search Tips


requests.publiclink.hhs.gov/App/ReadingRoom.aspx
The FOIA Reading Room includes the following:

# Exhibit Y

https://requests.publiclink.hhs.gov/app/Home.aspx

Home

**Home**

# Exhibit Z

# This site can't be reached

The connection was reset.

Try:

- Checking the connection
- Checking the proxy and the firewall
- Running Windows Network Diagnostics

ERR_CONNECTION_RESET

Reload

Details